Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Proposed Counsel for Debtors/Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| In Re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY, | Chapter 11 |
| Debtors and Debtors in Possession. | |

**APPLICATION TO APPROVE EMPLOYMENT OF HOLLY ROARK OF ROARK LAW OFFICES AS COUNSEL OF THE DEBTORS/DEBTORS-IN-POSSESSION AND NOTICE AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**NOTICE OF APPLICATION TO APPROVE EMPLOYMENT AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

No Objection. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

Hearing on Objection. The objection party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 1

COMES NOW, the Debtors and Debtors-in-Possession, WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY ("Debtors" and "applicant") and move for approval under 11 U.S.C. §327 of the proposed employment of Holly Roark of Roark Law Offices, as their attorney, as follows:

1. The Debtors herein filed a voluntary joint Petition under Chapter 11 of 11 U.S.C. on September 17, 2019.

2. No trustee or examiner has been appointed in the Debtor's Chapter 11 case, nor have any creditors' or other official committee been appointed herein at this time.

3. On September 17, 2019, the Debtors filed an Application to Employ as counsel the Law Office of D. Blair Clark, PC. An objection to the application was filed by BrunoBuilt, Inc. on October 11, 2019, as Docket no. 23. On November 22, 2019, the Law Office of D. Blair Clark, PC filed a Motion withdrawing its application for employment as Docket no. 49. On December 4, 2019, the Court entered an order granting the Motion to withdraw the employment application as Docket No. 63.

4. The Debtors now wish to employ Holly Roark of Roark Law Offices, as its attorney.

5. The applicant has selected Roark Law Offices because applicant believes Holly Roark to be well qualified to represent the Debtors and Debtors-in-possession.

6. The professional services that Roark Law Offices is to render are:

    a. To give Debtors and Debtors-in-possession legal advice with respect to their powers and duties under Chapter 11;

    b. To take the necessary action to avoid liens as required, and assist the Debtors and Debtors-in-possession in performing their other statutory duties;

    c. To prepare on behalf of your applicant all necessary applications, answers, orders, reports, and any other legal papers required by the Court;

    d. Prepare and file all necessary motions;

  e. Prepare and prosecute or defend adversary proceedings as required;

  f. Interact with creditors and the United States Trustee and all interested parties;

  g. Assist the Debtors and Debtors-in-possession in the preparation of the Disclosure Statement and Chapter 11 Plan; and

  h. To perform all other legal services on behalf of your Debtors and Debtors-in-possession herein;

 7. It is necessary for Debtors and Debtors-in-possession to employ an attorney for such professional services.

 8. To the best of Debtors' knowledge Holly Roark and Roark Law Offices have no connection with the creditors or any other party in interest or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, except Ms. Roark and Roark Law Offices do represent debtors, trustees and creditors in various bankruptcy cases in this District. However, such legal services are unrelated to Ms. Roark's and Roark Law Offices' representation in this matter. Ms. Roark and Roark Law Offices shall not represent any other interested parties in connection with any matters related to this case.

 9. Because of the extensive legal services required your applicant desires to employ Roark Law Offices under a general (postpetition) retainer at the standard hourly rate of $250.00 per hour plus costs. A motion for an initial postpetition retainer of $7,500.00 to Roark Law Offices is being filed concurrently herewith.

 10. On or about December 6, 2019, the Debtors entered into a formal retainer agreement with Roark Law Offices, subject to the Court approval of this application. No funds have been deposited with Roark Law Offices. The retainer agreement requests a postpetition retainer of $7,500.00. This retainer will be security for the Chapter 11 attorney's fees, costs, and any legal support staff (though at this time, there is no support staff employed by Roark Law Offices or Holly Roark).

APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 3

11. It is applicants' understanding that the Law Offices of D. Blair Clark, PC is currently holding in trust $4,793.00. Subject to any sums the Court may approve for payment of those funds to D. Blair Clark, PC, applicant requests that any remaining sums in trust be transferred to Roark Law Offices, to be held in trust and credited toward the $7,500.00 postpetition retainer requested, upon the approval of this application, and approval of the postpetition retainer to Roark Law Offices. Postpetition services shall be paid upon Court approval of such amounts.

12. To the best of this applicant's knowledge, neither Holly Roark nor Roark Law Offices has any connection with the creditors or any other party in interest or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, except as follows: Ms. Roark has provided, and continues to provide, legal services to creditors and bankruptcy debtors in a myriad of cases throughout the District of Idaho, and has in the past been counsel to Kathleen McCallister, Chapter 13 Trustee (through July 31, 2015); however, neither Holly Roark nor Roark Law Offices represents any other parties in the above captioned case.

13. Neither Holly Roark nor Roark Law Offices represents any interest adverse to Debtors or the estate in the matters upon which it is to be engaged for Debtors and its employment would be in the best interest of the estate.

14. A copy of the written retainer agreement is attached to this Application and is incorporated by reference as Exhibit "A." In addition, Ms. Roark's Declaration is attached hereto as Exhibit "B" and incorporated by reference.

15. A draft proposed Order is also attached as Exhibit "C" and incorporated by reference.

WHEREFORE, your applicant prays that its employment of Holly Roark of Roark Law Offices under general postpetition retainer to represent the Debtors and Debtors-in-possession in this proceeding under Chapter 11 of said Code to the date of service of the application which is December 21, 2019.

APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 4

DATED: December 21, 2019

By: /s/ William E. Dempsey
William E. Dempsey, II, Debtor

By: /s/ Amy D. Dempsey
Amy D. Dempsey, Debtor

APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 5

# RETAINER AGREEMENT
# EXHIBIT "A"

APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 6

**ROARK LAW OFFICES**

| | |
|---|---|
| **Main Office** | **Los Angeles Office** |
| 950 Bannock St. Ste. 1100 | 1875 Century Park E. Ste. 600 |
| Boise, ID 83702 | Los Angeles, CA 90067 |
| T (208) 536-3638 | T (310) 553-2600 |
| F (310) 553-2601 | F (310) 553-2601 |
| holly@roarklawboise.com | |

December 6, 2019

William E. Dempsey, II
Amy D. Dempsey
1720 E Sendero Lane
Boise, ID 83712

    Re:  <u>Chapter 11 Engagement</u>

Dear Mr. and Mrs. Dempsey,

This retainer letter is intended to set forth the financial terms pursuant to which Roark Law Offices by Holly Roark, Esq. ("Attorney") has agreed to represent William E. Dempsey and Amy D. Dempsey ("Client") as insolvency counsel in connection with a case under Chapter 11 of the Bankruptcy Code.

1.      **CONDITIONS.** This Agreement will not take effect and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement, and Attorney receives the retainer required in paragraph 3, below. The postpetition retainer funds are subject to court approval. Attorney will credit said retainer against future fees and costs which Client may owe Attorney.

2.      **SCOPE AND DUTIES.** Attorney will act as general insolvency counsel in your Chapter 11 case and will render such ordinary and necessary legal services as may be required in connection with Client's rights and claims in the Case, provided such services are within the substantive expertise and staffing capability of Attorney. Among the services to be provided are: (1) advising Client with respect to matters pertaining to the administration of the Case and dealings with creditors; (2) preparation, with Client's assistance, of Schedules of Assets and Liabilities and a Statement of Affairs, together with such other reports and documents as may be required by the Office of the United States Trustee; (3) attendance, with Client, at the statutory meeting of creditors pursuant to Section 341(a) of the Bankruptcy Code; (4) preparation of such papers as may be necessary to implement strategic decisions pertaining to the Case made by Client; (5) representing Client in connection with any adversary proceedings commenced during the Case in the Bankruptcy Court; and (6) advising Client and participating in the preparation and confirmation of a plan of reorganization; and otherwise advise you regarding your legal rights and responsibilities under the Bankruptcy Code and the Bankruptcy Rules.

        **Client agrees that Client will prepare or retain assistance to prepare the monthly operating reports required by the Office of the United States Trustee Program.**

1

EXHIBIT A

William E. Dempsey, II
Amy D. Dempsey
December 6, 2019
Page -2-

**Conversion.** In the event Client seeks to convert the initially filed Bankruptcy to another chapter under the Bankruptcy Code, Client agrees to pay Attorney the unpaid balance still due and owing under the prior chapter, plus all fees for the cost of converting the case, at Attorney's hourly rate, including the preparation of all Schedules, Statements, Motions, and Petitions. If Client wishes for Attorney to represent Client in the converted case, Client will have to enter into a separate legal agreement with Attorney.

Because Attorney's practice is limited exclusively to matters of bankruptcy, insolvency and business reorganization, Attorney will not be required to render substantive legal advice beyond those areas. Attorney's employment as general insolvency counsel to you does not include the following: appearances before any court or agency other than the Bankruptcy Court, District Court and the Office of the United States Trustee; litigation in the Bankruptcy Court or District Court with respect to matters which are, in the main, disputes involving issues of nonbankruptcy law or the providing of advice outside the insolvency area, such as in the areas of corporate, partnership, consumer protection (except subject to specific agreement by Client and Attorney as necessary to effectuate your plan of reorganization), tax, intellectual property, securities, tort, environmental, labor, criminal, administrative, suretyship or real estate law. The limited scope of our employment does not include giving attention to, forming professional opinions as to, or advising you with respect to, your obligations, if any, under federal or state securities or other nonbankruptcy laws.

Moreover, Attorney may require more legal staffing assistance than its manpower availability permits internally. Therefore, it may be necessary for Client, subject to the agreement of Client to retain such additional counsel as may be necessary in order to assist Attorney in connection with matters which Attorney feels are beyond its substantive legal expertise and/or staffing capability.

Finally, Attorney is being employed by Client, and not any other parties such as any partnerships, corporations or their officers, directors, shareholders, employees and/or guarantors; such other parties should consult their own independent counsel.

3.    **RETAINER AND FEE PROCEDURES.** Attorney will need to receive a postpetition retainer of $7,500.00, which is subject to court approval. Your prior counsel may have funds on hand it can transfer to Attorney's trust account. Attorney will need to receive the signed retainer agreement from you prior to filing an application to be employed as your counsel in the ongoing Chapter 11 case. This Retainer is for attorneys' fees and expenses. However, the $7,500 will likely not suffice to handle this matter in its entirety, and will likely be more, especially considering the likely litigation.

Attorney reserves the right to seek an additional retainer, subject to agreement with Client, if the matters for which Attorney is being engaged pursuant to this Agreement involve more time and expense than presently estimated, if Attorney is asked to accept additional responsibilities for Client, or if the facts and circumstances then relevant to this matter otherwise warrant such an increase. Attorney shall seek court approval for any such postpetition retainers. Client will be obligated to Attorney for fees and costs for periods from and after the commencement of Attorney's engagement, but Attorney will credit Client's obligations against the Retainer. To the extent the Retainer is exhausted, Client remains fully obligated to Attorney for all costs incurred and fees earned by Attorney in connection with services performed on Client's behalf.

In accordance with the guidelines set forth by the Office of the United States Trustee, the unearned balance of the Retainer on the day your bankruptcy petition is filed, if any, will be held by Attorney and will be disbursed by Attorney only in accordance with the Professional Fee Statement guidelines promulgated by the Office of the United States Trustee.

EXHIBIT A

William E. Dempsey, II
Amy D. Dempsey
December 6, 2019
page -3-

I have advised you that the Retainer may not be sufficient to pay for all of Attorney's fees and costs in the case. Once the Retainer is exhausted, you have agreed, subject to Court approval of postpetition retainers, to deposit into Attorney's trust account a payment equal to the amount of Attorney's regular periodic invoice provided to you. **The funds received from you will be held in trust by Attorney and will be disbursed only in accordance with the payment procedures outlined herein and as allowed by the Court.**

At its option, within approximately the first six (6) months after Attorney accepts the Chapter 11 case, Attorney will file an application with the Court seeking allowance of its fees and costs incurred to that date. You will receive a copy of that application and you should carefully review both the application and the invoices attached to the application. If you have any questions or concerns with respect to the application, you should immediately contact Attorney in order to have any questions that you may have regarding the application resolved prior to the hearing on the fee application. In accordance with governing bankruptcy case law, Attorney is entitled to be compensated for its time and costs in the preparation of applications for payment of its fees and costs and in connection with the hearings, which will be held with respect to those applications, within the boundaries of *Baker Botts, L.L.P. v. ASARCO, LLC*, 135 S.Ct. 2158 (2015).

You will have notice of all fee application hearings and an opportunity to object to Attorney's fee applications if it does not agree with the position to be taken by Attorney at that hearing with respect to the amount of fees to which Attorney is entitled. You will have the right, if it so desires, to be represented by separate legal counsel at the fee application hearing with respect to any objection that you may have to the amount of fees being requested by Attorney.

Attorney's services to you are limited to those described in this retainer letter. The Retainer will be used to pay Attorney for services rendered and costs incurred by Attorney in connection with its representation of you concerning the above-referenced matter. Attorney will have a security interest in any portion of the Retainer which is not earned at any given time and it is our mutual agreement that the Retainer will be used solely for the purpose of paying the fees and costs owed to Attorney in connection with its representation of you in the above referenced matter.

If Attorney is required or requested by Client to make use of third party service providers, including, without limitation, court reporters, appraisers, copy services, etc., Attorney shall advise such service providers that the services to be rendered shall be for Client's account and on Client's behalf, and that Client should be billed directly for such services. Any invoices received by Attorney from third party service providers shall immediately be forwarded to Client for payment, and Client agrees that such invoices shall be promptly paid.

You agree to make yourself available to Attorney, to assist in factual inquiries and factual determinations, court determinations, transactions and dealings in relation to the subject matters with regard to which it has retained Attorney. Attorney reserves the right to terminate its representation of you if you do not adequately cooperate with Attorney in the accomplishment of the objectives with regard to which you have retained me. As a solo professional, Attorney will have the primary responsibility for your case as legal counsel.

4. **STATEMENTS.** You will receive a copy Attorney's invoice with respect to your case on a regular periodic basis. Attorney urges you to review the invoice carefully and to raise with Attorney any questions that you may have with regard to any aspect of the invoice. It is Attorney's desire not only to represent you in a professional manner concerning the legal aspects of your case, but also to have the financial aspects of the case handled in a manner, which is satisfactory to both you and Attorney.

EXHIBIT A

William E. Dempsey, II
Amy D. Dempsey
December 6, 2019
Page -4-

5.      **HOURLY RATES.** Attorney charges for legal fees are based upon the hourly rate which is $250.00 per hour. If Attorney needs to employ paralegal services, they will be billed at $75 per hour. If Attorney need to employ any attorneys, they will be billed at $175 per hour. Attorney anticipates that Attorney may hire or otherwise associate with another attorney, but only on the condition that such association complies with 11 U.S.C. §§ 329(a) and 504, Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, all Local Bankruptcy Rules, the Idaho Rules of Professional Conduct, and the Client expressly approve such association by initialing below.

Although Attorney anticipates we will be able to propose a Plan of Reorganization within six months, Attorney estimates that she will apply a majority of the retainer toward pre-petition bills to prepare to file your case and will be earned immediately prior to filing the case.

Attorney's reimbursement rates for expenses are as follows:

| | |
|---|---|
| Photocopying fees: | $0.10/page |
| Facsimile fees: | $0.10/page |
| Mileage: | $0.37/mile |

6.      **CONFLICT OF INTEREST.** Attorney's employment shall be limited to the representation of Client, as an entity separate and distinct from Client's other corporate entities, principals, agents, employees, and others. Attorney cannot represent or advise others in connection with the matters for which it is being retained. Therefore, such parties as partnerships, corporations, guarantors and affiliates, for example, should consider retaining separate counsel to represent and provide such advice as may be necessary or appropriate from time to time. For example, if it becomes necessary to file an individual bankruptcy for the principals, they will need to hire separate counsel to handle that matter.

Client has been advised that Attorney, because of the specialized nature of its practice, may from time to time concurrently represent one client in a particular case and the adversary of that client in an unrelated case. For example, it is possible that Attorney may have represented one or more of the parties with whom you ordinarily do business in the past or at present in connection with other matters. We have not undertaken an extensive review of your business or financial affairs and thus we are not aware if this pertains. Please be assured that, despite such potential conflicting representation, Attorney strictly preserves all client confidences and zealously pursues the interest of each client, including in those circumstances in which Attorney represents the adversary of an existing client. Client specifically waives any objections to any such present concurrent representation.

7.      **DISCHARGE AND WITHDRAWAL. You may discharge Attorney at any time. Attorney may withdraw at any time with your consent or for good cause without your consent. Good cause includes the breach of this agreement (including the failure to pay any statement when due), any refusal or failure by you to cooperate with Attorney, or any fact or circumstance that would render my continuing representation of you unlawful or unethical.**

After the conclusion of this matter, Attorney will retain the files and records pertaining thereto for a period of five (5) years, after which time Attorney may have the files and records destroyed. If you desire to have your files and records maintained beyond five (5) years after this matter is concluded, separate arrangements with Attorney must be made.

8.      **DISCLAIMER OF WARRANTY.** Attorney cannot provide you a warranty of any nature regarding the outcome to be obtained in any phase of the engagement, although Attorney will act diligently and

EXHIBIT A

William E. Dempsey, II
Amy D. Dempsey
December 6, 2019
Page -5-

utilize its experience and expertise in insolvency matters to attempt to obtain for you the outcome that you desire in this case.

Attorney maintains a policy that it does not provide opinion letters to its clients or to others who may desire to rely on such letters.

While confidential communications between you and your counsel are privileged, the filing of a bankruptcy case may severely impact upon the attorney-client privilege. **Specifically, if a trustee is appointed in your bankruptcy case, the trustee may be able to obtain from Attorney information communicated between you and Attorney.**

9.  **EFFECTIVE DATE**. This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

10. **ENTIRE AGREEMENT**. This Agreement constitutes the complete agreement between Attorney and Client concerning the terms of Client's employment of Attorney, and supersedes all prior or contemporaneous statements, discussions and agreements between you and Attorney.

Attorney has advised you to obtain independent legal advice regarding this Agreement. By executing this Agreement, you hereby acknowledge that you have either obtained such independent legal advice or knowingly waived the benefit of such independent legal advice.

Please acknowledge that you have read and fully understand this letter agreement by executing this letter and by returning the same to Attorney. I look forward to the opportunity to represent you in connection with this matter and will do everything in my power to assist you in achieving a successful result in your case.

Very truly yours,

ROARK LAW OFFICES

By: /s/ Holly Roark
HOLLY ROARK

THE FOREGOING IS APPROVED AND AGREED TO:

CLIENTS:

By: _____
William E. Dempsey, II

By: _____
Amy D. Dempsey

5

EXHIBIT A

# DECLARATION OF PROSPECTIVE
# ATTORNEY FOR DEBTOR/DEBTOR IN POSSESSION
# EXHIBIT "B"

APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 7

DECLARATION[1] OF PROSPECTIVE ATTORNEY [FRBP Rule 2014(a)]

I, Holly Roark, declare as follows:

1. I am a sole proprietor attorney doing business as Roark Law Offices. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would testify thereto truthfully.

2. I am an attorney duly admitted to practice in this Court, to provide legal counsel with regards to the above-captioned chapter 11 case.

3. On September 17, 2019, the Debtors filed an Application to Employ as counsel the Law Office of D. Blair Clark, PC. An objection to the application was filed by BrunoBuilt, Inc. on October 11, 2019, as Docket no. 23. On November 22, 2019, the Law Office of D. Blair Clark, PC filed a Motion withdrawing its application for employment as Docket no. 49. On December 4, 2019, the Court entered an order granting the Motion to withdraw the employment application as Docket No. 63.

4. The Debtors now wish to employ Holly Roark of Roark Law Offices, as its attorney.

5. The applicant has selected me because I have considerable experience in bankruptcy and Chapter 11 matters, have confirmed chapter 11 plans, and I am well-qualified to assist the Debtors and Debtors-in-possession.

6. The professional services that I am to render are:

    a. To give Debtor and Debtor-in-possession legal advice with respect to its powers and duties under Chapter 11;

    b. To take the necessary action to avoid liens as required, and assist the Debtor and Debtor-in-possession in performing its other statutory duties;

---

[1] This declaration is made under 28 U.S.C. § 1746 in lieu of an affidavit.

EXHIBIT B

APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 8

   c. To prepare on behalf of your applicant all necessary applications, answers, orders, reports, and any other legal papers required by the Court;

   d. Prepare and file all necessary motions;

   e. Prepare and prosecute or defend adversary proceedings as required;

   f. Interact with creditors and the United States Trustee and all interested parties;

   g. Assist the Debtor and Debtor-in-possession in the preparation of the Disclosure Statement and Chapter 11 Plan; and

   h. To perform all other legal services on behalf of your Debtor and Debtor-in-possession herein;

  7. It is necessary for Debtor and Debtor-in-possession to employ an attorney for such professional services.

  8. Because of the extensive legal services required your applicant desires to employ Roark Law Offices under a general (postpetition) retainer at the standard hourly rate of $250.00 per hour plus costs. A motion for an initial postpetition retainer of $7,500.00 to Roark Law Offices is being filed concurrently herewith.

  9. On or about December 6, 2019, the Debtors entered into a formal retainer agreement with Roark Law Offices, subject to the Court approval of this application. No funds have been deposited with Roark Law Offices. The retainer agreement requests a postpetition retainer of $7,500.00. This retainer will be security for the Chapter 11 attorney's fees, costs, and any legal support staff (though at this time, there is no support staff employed by Roark Law Offices or Holly Roark).

  10. It is my understanding that the Law Offices of D. Blair Clark, PC is currently holding in trust $4,793.00. Subject to any sums the Court may approve for payment of those funds to D. Blair Clark, PC, applicant requests that any remaining sums in trust be transferred

EXHIBIT B

  APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 9

to Roark Law Offices, to be held in trust and credited toward the $7,500.00 postpetition retainer requested, upon the approval of this application, and approval of the postpetition retainer to Roark Law Offices. Postpetition services shall be paid upon Court approval of such amounts.

11. To the best of my knowledge, neither I nor my office have any connection with the creditors or any other party in interest or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, except as follows: I have provided, and continue to provide, legal services to creditors and bankruptcy debtors in a myriad of cases throughout the District of Idaho, and have in the past been counsel to Kathleen McCallister, Chapter 13 Trustee (through July 31, 2015); however, neither I nor Roark Law Offices represent any other parties in the above captioned case.

12. Neither I nor Roark Law Offices represent any interest adverse to Debtor or the estate in the matters upon which it is to be engaged for Debtor and its employment would be in the best interest of the estate.

13. A copy of the written retainer agreement is attached hereto and is incorporated by reference as Exhibit "A."

14. A draft proposed Order is also attached as Exhibit "C" and incorporated by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 21, 2019, at Boise, Idaho.

/s/Holly Roark_____
*Proposed Counsel for
Debtor/Debtor-in-possession*

EXHIBIT B

APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 10

# EXHIBIT "C"

APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 11

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| In Re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY, | Chapter 11 |
| Debtors and Debtors in Possession. | |

*[Proposed]*

ORDER GRANTING APPLICATION TO APPROVE EMPLOYMENT OF HOLLY ROARK OF ROARK LAW OFFICES AS DEBTOR'S COUNSEL

Upon Application of the Debtors praying for approval of employment of Holly Roark of Roark Law Offices under general retainer to represent it as Debtors and Debtors-in-Possession in the Chapter 11 Bankruptcy herein, and notice appearing proper and other good cause appearing,

IT IS HEREBY ORDERED that the employment of Holly Roark of Roark Law Offices as attorney for the Debtors and Debtors-in-Possession is approved pursuant to 11 U.S.C. § 327.

IT IS FURTHER ORDERED that this order is effective as of the date of the service of the Application, which is December 21, 2019.

Respectfully submitted:

ROARK LAW OFFICES

*/s/ Holly Roark*
Proposed counsel for Debtors/Debtors-in-Possession

EXHIBIT C

APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY- 12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2019, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors/Debtors-in-possession holly@roarklawboise.com, courtnotices@roarklawoffices.com

Robert A. Faucher on behalf of creditor BrunoBuilt, Inc.: rfaucher@hollandhart.com

Brett R. Cahoon on behalf of US Trustee ustp.region18.bs.ecf@usdoj.gov

Trevor L. Hart on behalf of Washington Trust Bank: tlh@perrylawpc.com


AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

See attached Mailing Matrix.

/s/ *Holly Roark*
_____
Holly Roark

```
Label Matrix for local noticing          (p)ADA COUNTY INDIGENT SERVICES          Michael Band
0976-1                                   ATTN FINANCE DEPARTMENT                  Davison, Copple, Copple & Copple, LLP
Case 19-01069-JMM                        252 E FRONT STREET SUITE 199             POB 1583
District of Idaho                        BOISE ID 83702-7339                      Boise, ID 83701-1583
Boise
Sat Dec 21 13:09:23 MST 2019

Bank of America                          Barclay's Bank                           Barclays Bank
PO BOX 45224                             PO Box 60517                             POB 8803
Jacksonville, FL 32232-5224              City of Industry, CA 91716-0517          Wilmington, DE 19899-8803


Brunobuilt, Inc                          Brett R Cahoon                           Capital One Bank (USA), N.A.
890 E Franklin Rd Ste 202                OFFICE OF THE US TRUSTEE US DEPT         by American InfoSource as agent
Meridian, ID 83642-6070                  720 Park Blvd., Ste. 220                 PO Box 71083
                                         Boise, ID 83712-7785                     Charlotte, NC  28272-1083


Chase Card Member Services               Terry C Copple                           Davison, Copple, Copple
PO Box 6294                              Davison, Copple, Copple & Copple, LLP    Attn: Terry Copple, Esq.
Carol Stream, IL 60197-6294              POB 1583                                 PO Box 1583
                                         Boise, ID 83701-1583                     Boise, ID 83701-1583


Amy D Dempsey                            William E Dempsey II                     Robert A Faucher
1720 E Sendero Lane                      1720 E Sendero Lane                      POB 2527
Boise, ID 83712-6628                     Boise, ID 83712-6628                     Boise, ID 83701-2527


Trevor L Hart                            (p)IDAHO CENTRAL CREDIT UNION            Idaho State Tax Commission
PERRY LAW PC                             PO BOX 2469                              P.O. Box 36
PO Box 637                               POCATELLO ID 83206-2469                  800 Park Blvd
Boise, ID 83701-0637                                                              Boise, ID 83722-0036


Internal Revenue Service                 McConnell Wagner Sykes & Sta             Morrow & Fischer
PO BOX 7346                              Attn: Richard Stacey, Esq.               Attn: Laura Burri
Philadelphia, PA 19101-7346              827 E. Park Blvd, Ste. 201               332 N. Broadmore Wy, Ste 102
                                         Boise, ID 83712-7782                     Nampa, ID 83687-5331


Morrow & Fischer, PLLC                   US Trustee                               Washington Trust Bank
c/o Laura E. Burri                       Washington Group Central Plaza           c/o Trevor L Hart
332 N Broadmore Way, Ste 102             720 Park Blvd, Ste 220                   Perry Law, P.C.
Nampa, ID 83687-5331                     Boise, ID 83712-7785                     POB 637
                                                                                  Boise, ID 83701-0637


(p)WASHINGTON TRUST BANK                 Zion's Bank
PO BOX 2127                              Boise/Main Financial Center
SPOKANE WA 99210-2127                    800 W Main Street, Ste 100
                                         Boise, ID 83702-5947
```

            The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
            by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Ada County Treasurer              (d)Ada County Treasurer            Idaho Central Credit Union
200 W. Front St.                  c/o Ammon C. Taylor                PO Box 2469
PO Box 2868                       200 W. Front St., Room 3191        Pocatello, ID 83206
Boise, ID 83701                   Boise, ID 83702


Washington Trust Bank
Peter Stanton, CEO
PO Box 2127
Spokane, WA 99210-2127
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)BrunoBuilt, Inc.                End of Label Matrix
                                   Mailable recipients    25
                                   Bypassed recipients     1
                                   Total                  26
```