Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Proposed Counsel for Debtors/Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| In Re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY, | Chapter 11 |
| Debtors and Debtors in Possession. | |

**MOTION FOR AUTHORIZATION TO PAY A POSTPETITION RETAINER
TO PROPOSED COUNSEL FOR THE DEBTORS/DEBTORS-IN-POSSESSION
AND NOTICE AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

---

**NOTICE OF APPLICATION TO APPROVE EMPLOYMENT AND
OPPORTUNITY TO OBJECT AND FOR A HEARING**

No Objection. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

Hearing on Objection. The objection party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

The Debtors in the above-described Chapter 11 bankruptcy case, WILLIAM E. DEMPSEY, II and AMY D. DEMPSEY, by and through its proposed counsel, Roark Law Offices, moves this Court for entry of an order authorizing the Debtors to pay a post-petition retainer to Roark Law Offices ("Attorney") as its proposed counsel for the Debtors/Debtors-in-Possession. In support of this Motion, the Debtor states as follows:

**I.      Jurisdiction and Venue**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b).

2.      Venue is proper in this District pursuant to 28 U.S.C. §1408.

3.      The statutory predicate for the relief requested herein is 11 U.S.C. §327, 328(a).

**II.     Background**

4.      The Debtors herein filed a voluntary joint Petition under Chapter 11 of 11 U.S.C. on September 17, 2019.

5.      No trustee or examiner has been appointed in the Debtor's Chapter 11 case, nor have any creditors' or other official committee been appointed herein at this time.

6.      On September 17, 2019, the Debtors filed an Application to Employ as counsel the Law Office of D. Blair Clark, PC. An objection to the application was filed by BrunoBuilt, Inc. on October 11, 2019, as Docket no. 23. On November 22, 2019, the Law Office of D. Blair Clark, PC filed a Motion withdrawing its application for employment as Docket no. 49. On December 4, 2019, the Court entered an order granting the Motion to withdraw the employment application as Docket No. 63.

7.      Because of the extensive legal services required the Debtors desire to employ Roark Law Offices under a general (postpetition) retainer at the standard hourly rate of $250.00 per hour plus costs, with an initial retainer deposit of $7,500. A motion to employ Roark Law Offices as counsel for Debtors and Debtors-in-Possession is filed concurrently

herewith.

8. On or about December 6, 2019, the Debtors entered into a formal retainer agreement with Roark Law Offices, subject to Court approval. No funds have been deposited with Roark Law Offices. The retainer agreement requests a postpetition retainer of $7,500.00. This retainer will be security for the Chapter 11 attorney's fees, costs, and any legal support staff (though at this time, there is no support staff employed by Roark Law Offices or Holly Roark).

9. Upon information and believe, the Law Offices of D. Blair Clark, PC is currently holding in trust $4,793.00. Subject to any sums the Court may approve for payment of those funds to D. Blair Clark, PC, Movant requests that any remaining sums in trust be transferred to Roark Law Offices, to be held in trust and credited toward the $7,500.00 postpetition retainer requested, upon the approval of the employment application, and approval of this Motion. Postpetition services shall be paid upon Court approval of such amounts.

### III.   Relief Requested

10. By this Motion, the Debtors respectfully request the entry of an order allowing the Debtors to pay Roark Law Offices a postpetition retainer in the amount of $7,500.00 (the "Retainer").  The Retainer shall be considered a security retainer, as it will remain property of the estate until Attorney applies it to compensation and expenses that have been approved by order of this court.

11. Sections 327 and 328 of the Bankruptcy Code authorize the employment of professional persons on reasonable terms and conditions of employment, including, *inter alia*, a retainer. *See 11 U.S.C. §328(a); see also In re: Dearborn Const., Inc.*, 03.1 IBCR 17 (Bankr. D. Idaho, 2002) (recognizing the possibility of post-petition retainers). Factors courts consider when evaluating a request for a post-petition retainer include (i) the retainer's economic impact on the debtor's ongoing business operation; (ii) the retainer's economic impact on the debtor's ability to reorganize; (iii) the amount and reasonableness of the retainer; (iv) the reputation of the counsel

seeking the retainer; and (v) the ability of counsel to disgorge payments made under a retainer at the conclusion of the case should the Court determine that the fees paid are not justified. *See In re Jefferson Bus. Ctr. Assocs*, 135 B.R. 676, 680 (Bankr. D. Colo., 1992) ("the provisions for employment and payment of a debtor's counsel in Chapter 11 are flexible and practical."); *3-328 Collier on Bankruptcy p 328.02* (2011).

12. The Debtors submit that approval of the Retainer is reasonable under the circumstances as Debtors require counsel to represent them in the Chapter 11, to defend them against adversarial actions, to assist them in filing a plan and disclosure statement, and to interact with the United States Trustee and all interested parties.

13. The Debtors assert that the amount of the Retainer is reasonable in light of the current procedural posture of this case, having been recently filed, with matters pending such as a motion for relief from stay, discovery matters, a pending 2004 exam, and possible claim objections.

14. The Debtors are both employed, which will provide the source of payment for the retainer. Further, it does not appear there are any cash collateral issues in this case. Absent the payment of the Retainer, the Debtors may not be able to proceed with this case since Chapter 11 cases can be complicated, even for bankruptcy attorneys.

15. Further, Roark Law Offices will only draw against the Retainer after its compensation and expenses are approved on an interim or final basis, thereby preserving the powers of the Court, the U.S. Trustee and all other parties-in-interest to challenge any amounts requested by Roark Law Offices. Additionally, the Debtors assert that Roark Law Offices possesses the skill and ability to diligently and competently represent the Debtor in this matter. Moreover, Roark Law Offices would have the ability to disgorge payments made under the retainer if at the end of the case the Court found the fees to not be justified.

16. Based on the foregoing, the Debtors submit that the Retainer is reasonable under the circumstances, and thus requests that this Court enter an order authorizing the Debtors to pay the postpetition Retainer of $7,500.00 to Roark Law Offices.

DATED: December 21, 2019                    ROARK LAW OFFICES

                                            _____
                                            Holly Roark, proposed counsel for Debtors
                                            and Debtors-in-Possession

# DECLARATION OF PROPOSED COUNSEL FOR DEBTORS/DEBTORS-IN-POSSESSION

I, Holly Roark, declare as follows:

1. I am a sole proprietor attorney doing business as Roark Law Offices. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would testify thereto truthfully.

2. I am an attorney duly admitted to practice in this Court, to provide legal counsel with regards to the above-captioned chapter 11 case.

**I.     Background**

3. The Debtors herein filed a voluntary joint Petition under Chapter 11 of 11 U.S.C. on September 17, 2019.

4. No trustee or examiner has been appointed in the Debtor's Chapter 11 case, nor have any creditors' or other official committee been appointed herein at this time.

5. On September 17, 2019, the Debtors filed an Application to Employ as counsel the Law Office of D. Blair Clark, PC. An objection to the application was filed by BrunoBuilt, Inc. on October 11, 2019, as Docket no. 23. On November 22, 2019, the Law Office of D. Blair Clark, PC filed a Motion withdrawing its application for employment as Docket no. 49. On December 4, 2019, the Court entered an order granting the Motion to withdraw the employment application as Docket No. 63.

6. Because of the extensive legal services required the Debtors desire to employ Roark Law Offices under a general (postpetition) retainer at the standard hourly rate of $250.00 per hour plus costs, with an initial retainer deposit of $7,500. A motion to employ Roark Law Offices as counsel for Debtors and Debtors-in-Possession is filed concurrently herewith.

7. On or about December 6, 2019, the Debtors entered into a formal retainer agreement with Roark Law Offices, subject to Court approval. No funds have been deposited

with Roark Law Offices. The retainer agreement requests a postpetition retainer of $7,500.00. This retainer will be security for the Chapter 11 attorney's fees, costs, and any legal support staff (though at this time, there is no support staff employed by Roark Law Offices or Holly Roark).

8. Upon information and believe, the Law Offices of D. Blair Clark, PC is currently holding in trust $4,793.00. Subject to any sums the Court may approve for payment of those funds to D. Blair Clark, PC, Movant requests that any remaining sums in trust be transferred to Roark Law Offices, to be held in trust and credited toward the $7,500.00 postpetition retainer requested, upon the approval of the employment application, and approval of this Motion. Postpetition services shall be paid upon Court approval of such amounts.

**II.     Relief Requested**

9. By this Motion, the Debtors respectfully request the entry of an order allowing the Debtors to pay Roark Law Offices a postpetition retainer in the amount of $7,500.00 (the "Retainer").  The Retainer shall be considered a security retainer, as it will remain property of the estate until Attorney applies it to compensation and expenses that have been approved by order of this court.

10. The Debtors submit that approval of the Retainer is reasonable under the circumstances as Debtors require counsel to represent them in the Chapter 11, to defend them against adversarial actions, to assist them in filing a plan and disclosure statement, and to interact with the United States Trustee and all interested parties.

11. The Debtors assert that the amount of the Retainer is reasonable in light of the current procedural posture of this case, having been recently filed, with matters pending such as a motion for relief from stay, discovery matters, a pending 2004 exam, and possible claim objections.

12. The Debtors are both employed, which will provide the source of payment for the retainer. Further, it does not appear there are any cash collateral issues in this case.  Absent the payment of the Retainer, the Debtors may not be able to proceed with this case since Chapter 11

cases can be complicated, even for bankruptcy attorneys.

13. Further, Roark Law Offices will only draw against the Retainer after its compensation and expenses are approved on an interim or final basis, thereby preserving the powers of the Court, the U.S. Trustee and all other parties-in-interest to challenge any amounts requested by Roark Law Offices. Additionally, the Debtors assert that Roark Law Offices possesses the skill and ability to diligently and competently represent the Debtor in this matter. Moreover, Roark Law Offices would have the ability to disgorge payments made under the retainer if at the end of the case the Court found the fees to not be justified.

14. Based on the foregoing, the Debtors submit that the Retainer is reasonable under the circumstances, and thus requests that this Court enter an order authorizing the Debtors to pay the postpetition Retainer of $7,500.00 to Roark Law Offices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 21, 2019, at Boise, Idaho.

_/s/ Holly Roark_____
Holly Roark, Attorney at Law
ROARK LAW OFFICES
*Proposed Counsel for Debtors/Debtors-in-possession*

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that on December 21, 2019, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors/Debtors-in-possession holly@roarklawboise.com, courtnotices@roarklawoffices.com

Robert A. Faucher on behalf of creditor BrunoBuilt, Inc.: rfaucher@hollandhart.com

Brett R. Cahoon on behalf of US Trustee ustp.region18.bs.ecf@usdoj.gov

Trevor L. Hart on behalf of Washington Trust Bank: tlh@perrylawpc.com


  AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

 Via first class mail, postage prepaid addressed as follows:

See attached Mailing Matrix.

/s/ *Holly Roark*
_____
Holly Roark

```
Label Matrix for local noticing          (p)ADA COUNTY INDIGENT SERVICES         Michael Band
0976-1                                   ATTN FINANCE DEPARTMENT                 Davison, Copple, Copple & Copple, LLP
Case 19-01069-JMM                        252 E FRONT STREET SUITE 199            POB 1583
District of Idaho                        BOISE ID 83702-7339                     Boise, ID 83701-1583
Boise
Sat Dec 21 13:09:23 MST 2019

Bank of America                          Barclay's Bank                          Barclays Bank
PO BOX 45224                             PO Box 60517                            POB 8803
Jacksonville, FL 32232-5224              City of Industry, CA 91716-0517         Wilmington, DE 19899-8803


Brunobuilt, Inc                          Brett R Cahoon                          Capital One Bank (USA), N.A.
890 E Franklin Rd Ste 202                OFFICE OF THE US TRUSTEE US DEPT        by American InfoSource as agent
Meridian, ID 83642-6070                  720 Park Blvd., Ste. 220                PO Box 71083
                                         Boise, ID 83712-7785                    Charlotte, NC  28272-1083

Chase Card Member Services               Terry C Copple                          Davison, Copple, Copple
PO Box 6294                              Davison, Copple, Copple & Copple, LLP   Attn: Terry Copple, Esq.
Carol Stream, IL 60197-6294              POB 1583                                PO Box 1583
                                         Boise, ID 83701-1583                    Boise, ID 83701-1583

Amy D Dempsey                            William E Dempsey II                    Robert A Faucher
1720 E Sendero Lane                      1720 E Sendero Lane                     POB 2527
Boise, ID 83712-6628                     Boise, ID 83712-6628                    Boise, ID 83701-2527


Trevor L Hart                            (p)IDAHO CENTRAL CREDIT UNION           Idaho State Tax Commission
PERRY LAW PC                             PO BOX 2469                             P.O. Box 36
PO Box 637                               POCATELLO ID 83206-2469                 800 Park Blvd
Boise, ID 83701-0637                                                             Boise, ID 83722-0036

Internal Revenue Service                 McConnell Wagner Sykes & Sta            Morrow & Fischer
PO BOX 7346                              Attn: Richard Stacey, Esq.              Attn: Laura Burri
Philadelphia, PA 19101-7346              827 E. Park Blvd, Ste. 201              332 N. Broadmore Wy, Ste 102
                                         Boise, ID 83712-7782                    Nampa, ID 83687-5331

Morrow & Fischer, PLLC                   US Trustee                              Washington Trust Bank
c/o Laura E. Burri                       Washington Group Central Plaza          c/o Trevor L Hart
332 N Broadmore Way, Ste 102             720 Park Blvd, Ste 220                  Perry Law, P.C.
Nampa, ID 83687-5331                     Boise, ID 83712-7785                    POB 637
                                                                                 Boise, ID 83701-0637

(p)WASHINGTON TRUST BANK                 Zion's Bank
PO BOX 2127                              Boise/Main Financial Center
SPOKANE WA 99210-2127                    800 W Main Street, Ste 100
                                         Boise, ID 83702-5947
```

                The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Ada County Treasurer            (d)Ada County Treasurer          Idaho Central Credit Union
200 W. Front St.                c/o Ammon C. Taylor              PO Box 2469
PO Box 2868                     200 W. Front St., Room 3191      Pocatello, ID 83206
Boise, ID 83701                 Boise, ID 83702


Washington Trust Bank
Peter Stanton, CEO
PO Box 2127
Spokane, WA 99210-2127
```

            The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)BrunoBuilt, Inc.             End of Label Matrix
                                Mailable recipients    25
                                Bypassed recipients     1
                                Total                  26
```