Holly Roark (SBN 7143)
ROARK LAW OFFICES
950 Bannock St. Ste. 1100
Boise, ID 83702
T (208) 536-3638
F (310) 553-2601
holly@roarklawboise.com

*Proposed Counsel for Debtors/Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>WILLIAM E. DEMPSEY, II, and<br>AMY D. DEMPSEY.<br><br>Debtor and Debtor in Possession. | Bkr. Case No. 19-01069-JMM<br>Chapter 11 |

### DEBTORS' MOTION FOR PROTECTIVE ORDER

Debtors William E. Dempsy, II and Amy D. Dempsey ("Debtors"), through the undersigned attorney, file this Motion for Protective Order, separately from their concurrently filed Objection to Creditor BrunoBuilt, LLC's ("Creditor") Motion for relief under Rule 2004.

The Court previously granted an Order on the Creditor's Motion, entered on December 4, 2019, as Docket No. 61, however, pursuant to the Order, the Court allowed the Debtors to raise objections with new counsel since its previous counsel had to withdraw from the case. The Court's order indicated that 14 days from the date that new counsel made a written appearance was a reasonable time. The undersigned counsel filed a Notice of Appearance on Saturday, December 21, 2019, as Docket No. 68, and this Objection is timely.

Debtors move for a protective order under Federal Rules of Civil Procedure 26(c) with respect to certain documents requested, such as tax returns, and other documents in which the Debtors should expect privacy. A Protective Order in the form attached hereto as Exhibit A has been sent to Creditor's counsel, but because of time constraints, it has not yet been agreed upon.

**DEBTORS' MOTION FOR PROTECTIVE ORDER,** p. 1

1. To the extent the Creditor's Motion for 2004 Exam is granted, Debtors move for a protective order in the format of the attached as Exhibit A. Tax returns should be protected as confidential under 26 U.S.C. §6103. There may also be documents that need to be protected, especially if they involve third parties. The proposed protective order provides a mechanism to protect the privacy of such documents and information.

2. Under Federal Rule 26(c), made applicable to these Chapter 11 Cases by Bankruptcy Rule 7026, a party from whom discovery is sought may move for a protective order and the court, for good cause, may issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of eight (8) reasons enunciated in the rule. *See* Fed. R. Civ. P. 26(c)(1)(A)-(H).

3. Furthermore, section 107(b) of the Bankruptcy Code provides that the Court may afford a party in interest protection from open disclosure of, among other things, a "trade secret or confidential research, development, or commercial information," or to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code." 11 U.S.C. § 107(b)(1),(2). This statute is implemented through Bankruptcy Rule 9018, which provides that the Court may "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018(1). This may apply to Debtors and Mr. Riche as they had a family accounting business but subsequently had a severe falling out.

4. CERTIFICATION UNDER FRCP 26(c)

Pursuant to FRCP 26(c), "the motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

Debtors' Counsel emailed Creditor's Counsel on Friday, January 3, 2020, to discuss a protective order with respect to certain documents such as tax returns. Creditor's Counsel

suggested Debtors' Counsel not file this motion or objection until Monday, under Bankruptcy Rule 9006(a)(1)(C). On Saturday, January 4, 2020, Debtors; Counsel emailed a proposed Stipulation to Creditor's Counsel.

Debtors' Counsel filed her Notice of Appearance in this Case on Saturday, December 21, 2019, as Docket No. 68. Due to the time constraints of having to file this Objection and Motion within 14 days of filing a Notice of Appearance pursuant to the Court's order entered on December 4, 2019, as Docket no. 61, there was not enough time to negotiate and finalize a stipulation prior to filing this Objection and Motion. Debtors' Counsel believed that notwithstanding Bankruptcy Rule 9006(a)(1)(C), it would be prudent to get this Motion on file with the Court timely so there would be no objection of untimeliness. Debtors are hopeful that a stipulation can be reached with respect to private and confidential documents, in the format attached as Exhibit A, prior to the hearing on this motion.

WHEREFORE, for the reasons stated in this Motion, Debtors respectfully request that this Court grant a Protective Order that is substantially in the form attached hereto as Exhibit A, and grant such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 4nd day of January, 2020.

ROARK LAW OFFICES

_____
Holly Roark, Proposed counsel for
Debtors and Debtors in Possession

**DEBTORS' MOTION FOR PROTECTIVE ORDER**, p. 3

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on January 4, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors/Debtors-in-possession holly@roarklawboise.com, courtnotices@roarklawoffices.com

Robert A. Faucher on behalf of creditor BrunoBuilt, Inc.: rfaucher@hollandhart.com

Brett R. Cahoon on behalf of US Trustee ustp.region18.bs.ecf@usdoj.gov

Trevor L. Hart on behalf of Washington Trust Bank: tlh@perrylawpc.com


     AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

     Via first class mail, postage prepaid addressed as follows:

See attached Mailing Matrix.

/s/ *Holly Roark*
_____
Holly Roark

NOTICE OF HEARING, p. 4

# EXHIBIT A

Case 19-01069-JMM    Doc 73    Filed 01/04/20    Entered 01/04/20 23:57:55    Desc Main
Document      Page 5 of 13

Holly Roark (SBN 7143)
ROARK LAW OFFICES
950 Bannock St. Ste. 1100
Boise, ID 83702
T (208) 536-3638
F (310) 553-2601
holly@roarklawboise.com

*Proposed Counsel for Debtors/Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>WILLIAM E. DEMPSEY, II, and<br>AMY D. DEMPSEY.<br><br>Debtor and Debtor in Possession. | Bkr. Case No. 19-01069-JMM<br>Chapter 11 |

**STIPULATION AND ORDER RE PROTECTIVE ORDER**

Subject to the approval of the Court, the parties hereby stipulate to the following protective order:

1.  In connection with a Motion for Relief under Bankruptcy Rule 2004 in this action, Creditor BrunoBuilt, Inc. ("Creditor") has requested that Debtors and Debtors in Possession, William E. Dempsey, II and Amy D. Dempsey ("Debtor"), produce their State and Federal tax returns for the years 2014 forward, as well as State and Federal tax returns for Commercial Condo, LLC from 2014 through 2018, and State and Federal tax returns of Accounting LLC from 2014 through 2018 (the "tax returns"). Creditor and Debtor (the "Parties") agree that Debtor's tax returns contain sensitive and confidential financial information that is not generally known or available to the public. The Parties agree that federal tax returns are considered confidential under federal law. See, e.g., 26 U.S.C. § 6103.

2.  Debtor objects to the scope of the discovery, and agrees to produce tax returns for <u>four years</u>, from 2015, through 2018. No tax returns for 2019 have been prepared or filed. Given the confidential nature of tax returns, Debtor is only agreeing to produce copies of the

**STIPULATION AND ORDER RE PROTECTIVE ORDER**, p. 1                EXHIBIT A

requested tax returns pursuant to the terms of this Stipulated Protective Order (hereinafter "Order"). Accordingly, Debtor agrees to produce true and correct copies of the tax returns it actually submitted to the Internal Revenue Service for the years 2014 through 2018; Creditor agrees to accept such true and correct copies of the purposes of this litigation pursuant to the terms of this Order.

3.  Debtor's tax returns and all schedules thereto shall be designated as "Confidential" under the terms of this Order. The parties may designate additional information as "Confidential" under the terms of this Order. Documents designated as Confidential under the terms of this Order shall be so designated by stamping copies of the documents produced with the legend "CONFIDENTIAL – SUBJECT TO COURT ORDER." Unless otherwise indicated by the producing party, stamping the legend "CONFIDENTIAL – SUBJECT OT COURT ORDER" on any electronic storage device, including CDs and DVDs, shall designate all information contained on the electronic storage device as confidential, and stamping the foregoing legend on the first page of any multipage document shall designate all pages of the document as confidential.

4.  "Confidential" information and any summaries, copies, abstracts, or other documents derived in whole or in part therefrom (hereinafter "Confidential Material") shall be used by the Parties only for the purpose of the prosecution or settlement of this action and for no other purpose. Creditor shall not disclose Confidential Material to any other defendant, nor shall it disclose Confidential Material to any agency or service of Creditor or any employee or representative thereof.

5.  Testimony taken at a deposition, conference, hearing or trial concerning Confidential Material may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions

**STIPULATION AND ORDER RE PROTECTIVE ORDER**, p. 2

EXHIBIT A

"CONFIDENTIAL– SUBJECT TO COURT ORDER." Separately bound portions of a transcript containing information designated as confidential shall be treated as Confidential Material under the terms of this Order.

6. Subject to Paragraph 3 herein, Confidential Material produced pursuant to this Order may be disclosed or made available by Creditor only to the Court, counsel for Creditor (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated in subparts (a) through (e) immediately below:

(a) An employee of Creditor deemed necessary by counsel to aid in the prosecution or settlement of this action;

(b) Experts or consultants (together with their clerical staff) retained by Creditor to assist in the prosecution or settlement of this action;

(c) Court reporter(s) employed in this action;

(d) A witness at any deposition or other proceeding in this action; and

(e) Any other person as to whom the parties in writing agree.

7. Prior to receiving any Confidential Material, each "qualified person" described in the foregoing Paragraph 6, subparts (b), (c), or (e) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each party.

8. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

9. Depositions in which Confidential Material is discussed, referenced, or used as an exhibit shall be taken only in the presence of "qualified persons."

**STIPULATION AND ORDER RE PROTECTIVE ORDER**, p. 3

EXHIBIT A

10. Nothing herein shall impose any restrictions on a party from disclosing its own Confidential Material as it deems appropriate.

11. If Confidential Material, including any portion of a deposition transcript designated as confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order" and filed under seal. Any party seeking to file Confidential Material with the Court shall comply with any applicable local court rules. The Confidential Material filed under seal will not be ordered unsealed.

12. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

13. This Order shall be without prejudice to the right of either party to present a motion to the Court under FRCP 26(c) for a separate protective order or a modification to this Order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

14. The Parties are stipulating to this Order for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party, of altering the confidentiality or confidential nature of any such document or information, or altering any existing obligation of any party or the absence thereof.

15. This Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all

documents, material, and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

16. Creditor stipulates and agrees that despite Debtor producing its tax returns and other Confidential Material, Debtor has not and is not waiving any objection relating to the Creditor's use of its tax returns or other Confidential Material, and is specifically not waiving any objections based on privilege, privacy, and admissibility. Creditor agrees that it will not assert that Debtor has waived any objections to the use of its tax returns or other Confidential Material by voluntarily providing such information to Creditor.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____    _____
Holly Roark
Roark Law Offices
Attorneys for Debtor

DATED: _____    _____
Robert A. Faucher
Holland & Hart LLP
Attorneys for Creditor

**STIPULATION AND ORDER RE PROTECTIVE ORDER**, p. 5

EXHIBIT A

ATTACHMENT A

<u>NONDISCLOSURE AGREEMENT
AND ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court for the District of Idaho on [date] in the Chapter 11 case of *William E. Dempsey, II, And Amy D. Dempsey*, Case No. 19-01069-JMM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the District of Idaho for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Idaho agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATION AND ORDER RE PROTECTIVE ORDER**, p. 6

EXHIBIT A

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors/Debtors-in-possession holly@roarklawboise.com, courtnotices@roarklawoffices.com

Robert A. Faucher on behalf of creditor BrunoBuilt, Inc.: rfaucher@hollandhart.com

Brett R. Cahoon on behalf of US Trustee ustp.region18.bs.ecf@usdoj.gov

Trevor L. Hart on behalf of Washington Trust Bank: tlh@perrylawpc.com


AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

/s/ *Holly Roark*
_____
Holly Roark

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

In Re:　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　Bkr. Case No. 19-01069-JMM
WILLIAM E. DEMPSEY, II, and　　　　　)　　Chapter 11
AMY D. DEMPSEY.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
Debtor and Debtor in Possession.　　　)
　　　　　　　　　　　　　　　　　　　　　)

**ORDER GRANTING STIPULATION RE PROTECTIVE ORDER**

*[Proposed]*

　　　　THIS MATTER having come before the Court by Stipulation of the Parties filed as Docket No. ____, under Fed. R. Civ. P. 26(c) for a protective order, and for good cause appearing, therefore,

　　　　IT IS HEREBY ORDERED that

　　　　The Stipulation is Granted.

//End of Text//

Respectfully submitted:

ROARK LAW OFFICES

*/s/ Holly Roark*_____
Proposed counsel for
Debtors/Debtors-in-Possession

_____
Robert A. Faucher
Holland & Hart LLP
Attorneys for Creditor

**ORDER ON STIPULATION RE PROTECTIVE ORDER**, p. 1　　　　EXHIBIT A