Holly Roark (SBN 7143)
ROARK LAW OFFICES
950 Bannock St. Ste. 1100
Boise, ID 83702
T (208) 536-3638
F (310) 553-2601
holly@roarklawboise.com

*Proposed Counsel for Debtors/Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>WILLIAM E. DEMPSEY, II, and<br>AMY D. DEMPSEY.<br><br><br>Debtor and Debtor in Possession. | Bkr. Case No. 19-01069-JMM<br>Chapter 11 |

### **DEBTORS' TRIAL BRIEF IN SUPPORT OF DEBTORS' OPPOSITION TO BRUNOBUILT, INC.'S MOTION FOR RELEIF FROM THE AUTOMATIC STAY (DKT NO. 25)**

The Debtors in the above-described Chapter 11 bankruptcy case, William E. Dempsey, II and Amy D. Dempsey, by and through their proposed counsel, Roark Law Offices, hereby submit their trial brief in support of their Opposition (Docket No. 35) to creditor BrunoBuilt, Inc.'s Motion for Relief from the Automatic Stay filed on October 18, 2019, as Docket No. 25.

    I.    **Summary of Argument**

    1.    By filing a proof of claim in the bankruptcy case, BrunoBuilt, Inc. has agreed to the jurisdiction of the Bankruptcy Court over its claim against the Debtors and has consented to the Bankruptcy Court's jurisdiction to adjudicate its claim against the Debtors. *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 353 (9th Cir. 1996); *Langenkamp v. Culp*, 498 U.S. 42 (1990).

    2.    BrunoBuilt, Inc.'s claim is a dischargeable general unsecured claim and no cause

exists to grant relief from stay under 11 U.S.C. §362(d)(1) because the Claim may be heard by the Bankruptcy Court and can be most expeditiously resolved in Bankruptcy Court.

3.    Debtors intend to file a Plan of reorganization as soon as possible. In order to administer this case expeditiously they intend to file an objection to the BrunoBuilt, Inc. proof of claim, and ask the court to estimate the claim under 11 U.S.C. §502(c)(1) for the purposes of allowance, and/or under Rule 3018 of the Federal Rules of Bankruptcy Procedure for temporary allowance for purposes of voting on a plan of reorganization.

4.    Denying BrunoBuilt, Inc.'s Motion will promote judicial economy and efficient administration of the estate.

## II.    Procedural and Factual History

5.    On December 27, 2017, BrunoBuilt, Inc. filed its breach of contract action against Debtors in state court as Case No. CV01-17-23686 in Ada County, Idaho.

6.    On August 26, 2019, the state court filed its memorandum decision and order finding that BrunoBuilt, Inc. was entitled to recover against the Debtors for breach of construction contract. The issue of damages and attorneys' fees and costs remains to be tried.

7.    On September 17, 2019, the Debtors filed this Chapter 11 case. The Debtors scheduled BrunoBuilt, Inc.'s claim on Schedule F of their petition as unsecured, disputed, and unliquidated in the sum of $1,332,845.12.

8.    On October 18, 2019, BrunoBuilt, Inc. filed its Motion for Relief from the Automatic Stay as Docket No. 25 in order to lift the stay to try the issue of damages and attorney's fees and costs in state court where the above-referenced action is pending. BrunoBuilt, Inc. alleges that state court is the appropriate forum to liquidate its claim.

9.    On November 7, 2019, Debtors filed their Opposition to BrunoBuilt, Inc.'s Motion as Docket No. 35.

10.    There have been no proceedings (evidentiary or otherwise) before the state court judge on the issue of damages or attorney's fees and costs.

### III. By Filing its Proof of Claim in the Bankruptcy Case, BrunoBuilt, Inc. has submitted to the jurisdiction of the Bankruptcy Court to adjudicate its Claim against the Debtors

11. On October 21, 2019, BrunoBuilt, Inc. timely filed its proof of claim in the Bankruptcy Case as claim number 2 in the sum of $1,849,168.12. The basis for BrunoBuilt, Inc.'s claim is the state court litigation referenced above, which has not yet adjudicated damages and attorney's fees and costs.

12. By filing a proof of claim in the bankruptcy case, BrunoBuilt, Inc. has agreed to the jurisdiction of the Bankruptcy Court over its claim against the Debtors and consented to the Bankruptcy Court's jurisdiction to adjudicate its claim against the Debtors. *See In re Conejo Enterprises, Inc.*, 96 F.3d 346, 353 (9th Cir. 1996)(filing a proof of claim subjects such claim to the jurisdiction of the Bankruptcy Court). *See also Langenkamp v. Culp*, 498 U.S. 42 (1990) ("by filing a claim against a bankruptcy estate, the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power" (internal citations omitted).

13. Debtors wish to propose and confirm a Plan of reorganization as soon as possible. Debtors intend to object to the Claim of BrunoBuilt, Inc. on several grounds, including but not limited to, the fact that BrunoBuilt, Inc. tacked on several hundred thousand dollars in attorneys' fees, expert's fees and costs to the claim against the Debtors, where such fees and costs were incurred in litigation against other parties not the Debtors. Since the Debtors intend to object to the BrunoBuilt proof of claim, the bankruptcy forum is the most appropriate forum to adjudicate the entirety of BrunoBuilt, Inc.'s damages claim.

14. Furthermore, Bankruptcy courts have the power to estimate claims of creditors in cases under §502(c), title 11, chapter 11 of the United States Code (the "Code") for purposes of allowance, and under Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Rules") for temporary allowance for purposes of voting on a plan of reorganization. The Debtors intend to move the court to estimate BrunoBuilt, Inc.'s claim as part of the claims objection process.

15. Section 502(c) of the Bankruptcy Code mandates the estimation, "for purposes of allowance," of almost any contingent or unliquidated claim where failure to do so "would unduly delay the administration of the case." Thus, for example, here, since litigation of the monetary damages is pending against the Debtors but has not yet gone to trial, the Bankruptcy Court can estimate the damages in lieu of modifying the automatic stay to allow the action to proceed until judgment, if doing so would unduly delay the bankruptcy case. The Court should estimate the claim because returning to state court would unduly delay the bankruptcy case since it could take months for the state court to resolve the claim.

16. Under Rule 3018: "Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." It is unclear how much evidence is required to establish the basis for the creditor's claim for voting purposes. Some bankruptcy courts have held that Rule 3018(a) only requires a "summary-type hearing[.]" *In re Zolner*, 173 B.R. 629, 633 (Bankr. N.D. Ill. 1994).

17. Accordingly, the Bankruptcy Court has several tools available to it in order to resolve the BrunoBuilt, Inc. claim in its entirety and in an expeditious fashion so that the Debtors can propose a confirmable plan. If the matter goes back to state court, the parties may be waiting several months to get a resolution, which would hold up plan confirmation. In addition, even after liquidation of the claim in state court, there may still be cause to object to the claim in the bankruptcy court. In that case, it will become very clear that it would have promoted judicial economy to have the entire matter heard in the Bankruptcy Court.

**IV.    No cause exists to grant relief from stay under 11 U.S.C. §362(d)(1) because the Claim may be heard by the Bankruptcy Court and can be most expeditiously resolved in Bankruptcy Court.**

18. BrunoBuilt, Inc. has failed to establish a prima facie case why its claim against the Debtors should not be heard in the Bankruptcy Court. It has not shown why the Bankruptcy Court would not be capable of adjudicating such claims. The claim asserted by BrunoBuilt, Inc. is the type

of claim that Bankruptcy Courts routinely deal with.

19. There is no reason for relief from the automatic stay since BrunoBuilt, Inc.'s claim is not prejudiced given the status of the state court case where only the monetary damages and attorneys' fees and costs are left to be litigated and liquidated. Since there have been no proceedings on these issues whatsoever in the state court, there is no chance of duplicative litigation if the Bankruptcy Court were to liquidate and adjudicate BrunoBuilt, Inc.'s filed proof of claim against the Debtors. Whatever familiarity the state court may have with the case is of no identifiable benefit at this point, and the Bankruptcy Court is just as capable of resolving the entire matter and calendaring it expeditiously.

20. If the stay is lifted, Debtors will be required to use money and resources in the state court forum which could otherwise be devoted to the reorganization in bankruptcy and devoted to pay creditors, including BrunoBuilt, Inc. This will deplete such funds and create an unfortunate result that is inapposite to the spirit of the automatic stay.

21. Denying BrunoBuilt, Inc.'s Motion will promote judicial economy and efficient administration of the estate. By preserving the stay, only one court will need to adjudicate the claims against the Debtors. If the stay is lifted, both the state court and the Bankruptcy Court will be required to adjudicate the same claim thereby wasting judicial resources in two separate forums. Debtors will also be forced to waste significant monies and resources to litigate in two separate forums.[1]

22. Finally, BrunoBuilt, Inc.'s claim is a general unsecured claim and is fully dischargeable in the Debtors' bankruptcy case. The deadline to file a Complaint to determine the dischargeability of a debt in this case was December 17, 2019. BrunoBuilt, Inc. did not file a complaint, and therefore admits that its claim, in whatever amount it is determined to be, is a dischargeable general unsecured claim. There is no reason to force the Debtors into expensive

---

[1] "By staying the state action, the bankruptcy court promoted judicial economy and efficiency by minimizing the duplication of litigation in two separate forums and preventing litigation of a claim that may have been discharged in bankruptcy proceedings." *In re Conejo Enterprises, Inc.*, supra, 96 F.3d at 353.

litigation in state court to liquidate a general unsecured dischargeable claim. That would be a waste of estate resources.

### V. Conclusion

19. Based on the foregoing, Debtors respectfully request that the Court enter an Order (i) denying the Motion in its entirety, and (ii) granting such other and further relief as the Court deems just and proper.

DATED: January 15, 2020                ROARK LAW OFFICES

*[signature]*

Holly Roark, *Proposed Counsel for Debtors/ Debtors-in-possession*

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 15, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors/Debtors-in-possession holly@roarklawboise.com, courtnotices@roarklawoffices.com

Robert A. Faucher on behalf of creditor BrunoBuilt, Inc.: rfaucher@hollandhart.com

Brett R. Cahoon on behalf of US Trustee ustp.region18.bs.ecf@usdoj.gov

Trevor L. Hart on behalf of Washington Trust Bank: tlh@perrylawpc.com

      AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

    Via first class mail, postage prepaid addressed as follows:

See N/A

/s/ *Holly Roark*
_____
Holly Roark