Robert A. Faucher (ISB #4745)
Christopher C. McCurdy (ISB #8552)
HOLLAND & HART LLP
800 West Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
Email:  rfaucher@hollandhart.com
        ccmccurdy@hollandhart.com

Attorneys for BrunoBuilt, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| In re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II and AMY D. DEMPSEY, | Chapter 11 |
| Debtors. | |

## BRUNOBUILT, INC.'S OBJECTION TO DEBTORS' MOTION TO EMPLOY APPRAISER

NOW COMES BRUNOBUILT, INC. ("BrunoBuilt") and represents as follows:

Introduction

1. Debtors have filed a motion to employ an appraiser, docket no. 132 (the "Motion"), to appraise their home. The cost would be at least $1,000. The proposed appraiser is Jody Bolopue.

2. This Court should deny the Motion.

3. The problem with the Motion is that the proposed expenditure is solely for the Debtors' benefit and is antithetical to the interests of their creditors.

BRUNOBUILT, INC.'S OBJECTION TO DEBTORS' MOTION TO EMPLOY APPRAISER - 1

Analysis

4. Debtors assert that they need their own appraiser (I) to appraise their residential estate, and (II) to determine the value of component parcels of the estate in light of the fact that security interest of Idaho Central Credit Union ("ICCU") against some of the parcels can likely be avoided.

5. But BrunoBuilt already retained an independent appraiser. That appraiser appraised the home and identified the layout of the multiple parcels that constitute Debtors' residential estate. See *BrunoBuilt, Inc.'s Objection to Washington Trust Bank's Adequate Protection Stipulation*, docket no. 116.

6. BrunoBuilt shared its appraisal with Debtors weeks before the Motion was filed.

7. In the Motion, Debtors failed to articulate any compelling reason why they need their own separate appraisal. They were unable to identify any fault with BrunoBuilt's appraisal, either with regard to the overall value of Debtors' residential estate, or with respect to the layout of the parcels that constitute Debtors' residential estate.

8. Debtors are unable to pay their debts. As fiduciaries, they are not entitled to spend estate funds on whatever most strikes their fancy and suits their interests.

9. Debtors undoubtedly want a different appraisal with a lower value, to make it easier for them to keep their house in this case. That is a not a valid reason to retain an appraiser. All appraisers are held to the same objective standards and will look to the same comparable sales. BrunoBuilt would submit that Debtors' appraisal will likely reach the same conclusion as to value as did BrunoBuilt's appraisal. Thus, the duplicative appraisal would serve no purpose.

10. Debtors' idea that the component parcels of their residential estate should be valued separately also lacks merit.

BRUNOBUILT, INC.'S OBJECTION TO DEBTORS' MOTION TO EMPLOY APPRAISER - 2

11. In their Motion, Debtors fail to identify the relevant "portion" of the estate will be subject to the Ms. Bolopue's reduced-scope appraisal. They also offer no rationale whatsoever why the fact that ICCU's lien might be avoided requires an appraisal of less than the whole of Debtors' residential estate.

12. Photographs available at the website of the Ada County Assessor's office unambiguously depict the boundaries of the six subdivision lots that constitute Debtors' residential estate. The photographs show the location of Debtors' home as compared to the six lots. Specifically, the photographs show as follows:

- Most of Debtors' home is located on the two lots subject to ICCU's original deed of trust;
- However, a portion of Debtors' home extends to a third lot not subject to ICCU's original deed of trust; and
- The two lots subject to ICCU's original deed of trust have no access to a road.

To confirm, these facts are straightforward and beyond dispute. There is nothing that Debtors' proposed appraiser can determine that is relevant to the above facts.

13. The only relevant determination that Debtors might be proposing, then, is that Ms. Bolopue appraise two lots improved with part of a house that contains no access to a road; i.e., ICCU's collateral were its claim to the other four subdivision lots avoided. However, the value of that parcel depends substantially more upon the law of Bankruptcy Code section 506(a) than upon anything Ms. Bolopue can add. Ms. Bolopue likely has no experience appraising two subdivision lots containing part of a house, and which has no access to a road, because no one would ordinarily want such a parcel appraised. Such an appraisal has meaning only in the context of section 506(a) of the Bankruptcy Code, and there is no indication that Debtors have provided Ms. Bolopue the necessary legal framework to perform such an analysis.

BRUNOBUILT, INC.'S OBJECTION TO DEBTORS' MOTION TO EMPLOY APPRAISER - 3

14. Without an appropriate legal framework, Ms. Bolopue's appraisal of the two lots would be without any relevance.

15. Moreover, the value of those two lots pits the interests of ICCU against the interests of unsecured creditors. Of course, ICCU would want its useless parcel to retain some value, whereas the unsecured creditors would contend that the useless parcel has no value. Debtors should be impartial as to that dispute. Accordingly, they should not spend their money appraising the two lots.

WHEFORE, BrunoBuilt, Inc. prays that the Court deny Debtors' Motion seeking employment of an appraiser.

DATE this 13th day of April, 2020.

> HOLLAND & HART LLP
>
> By /s/ Robert A. Faucher
> Robert A. Faucher, of the firm
> Attorneys for BrunoBuilt, Inc.

BRUNOBUILT, INC.'S OBJECTION TO DEBTORS' MOTION TO EMPLOY APPRAISER - 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark
ROARK LAW OFFICES
950 Bannock Street, Suite 1100
Boise, ID  83702
Telephone:  (208) 536-3638
*Attorneys for Debtors*

- holly@roarklawboise.com

Brett R. Cahoon
Office of the U.S. Trustee
720 Park Blvd., Suite 220
Boise, ID  83712
Telephone:  (208) 334-1300

- ustp.region18.bs.ecf@usdoj.gov

Mark B. Perry
Trevor L. Hart
PERRY LAW, P.C.
P.O. Box 637
Boise, ID  83701-0637
Telephone:  (208) 338-1001
*Attorneys for Washington Trust Bank*

- mbp@perrylawpc.com
- tlh@perrylawpc.com

/s/ Robert A. Faucher
Robert A. Faucher
of HOLLAND & HART LLP

14260789_3

14434550_v1

BRUNOBUILT, INC.'S OBJECTION TO DEBTORS' MOTION TO EMPLOY APPRAISER - 5