Robert A. Faucher (ISB #4745)
Philip J. Griffin (ISB #11093)
HOLLAND & HART LLP
800 West Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
Email:   rfaucher@hollandhart.com
         pjgriffin@hollandhart.com

Attorneys for BrunoBuilt, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| In re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II and AMY D. DEMPSEY, | Chapter 11 |
| Debtors. | |

**BRUNOBUILT, INC.'S MOTION TO EXTEND DEADLINE TO OBJECT TO THE INTERIM FEE APPLICATION FOR COMPENSATION OF MICHAEL E. BAND OF DAVISON, COPPLE, COPPLE & COPPLE LLP**

Notice of Motion and Opportunity to Object and for a Hearing

No Objection. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 14 days (plus 3 days for mailing) of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection. Any objection shall set out the legal and/or factual bases for the objection. A copy of the objection shall be served on the movant.

Hearing on Objection. The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

NOW COMES BrunoBuilt, Inc., by and through its attorneys of record, and represents as follows for this, its Motion to Extend Deadline to Object to the Interim Fee Application for Compensation of Michael E. Band of Davison, Copple, Copple & Copple LLP, filed April 28, 2020 (Docket No. 146) (the "DCCC Application").

Introduction

1. BrunoBuilt is Debtors' largest creditor.

2. Davison, Copple, Copple & Copple LLP ("DCCC") represented Debtors in their prepetition state court lawsuit adverse to BrunoBuilt.

3. BrunoBuilt had agreed in writing to build a home for Debtors in the Terra Nativa Subdivision. BrunoBuilt did build that home. Through no fault of BrunoBuilt, the home was constructed on unstable ground. As a result, no certificate of occupancy was ever obtained.

4. The prepetition state court litigation involved who—as between BrunoBuilt and Debtors—was liable under the parties' construction contract. The state court ruled in favor of BrunoBuilt, and against Debtors. Specifically, the state court entered a summary judgment decision deciding contract liability in favor of BrunoBuilt and against Debtors. Debtors filed bankruptcy shortly thereafter, before the state court determined the amount of BrunoBuilt's damages. Accordingly, the state court has not yet entered judgment.

5. Debtors filed an application in this case at docket no. 17 to employ DCCC as special counsel under Bankruptcy Code section 327(e) to represent Debtors in connection with the non-bankruptcy construction law dispute. Michael Band filed a declaration in support of that application at docket no. 17, testifying to the connections between DCCC and the Debtors and bankruptcy estate (the "Band Declaration").

6. This Court approved Debtors' application to employ DCCC at docket no. 29.

BRUNOBUILT, INC.'S MOTION TO EXTEND DEADLINE TO OBJECT TO THE INTERIM FEE APPLICATION FOR COMPENSATION OF MICHAEL E. BAND OF DAVISON, COPPLE, COPPLE & COPPLE LLP - 2

7. The DCCC Application is DCCC's first interim application.

### Debtors' Claims Against the Terra Nativa Professionals

8. In or about January 2015, Debtors contracted with Erstad Architects, P.A. ("Erstad") to design the home that was the subject of their contract with BrunoBuilt. Pursuant to the Debtors' contract with Erstad, Erstad subcontracted with several engineering firms in or about 2015 to perform civil and structural engineering services with respect to the lot and the home. Erstad and the engineering firms are hereinafter referred to as the "Terra Nativa Professionals."

9. In 2016, it became apparent that the underlying lot was suffering damage as a result of historic landslides in the area where the home was being constructed. The house also became impacted by the shifting soils shortly thereafter.

10. BrunoBuilt believes that some of the most valuable assets of the bankruptcy estate are Debtors' claims against the Terra Nativa Professionals. Debtors directly or indirectly retained the Terra Nativa Professionals to design their house and to perform all necessary engineering services. Somehow, those professionals' work resulted in a house that slid off the hill. Debtors face a $1.0 million liability to BrunoBuilt with respect to the house that slid off the hill.

11. Obviously, Debtors have potential claims against the Terra Nativa Professionals.

12. Incredibly, Debtors have never listed their unliquidated claims against the Terra Nativa Professionals in their schedule of assets. In fact, Debtors have pointedly refused to list such claims in their schedules, notwithstanding that their original counsel, Jeffrey Kauffman, agreed seven months ago at the meeting of creditors that Debtors would add the claims to their schedule of assets.

13. Debtors have not offered an explanation why they refuse to include the unliquidated claims against the Terra Nativa Professionals in their schedule of assets. Debtors, through their bankruptcy attorney, have affirmatively downplayed the significance of the claims against the Terra Nativa Professionals on numerous grounds, including:

- The claims against the Terra Nativa Professionals have weaknesses such that they are not of great value, but a potential statute of limitations affirmative defense of the Terra Nativa Professionals is not one of those weaknesses; and

- The Dempseys concluded, prepetition, after discussing the claims with DCCC, that they were not interested in pursuing the claims. The documents reflecting those discussions are privileged.

### DCCC's Role in this Bankruptcy

14. DCCC represented Debtors during the time that it became obvious that Debtors had claims against the Terra Nativa Professionals.

15. Debtors and the Terra Nativa Professionals transacted in 2015.

16. Debtors and the Terra Nativa Professionals have never reached tolling agreements.

17. DCCC informed Debtors that Debtors' claims against the Terra Nativa Professionals will not accrue for statute of limitations purposes until such time as judgment enters in favor of BrunoBuilt and against Debtors. Of course, BrunoBuilt hopes that legal position is correct.

18. Mr. Band, in the Band Declaration, did not disclose anything regarding Debtors' claims against the Terra Nativa Professionals. Of course, then, he did not disclose the potential that the statute of limitations on Debtors' claims against the Terra Nativa Professionals might have expired.

BrunoBuilt Moves for Relief Pursuant to Bankruptcy Rule 9006(b)(1)

19. BrunoBuilt's deadline to object to the DCCC Application is today, May 22. BrunoBuilt hereby moves for a 35-day extension of the time to object. This continuation is necessary so that BrunoBuilt can conduct discovery, and so that the issues relating to the DCCC Application can be explored at the same time that these same issues are being explored as part of Debtors' prosecution of their (not yet filed) disclosure statement and plan.

20. BrunoBuilt is, of course, concerned about maximizing the value of the estate. BrunoBuilt hopes and believes that the Debtors' claims against the Terra Nativa Professionals are valuable. Given that the Terra Nativa Professionals did their work for Debtors many years ago, BrunoBuilt is not letting the cat out of the bag by noting that it is possible that the statute of limitations on those claims might have expired. If that has, in fact, occurred, then Debtors might have valuable claims against DCCC since it represented Debtors during that time.

21. If DCCC were concerned about its potential liability to the bankruptcy estate, then its personal interests would be advanced if:

- The claims against the Terra Nativa Professionals have weaknesses such that they are not of great value, but a potential statute of limitations affirmative defense of the Terra Nativa Professionals is not one of those weaknesses; and

- The Dempseys concluded, prepetition, after discussing the claims with DCCC, that they were not interested in pursuing the claims. The documents reflecting those discussions are privileged.

It is not a coincidence that the position of the Debtors with respect to the claims against the Terra Nativa Professionals is identical to the position that is to DCCC's personal benefit. DCCC has urged that position upon Debtors' bankruptcy counsel. Of course, that does not mean necessarily that the position does not reflect the best interests of the bankruptcy estate. BrunoBuilt,

however, does not believe as of this date that the position *does* reflect the best interests of the bankruptcy estate. Further discovery is necessary.

22. Without limitation, that discovery might include discovery into the privileged communications between DCCC and Debtors. Now that they are fiduciaries, Debtors are obligated to waive the privilege when necessary to advance the interests of the bankruptcy estate. *See In re Eddy*, 304 B.R. 591, 599 (Bankr. D. Mass. 2004) ("While the debtor in possession retains control over the attorney-client privilege during his/her stewardship, that control must be exercised consistent with the debtor's fiduciary duties.").

23. BrunoBuilt believes that DCCC should have disclosed its potential conflict in the original Band Declaration, rather than BrunoBuilt struggling to unearth the issues itself. *See In re Park-Helena Corp.*, 63 F.3d 877, 881-82 (9th Cir. 1995) ("Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees."); *In re Dearborn Constr., Inc.*, 03.1 I.B.C.R. 17, 22 (Bankr. D. Idaho 2002) ("The state of the law is clear: anything less than strict compliance with the requirement of the Code and Rules regarding professional disclosure can result in denial of all fees and costs. There must be full, candid and complete disclosure of all the professional's connections to the debtor and other parties in interest.")

24. The extension proposed here does not work any undue prejudice on Debtors or DCCC. The DCCC Application is an interim application, so the issues raised here will need to be addressed before DCCC's final compensation is approved in any event. Also, if DCCC had raised these issues earlier itself in its application and accompanying declaration, the issues would have been addressed at an earlier point in the case.

WHEREFORE, for the reasons set forth herein, BrunoBuilt, Inc. moves for a 35-day extension of the time to object to the fee application of Davison, Copple, Copple & Copple.

DATED this 22nd day of May, 2020.

        HOLLAND & HART LLP

        By /s/ Robert A. Faucher
           Robert A. Faucher, of the firm
           Attorneys for BrunoBuilt, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Holly Roark<br>ROARK LAW OFFICES<br>950 Bannock Street, Suite 1100<br>Boise, ID  83702<br>Telephone:  (208) 536-3638<br>*Attorneys for Debtors* | • holly@roarklawboise.com |
| Brett R. Cahoon<br>Office of the U.S. Trustee<br>720 Park Blvd., Suite 220<br>Boise, ID  83712<br>Telephone:  (208) 334-1300 | • ustp.region18.bs.ecf@usdoj.gov |
| Mark B. Perry<br>Trevor L. Hart<br>PERRY LAW, P.C.<br>P.O. Box 637<br>Boise, ID  83701-0637<br>Telephone:  (208) 338-1001<br>*Attorneys for Washington Trust Bank* | • mbp@perrylawpc.com<br>• tlh@perrylawpc.com |
| Jesse A. P. Baker<br>ALDRIDGE PITE, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA  92177-0933<br>Telephone:  (858) 750-7600<br>Facsimile:  (619) 590-1385<br>*Attorneys for Bank of America (NC)* | • ecfidb@aldridgepipe.com |

/s/ Robert A. Faucher
Robert A. Faucher
of HOLLAND & HART LLP

14640771_v2

BRUNOBUILT, INC.'S MOTION TO EXTEND DEADLINE TO OBJECT TO THE INTERIM FEE APPLICATION FOR COMPENSATION OF MICHAEL E. BAND OF DAVISON, COPPLE, COPPLE & COPPLE LLP - 8