Robert A. Faucher (ISB #4745)
Philip J. Griffin (ISB #11093)
HOLLAND & HART LLP
800 West Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
Email:   rfaucher@hollandhart.com
         pjgriffin@hollandhart.com

Attorneys for BrunoBuilt, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>WILLIAM E. DEMPSEY, II and<br>AMY D. DEMPSEY,<br><br>Debtors. | Case No. 19-01069-JMM<br><br>Chapter 11 |

**BRUNOBUILT, INC.'S MOTION FOR ORDER SHORTENING TIME
TO RESPOND TO FIRST SETS OF WRITTEN DISCOVERY
TO DEBTORS AND DCCC**

---

Notice of Motion and Opportunity to Object and for a Hearing

No Objection.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 14 days (plus 3 days for mailing) of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection.  Any objection shall set out the legal and/or factual bases for the objection.  A copy of the objection shall be served on the movant.

Hearing on Objection.  The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

BRUNOBUILT, INC'S MOTION FOR ORDER SHORTENING TIME TO RESPOND TO
FIRST SETS OF WRITTEN DISCOVERY TO DEBTORS AND DCCC - 1

NOW COMES BrunoBuilt, Inc. ("BrunoBuilt"), by and through its attorneys of record, and hereby moves pursuant to Bankruptcy Rule 9006(c) for an order shortening the time for Debtors William E. Dempsey, II and Amy D. Dempsey ("Debtors") and Davison, Copple, Copple & Copple LLP ("DCCC") to respond to BrunoBuilt's First Sets of Written Discovery to 15 days.  BrunoBuilt represents as follows in support of its motion:

1.      Michael E. Band of Davison, Copple, Copple & Copple LLP filed an Interim Fee Application for Compensation on April 28, 2020 (Docket No. 146) ("DCCC Fee Application").

2.      BrunoBuilt filed a Motion to Extend Deadline to Object to the DCCC Fee Application on May 22, 2020 (Docket No. 159) ("Motion to Extend").

3.      BrunoBuilt articulated the following facts in its Motion to Extend:

   a.   Debtors have potential claims against Erstad Architects, P.A., Materials Testing & Inspection, LLC, and/or Briggs Engineering, Inc. (collectively, the "Terra Native Professionals").

   b.   BrunoBuilt believes that Debtors' potential claims against the Terra Nativa Professionals are some of the most valuable assets of the bankruptcy estate.

   c.   However, Debtors have not pursued those claims and have refused to list those claims in their schedule of assets.

   d.   The statute of limitations on Debtors' claims may have expired.

   e.   DCCC represented Debtors during the time in which it became obvious that Debtors had claims against the Terra Nativa Professionals.

   f.   If the statute of limitations on Debtors' claims against the Terra Nativa Professionals has expired, Debtors may have valuable claims against DCCC.

    g.  DCCC did not disclose in the DCCC Fee Application or elsewhere anything regarding Debtors' claims against the Terra Nativa Professionals, including that the statute of limitations may have expired.  BrunoBuilt believes that DCCC should have disclosed its potential conflict of interest regarding these issues and that its failure to do so may bear on the DCCC Fee Application.

  4.  BrunoBuilt sought in its Motion to Extend a 35-day extension of the time to object to the DCCC Fee Application so that BrunoBuilt can conduct discovery related to these issues.

  5.  BrunoBuilt served its First Set of Written Discovery to Debtors and its First Set of Written Discovery to DCCC on June 2, 2020 (the "Discovery Requests"), in which it sought documents related to Debtors' claims against the Terra Nativa Professionals and the advice DCCC gave to Debtors regarding those claims.

  6.  The documents requested in the Discovery Requests are directly relevant to the DCCC Fee Application and, depending on the information contained therein, may render the DCCC Fee Application objectionable.

  7.  BrunoBuilt requested that Debtors and DCCC respond to the Discovery Requests within 15 days of service rather than within the 30 days provided by the Federal Rules of Bankruptcy Procedure so that the hearing on the DCCC Fee Application can be expedited.

  8.  Obtaining the documents requested in the Discovery Requests in 15 days instead of 30 days is important for at least two other reasons.

    a.  In their Status Report to the Court Re Filing of Plan and Disclosure Statement (Dkt. No. 162), Debtors indicated yesterday that their disclosure statement will

be filed by the end of the month.  The requested documents are critical to BrunoBuilt's ability to evaluate the disclosure statement.

    b.  BrunoBuilt intends to soon take Debtors' oral examination pursuant to the Amended Order Granting BrunoBuilt, Inc.'s Motion for Relief Under Rule 2004 (Dkt. No. 112).  BrunoBuilt cannot do so until it obtains and reviews the documents requested in the Discovery Requests.

  9.  Neither Debtors nor DCCC has responded specifically to BrunoBuilt's request to respond to the Discovery Requests within 15 days.

  10.  The shortening of time proposed here would not work any undue prejudice or burden on Debtors or DCCC.  The volume of documents responsive to the Discovery Requests is likely to be manageable, and Debtors and DCCC should have such documents readily in their possession.

  WHEREFORE, for the reasons set forth herein, BrunoBuilt moves the Court for an order shortening the time for Debtors and DCCC to respond to the Discovery Requests to 15 days.

  DATED this 4th day of June, 2020.

           HOLLAND & HART LLP

          By /s/ *Philip J. Griffin*
            Robert A. Faucher, of the firm
            Philip J. Griffin, for the firm

            Attorneys for BrunoBuilt, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark
ROARK LAW OFFICES
950 Bannock Street, Suite 1100
Boise, ID  83702
Telephone:  (208) 536-3638
*Attorneys for Debtors*

- holly@roarklawboise.com

Brett R. Cahoon
Office of the U.S. Trustee
720 Park Blvd., Suite 220
Boise, ID  83712
Telephone:  (208) 334-1300

- ustp.region18.bs.ecf@usdoj.gov

Mark B. Perry
Trevor L. Hart
PERRY LAW, P.C.
P.O. Box 637
Boise, ID  83701-0637
Telephone:  (208) 338-1001
*Attorneys for Washington Trust Bank*

- mbp@perrylawpc.com
- tlh@perrylawpc.com

Jesse A. P. Baker
ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA  92177-0933
Telephone:  (858) 750-7600
Facsimile:  (619) 590-1385
*Attorneys for Bank of America (NC)*

- ecfidb@aldridgepite.com

/s/ *Philip J. Griffin*
Philip J. Griffin
for HOLLAND & HART LLP

14776794_v2

BRUNOBUILT, INC'S MOTION FOR ORDER SHORTENING TIME TO RESPOND TO FIRST SETS OF WRITTEN DISCOVERY TO DEBTORS AND DCCC - 5