Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Counsel for Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| | |
|---|---|
| In Re:<br><br>WILLIAM E. DEMPSEY, II, and<br>AMY D. DEMPSEY,<br><br>Debtors and Debtors in Possession. | Case No. 19-01069-JMM<br><br>Chapter 11 |

## DEBTORS-IN-POSSESSION'S MOTION TO RECONSIDER ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO BRUNOBUILT, INC. (DOCKET NO. 97)

COME NOW William E. Dempsey, II and Amy D. Dempsey, the Debtors and Debtors-in-Possession ("DIP") herein, by and through their undersigned attorney, and move this court to reconsider its Order (Docket No. 97) granting relief from the automatic stay to BrunoBuilt, Inc. and state:

### I.

### BACKGROUND FACTS

1. This case was commenced on September 17, 2019, by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. On October 21, 2019, creditor BrunoBuilt, Inc. filed a proof of claim (Claim No. 2) in the "estimated" and "unliquidated" amount of $1,849,168.12 for breach of construction contract.

3. On October 18, 2019, BrunoBuilt, Inc. filed its Motion for Relief from the Automatic Stay (Docket No. 25) in order to go back to state court and liquidate its claim against the DIP, which

**DEBTORS-IN-POSSESSION'S MOTION TO RECONSIDER ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO BRUNOBUILT, INC. (DOCKET NO. 97) - 1**

was based on litigation between the parties for alleged breach of construction contract. See *BrunoBuilt, Inc. v. William Dempsey and Amy Dempsey*, Case No. 1-17-23686, Fourth Judicial District Court, State of Idaho, County of Ada (the "State Court Lawsuit").

4. BrunoBuilt, Inc. was granted summary judgment in that case, but a further trial would be required to determine the monetary damages. The Dempseys filed this Chapter 11 case prior to a determination on the monetary damages.

5. BrunoBuilt, Inc.'s relief from stay motion was premised on the notions that the state court would be a better and more convenient forum to determine the BrunoBuilt, Inc. claim, that the state court was more familiar with the facts of the case, and that the trial there would preserve judicial economy. The DIP disputed this and still maintains that the bankruptcy forum would be a better forum to determine the BrunoBuilt, Inc. claim. Because the parties contested the issue, it went to trial on January 22, 2020, and the Court granted the Motion. The Order granting the Motion was entered on February 5, 2020, as Docket No. 97.

6. Four and a half months have passed since the trial on BrunoBuilt, Inc.'s hotly contested Motion to lift the stay, and so far, BrunoBuilt, Inc. has not set the matter for trial in state court; and there is no briefing schedule. Literally nothing has happened with respect to liquidating the BrunoBuilt, Inc. claim other than a discussion between attorneys that maybe the parties could agree to a claim amount, and a suggestion that the parties could possibly mediate. Notwithstanding the foregoing, and notwithstanding the current situation with COVID-19, there is no excuse to not have at least contacted the state court and obtained a trial date and briefing schedule after all this time. If nothing else, it may have prompted more productive negotiations. At this point, scheduling a trial in state court will likely not be set until some time in 2021.

7. At the current posture in this bankruptcy case, the DIP is getting ready to file their Plan and Disclosure Statement in the month of June. Accordingly, the BrunoBuilt, Inc. unliquidated claim should be adjudicated by this Court. To that end, the DIP has concurrently filed a Motion to Disallow the BrunoBuilt, Inc. claim, objecting to the claim on several bases and submitting admissible evidence in support of its objection.

8.      Considering that the BrunoBuilt, Inc. claim is not set for trial on damages in the state court, which was the basis for the Motion for relief from the Automatic Stay, this Motion to Reconsider the Court's Order granting relief from stay is appropriate at this time.

## II.

## LEGAL ARGUMENT

9.      Fed. R. Civ. P. 60(b) made applicable by Fed. R. Bankr. P. 9024. Rule 60(b) provides six reasons for granting relief from a final judgment or order.

10.     This Motion is made pursuant to Rule 60(b)(6). "Rule 60(b)(6) is a catch-all provision that allows a court to vacate a judgment for 'any other reason justifying relief from the operation of the judgment [not articulated in (b)(1) through (b)(5)].'  That rule 'has been used sparingly as an equitable remedy to prevent manifest injustice.' United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993). To receive Rule 60(b)(6) relief, a moving party must 'show both injury and that circumstances beyond its control prevented timely action to protect its interests.' Id. Neglect or lack of diligence is not to be remedied through Rule 60(b)(6). United States v. RG & B Contractors, Inc., 21 F.3d 952, 956 (9th Cir.1994); Stevens v. ITT Sys., Inc., 868 F.2d 1040, 1041 (9th Cir.1989)." Lehman v. United States, 154 F. 3d 1010 (9th Cir. 1998).  See also, In re Anderton, 00.1 I.B.C.R. 5, 8 (Bankr. D. Idaho 2001) (citing United States v. Washington, 98 F.3d 1159, 1163 (9th Cir. 1996)) ("[R]ule 60(b)(6) is only to be applied in rare cases where a party was prevented by 'extraordinary circumstances' from seeking timely prevention or correction of an erroneous judgment.").

11.     In this case, the injury to the DIP at this time would be having to wait possibly over a year to liquidate the BrunoBuilt, Inc. claim when it is almost ready to file its Plan and Disclosure Statement. Although the BrunoBuilt, Inc. claim is not required to be liquidated in order for the DIP to file the Plan and Disclosure Statement, not having the claim liquidated lends some uncertainty with respect to the voting classes and can ultimately affect confirmation. For example, throughout this case BrunoBuilt, Inc. has maintained that it is the largest unsecured creditor in this case and thus controls the general unsecured creditor class, however this may not be true, especially considering that ICCU

may end up having a large unsecured claim if their deed of trust is avoided. Without the BrunoBuilt, Inc. claim adjudicated and liquidated in the bankruptcy court, the general unsecured class of creditors remains uncertain as to the claimants' proportional voting power. Moreover, no disbursements will be made to BrunoBuilt, Inc. under the Plan until the claim is liquidated, so funds will have to be held in trust until the state court is able to hold a trial on the matter.

As to the second element under Rule 60(b)(6), the circumstances beyond the DIP's control which prevented timely action to protect its interests are that the DIP assumed BrunoBuilt, Inc. would set the matter for trial in state court at the earliest convenience for the state court since it fought to remove this matter from the bankruptcy court. The DIP contested the motion to lift the stay back in January of 2020, taking it to trial, but once the Motion was granted, the DIP relied on BrunoBuilt, Inc. to proceed to liquidate its claim as it told this Court it would do if granted relief from the automatic stay.

This case now in a different posture than it was four to five months ago.  While admittedly it appears that motions for reconsideration under Rule 60(b)(6) are rarely granted, it is warranted in this case where the creditor obtained relief from stay over four months ago in order to do something it has not even attempted to do – liquidate its claim. Part of the justification for returning to state court, in addition to the state court judge being more familiar with the facts, was that the process would allegedly be more expedient and economical. That has not turned out to be the case, and now there is a pending motion to disallow the BrunoBuilt, Inc. claim, and that will most certainly require a trial in the bankruptcy court, likely mooting the need for the relief from stay Order in any event.

### III.

### CONCLUSION

For the foregoing reasons, the Court should reconsider its Order granting relief from the Automatic Stay to BrunoBuilt, Inc. (Docket No. 97), and should reverse its Order as would be consistent with the pending Objection to Claim which will be tried by this Court.

June 5, 2020                                                                                        ROARK LAW OFFICES

*Holly Roark*

_____
Holly Roark,
Counsel for Debtors-in-possession

**DEBTORS-IN-POSSESSION'S MOTION TO RECONSIDER ORDER GRANTING RELIEF FROM THE
AUTOMATIC STAY TO BRUNOBUILT, INC. (DOCKET NO. 97) - 5**

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that ON June 5, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors-in-Possession holly@roarklawboise.com, courtnotices@roarklawoffices.com

Robert A Faucher on behalf of Creditor BrunoBuilt, Inc.
rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Philip John Griffin on behalf of Creditor BrunoBuilt, Inc.
PJGriffin@hollandhart.com, boiseintaketeam@hollandhart.com;njhammond@hollandhart.com

Jesse A.P. Baker on behalf of Creditor Bank of America (NC) ecfidb@aldridgepite.com, JPB@ecf.courtdrive.com

Lesley Bohleber on behalf of Creditor Bank of America, N.A. ecfidb@aldridgepite.com, llueke@ecf.courtdrive.com

Trevor L Hart on behalf of Creditor Washington Trust Bank
tlh@perrylawpc.com, jks@perrylawpc.com;mbp@perrylawpc.com;taw@perrylawpc.com

Scott B Muir on behalf of Interested Party CITY OF BOISE
BoiseCityAttorney@cityofboise.org

Brett R Cahoon on behalf of U.S. Trustee US Trustee ustp.region18.bs.ecf@usdoj.gov

      AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

      Via first class mail, postage prepaid addressed as follows:

BrunoBuilt, Inc.
890 E. Franklin Rd, Suite 202
Meridian, ID 83642

/s/ *Holly Roark*
_____
Holly Roark