Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Counsel for Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| | |
|---|---|
| In Re: | Case No. 19-01069-JMM |
| WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY, | Chapter 11 |
| Debtors and Debtors in Possession. | |

**DEBTORS-IN-POSSESSION'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO BRUNOBUILT, INC. (DOCKET NO. 97)**

Pursuant to the Federal Rules of Evidence, Rule 201(b), William E. Dempsey, II and Amy D. Dempsey, the Debtors and Debtors-in-Possession ("DIP") herein, hereby request that the Court take judicial notice of the following:

**Exhibit A**:   A true and complete copy of BrunoBuilt, Inc.'s Motion for Relief from Stay, filed with the court on October 18, 2019, as Docket No. 25 and served on counsel for the DIP in the above referenced bankruptcy case.

**Exhibit B**:   A true and complete copy of the DIP's Objection to BrunoBuilt, Inc.'s Motion for Relief from Stay, filed with the Court on November 7, 2019, as Docket No. 35 and served on counsel for BrunoBuilt, Inc. in the above referenced bankruptcy case.

---

**Exhibit C**:  A true and complete copy of the Order Granting BrunoBuilt, Inc.'s Motion for

Stay Relief, entered by the Court on February 5, 2020, as Docket No. 97.

DATE: June 5, 2020                                ROARK LAW OFFICES

                                                 _____
                                                 Holly Roark,
                                                 Counsel for Debtors-in-
                                                 possession

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that ON June 5, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors-in-Possession holly@roarklawboise.com, courtnotices@roarklawoffices.com

Robert A Faucher on behalf of Creditor BrunoBuilt, Inc.
rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Philip John Griffin on behalf of Creditor BrunoBuilt, Inc.
PJGriffin@hollandhart.com, boiseintaketeam@hollandhart.com;njhammond@hollandhart.com

Jesse A.P. Baker on behalf of Creditor Bank of America
(NC)                              ecfidb@aldridgepite.com,
JPB@ecf.courtdrive.com

Lesley Bohleber on behalf of Creditor Bank of America,
N.A.                              ecfidb@aldridgepite.com,
llueke@ecf.courtdrive.com

Trevor L Hart on behalf of Creditor Washington Trust Bank
tlh@perrylawpc.com, jks@perrylawpc.com;mbp@perrylawpc.com;taw@perrylawpc.com

Scott B Muir on behalf of Interested Party CITY OF BOISE
BoiseCityAttorney@cityofboise.org

Brett R Cahoon on behalf of U.S. Trustee US
Trustee ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

BrunoBuilt, Inc.
890 E. Franklin Rd, Suite 202
Meridian, ID 83642

/s/ *Holly Roark*

_____
Holly Roark

# EXHIBIT A

Robert A. Faucher (ISB #4745)
Christopher C. McCurdy (ISB #8552)
HOLLAND & HART LLP
800 West Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
Telephone:  (208) 342-5000
Facsimile:  (208) 343-8869
Email:   rfaucher@hollandhart.com
          ccmccurdy@hollandhart.com

Attorneys for BrunoBuilt, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>WILLIAM E. DEMPSEY, II and<br>AMY D. DEMPSEY,<br><br>                   Debtors. | Case No. 19-01069-JMM<br><br>Chapter 11 |

## BRUNOBUILT, INC.'S MOTION FOR STAY RELIEF

### NOTICE OF MOTION

PLEASE TAKE NOTICE THAT BrunoBuilt, Inc. has filed the below Motion.  Pursuant to Local Bankruptcy Rule 4001.2, any party in interest opposing the Motion must file and serve a written objection thereto no later than 17 days after the date hereof.  The objection shall specifically identify those matters contained in the Motion that are at issue and any other basis for opposition to the Motion.  Absent the filing of a timely objection, the Bankruptcy Court may grant the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE THAT any objection to the Motion must be filed with the Bankruptcy Court and served upon undersigned counsel and the persons appearing in the Certificate of Service attached hereto.

PLEASE TAKE FURTHER NOTICE any party objecting to the Motion must file and serve a notice of hearing at the same time that it files its objection to the Motion.  The party shall contact the Bankruptcy Court's calendaring clerk to schedule a preliminary hearing.  The preliminary hearing shall be held within 33 days of the date hereof, or the Bankruptcy Court may grant the relief sought in the Motion without a hearing pursuant to section 362(e) of the Bankruptcy Code, 11 U.S.C. § 362(e).

**BRUNOBUILT, INC.'S MOTION FOR STAY RELIEF- 1**

# EXHIBIT A

NOW COMES BrunoBuilt, Inc. ("Movant"), by and through its attorneys of record, and represents as follows for this, its Motion for Stay Relief.

1.     Movant is an Idaho corporation authorized to do business in the State of Idaho. Movant and the above-captioned debtors ("Debtors") entered into a contract for the construction of a residential home upon real property commonly known as 238 Alto Via, Boise, Idaho (the "Project").

2.     A dispute exists between Movant and Debtors with respect to the Project.

3.     Movant commenced a state court lawsuit against Debtors on December 27, 2017. The case is styled *BrunoBuilt, Inc. v. William and Amy Dempsey, et al.*, Case No. CV01-17-23686, Fourth Judicial District Court, State of Idaho, County of Ada (the "State Court Lawsuit").

4.     On August 27, 2019, the State Court entered its Memorandum Decision and Order finding that Debtors had breached the contract.

5.     A trial to determine the amount of Movant's damages was set to commence on September 30, 2019.  At the formal pre-trial conference on September 17, 2019, counsel for the Debtors notified the State Court of Debtors' intention to file for bankruptcy protection.  Later that day, the Debtors filed this current case and the automatic stay took effect.

6.     Debtors' Schedule E/F lists Movant as a Nonpriority Creditor with an unliquidated and disputed claim in the amount of $1,332,845.32.

7.     Movant is entitled to stay relief for cause under Bankruptcy Code § 362(d)(1) to proceed to trial in the State Court Lawsuit, including, without limitation, for a determination of the amount of damages resulting from the Debtors' breach, and for a determination of attorney fees and costs.

**BRUNOBUILT, INC.'S MOTION FOR STAY RELIEF- 2**

EXHIBIT A

8.     "Cause" is not defined in the Bankruptcy Code. Instead, this Court must exercise its discretion on a case-by-case basis to determine whether sufficient cause has been demonstrated to support relief from the automatic stay. *In re Tactical Ordinance & Equip. Corp.*, Nos. 04-04422 TLM, 04-04423 TLM, 04-04424 TLM, 2005 Bankr. LEXIS 3038, at *5 (Bankr. D. Idaho Mar. 17, 2005) (Citing *See In re Tuscan Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *In re Santa Clara County Fair Ass'n*, 180 B.R. 564 (9th Cir. BAP 1995)).

9.     In determining whether "cause" exists, courts often analyze twelve factors, which have come to be known as the "Curtis factors," as follows:

   (1) Whether the relief will result in a partial or complete resolution of the issues;

   (2) The lack of any connection with or interference with the bankruptcy case;

   (3) Whether the foreign proceeding involves the debtor as a fiduciary;

   (4) Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

   (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

   (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

   (7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

   (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination;

   (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

   (10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

   (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and;

   (12) The impact of the stay and the "balance of hurt."

*In re Roger*, 539 B.R. 837, 844-45 (C.D. Cal. 2015) (Citing *In re Curtis*, 40 B.R. 795 40 B.R. at 799-800 (internal citations omitted)).

**BRUNOBUILT, INC.'S MOTION FOR STAY RELIEF- 3**



EXHIBIT A

10.     While the *Curtis* factors are widely used to determine the existence of "cause," not all of the factors are relevant in every case, nor is a court required to give each factor equal weight. *Id.* at 845 (Citing *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 560 (Bankr. C.D. Cal. 2004)).

11.     The requested stay relief to proceed to trial in the State Court lawsuit will completely resolve the unliquidated and disputed nature of Movant's claim.  Thus, Factor 1 is a favorable to granting the requested relief.

12.     The requested stay relief will not interfere with the administration of Debtors' bankruptcy case.  Thus, Factor 2 is favorable to granting the requested relief.

13.     Movant is the largest unsecured creditor listed on Debtors' bankruptcy schedules. Granting the relief will allow Movant's claim to be quantified in a liquidated and undisputed amount, however, the nonpriority unsecured status of the claim will be unchanged.  Accordingly, the  difference in the eventual liquidated amount of damages is highly unlikely to prejudice the interests of other creditors and other interested parties. Thus, Factor 7 is favorable to granting the requested relief.

14.     The State Court lawsuit has been in active litigation since December 27, 2017. The parties have completed discovery, depositions, and expert disclosures.  The court has heard and ruled on the parties' motions for summary judgment.  Movant filed and served trial exhibits, a witness list, and a pre-trial brief at the pre-trial conference.  Debtors filed for bankruptcy protection twelve days before the parties were to commence a three-day court trial to determine damages. Thus, Factors 10 and 11 are favorable to granting the requested relief because the parties are prepared for trial.  Completing the State Court Lawsuit is the most expeditious and economical manner to liquidate the amount of Movant's claim.

# EXHIBIT A

15.     At docket no. 17, Debtors filed an application to employ, under Bankruptcy Code section 327(e), their attorneys who have represented them in the State Court Lawsuit.  This seems to be a recognition by  Debtors that non-bankruptcy litigation between the parties will continue.  In fact, the application to employ specifically acknowledged the possibility that the litigation might continue in state court.  *Application to Employ*, ¶ 5.

16.     Factors 3, 4, 5, 6, 8 and 12 do not appear to be relevant to this case.

17.     No creditors' committee has been appointed in this bankruptcy case. Accordingly, Movant has served this Motion upon the list of twenty largest unsecured creditors, in accordance with Bankruptcy Rules 4001(a)(1) and Rule 1007.

18.     Movant's service accordingly complies with LBR 4001.2(d)(1).

19.     Of course, Movant understands that it will not be receiving stay relief to execute upon any judgment entered in the State Court Lawsuit.

WHEREFORE, BrunoBuilt, Inc. moves for relief from the automatic stay for cause, 11 U.S.C. § 362(d)(1), to proceed to a damages trial in the State Court Lawsuit, including, without limitation, for a determination of the amount of damages resulting from the Debtors' breach, a determination of attorneys' fees and costs, and entry of a final judgment.

DATED this 18th day of October, 2019.

HOLLAND & HART LLP


By _____/s/ Robert A. Faucher_____
        Robert A. Faucher, of the firm
        Christopher C. McCurdy, for the firm

        Attorneys for BrunoBuilt, Inc.


**BRUNOBUILT, INC.'S MOTION FOR STAY RELIEF- 5**

EXHIBIT A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

D. Blair Clark
Jeffrey Philip Kaufman
Law Office of D. Blair Clark PC
1509 Tyrell Lane, 180
Boise, ID 83706
Telephone: (208) 475-2050

- jeffrey@dbclarklaw.com

Brett R. Calhoun
Office of the U.S. Trustee
720 Park Blvd., Suite 220
Boise, ID 83712
Telephone: (208) 334-1300

- ustp.region18.bs.ecf@usdoj.gov

Mark B. Perry
Trevor L. Hart
PERRY LAW, P.C.
P.O. Box 637
Boise, ID 83701-0637
Telephone: (208) 338-1001
*Attorneys for Washington Trust Bank*

- mbp@perrylawpc.com
- tlh@perrylawpc.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants by First Class Mail, with postage prepaid addressed as follows:

Bank of America
P.O. Box 45224
Jacksonville, FL 32203

Idaho Central Credit Union
P.O. Box 2469
Pocatello, ID 83206

Barclays Bank
P.O. Box 60517
City of Industry, CA 91716-0517

Ada County
Attn: Finance Dept.
252 E. Front Street, Suite 199
Boise, ID 83702-7339

Barclays Bank
P.O. Box 8803
Wilmington, DE 19899-8803

Idaho State Tax Commission
P.O. Box 36
800 Park Blvd.
Boise, ID 83722

**BRUNOBUILT, INC.'S MOTION FOR STAY RELIEF- 6**

# EXHIBIT A

Capital One
P.O. Box 60599
City of Industry, CA  91716-0599

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19114

Chase Card Member Services
P.O. Box 6294
Carol Stream, IL  60197-6294

Davison Copple Copple
Attn:  Terry Copple
P.O. Box 1583
Boise, ID  83701

Zion's Bank
Boise/Main Financial Center
800 W. Main Street, Suite 100
Boise, ID  83702

McConnell Wagner Sykes & Stacey
Attn:  Richard Stacey
827 E. Park Blvd., Suite 201
Boise, ID  83712-7782

Morrow & Fischer
Attn:  Laura Burri
332 N. Broadmore Way, Suite 102
Nampa, ID  83687

/s/ Robert A. Faucher
Robert A. Faucher
of HOLLAND & HART LLP

13584716_v3

**BRUNOBUILT, INC.'S MOTION FOR STAY RELIEF- 7**

# EXHIBIT A

# EXHIBIT B

D. Blair Clark, ISB No. 1367
Jeffrey P. Kaufman, ISB No. 8022
LAW OFFICE OF D. BLAIR CLARK PC
1509 Tyrell Lane, Suite 180
Boise, ID  83706
Phone: (208) 475-2050
Fax: (208) 475-2055
Email: dbc@dbclarklaw.com
          jeffrey@dbclarklaw.com

Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. 19-01069-JMM |
| WILLIAM E. DEMPSEY, II, and<br>AMY D. DEMPSEY. | Chapter 11 |
| Debtors. | |

### OBJECTION TO BRUNOBUILT INC.'S MOTION FOR STAY RELIEF

COMES NOW the debtors by and through their attorney Jeffrey P. Kaufman, of the Law

Office of D. Blair Clark, PC, and hereby object to Brunobuilt, Inc.'s Motion for Stay Relief

(Docket No. 25).  In support of this objection the debtors respectfully represent the following:

**1.**   In or about December 2015, Debtors contracted with Brunobuilt, Inc. ("Brunobuilt") to

construct a residential dwelling in the foothills above Boise.  However, due to unanticipated

shifting of the land, the construction was compromised.  After delays and the lack of a certificate

of occupancy, Debtors rescinded the contract during the summer of 2016.  Brunobuilt filed suit

against Debtors in December 2017.  On August 26, 2019, the state court ruled on summary

EXHIBIT B

judgment that Debtors breached the contract with Brunobuilt and were liable to Brunobuilt for

an amount of damages to be determined at trial. Debtors filed their bankruptcy petition

approximately two weeks prior when the trial was scheduled to begin. Due to the automatic stay

the trial was subsequently vacated and has not been rescheduled.

**2.**    Brunobuilt seeks relief of the 11 U.S.C. § 362(a) automatic stay, pursuant to § 362(d)(1)

in order to return to state court to proceed to trial for a determination of the amount of damages

resulting from Debtors' breach of their contract with Brunobuilt.

**3.**    As an initial matter, as the movant, Brunobuilt has the burden of establishing a prima

facie case that cause exists for relief under § 362(d)(1). *In re Lyon*, 2019 Bankr. LEXIS 1977

*5, FN11 (Bankr. D. Idaho July 2, 2019). Once established, the burden then shifts to the debtor

to show that such relief is unwarranted. *Id.* If the movant fails to meet its initial burden, relief

from the automatic stay should be denied. *Id.*

**4.**    As noted by the Ninth Circuit Bankruptcy Appellate Panel, 'cause' is a generic concept

without a specific definition that is committed to the sound discretion of the bankruptcy court on

a case-by-case basis. *Yun Hei Shin v. Altman (In re Altman)*, 2018 Bankr. LEXIS 1947 (9th Cir

BAP June 26, 2018) (citing *Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.)*,

96 F.3d 346, 351-52 (9th Cir. 1996)). "Among the factors which the bankruptcy court may

consider when deciding whether to lift the stay to permit litigation in another forum are

considerations of judicial economy, the expertise of the state court, prejudice to the parties and

whether exclusive bankruptcy issues are involved." *In re Kronemeyer*, 405 B.R. 915, 921 (9[th]

EXHIBIT B

Cir. BAP 2009).

5.  The basis for Brunobuilt's request can be boiled down to a single sentence from its motion: "Completing the State Court Lawsuit is the most expeditious and economical manner to liquidate the amount of Movant's claim."  Docket No. 25, p 4, ¶ 14.  Because, it asserts, "The parties are prepared for trial."  *Id.*

6.  At first blush Brunobuilt's request might appear to be a reasonable one.  But in the end, the predominate consideration is the issue of the dischargeability of Brunobuilt's claim.  Which Brunobuilt fails to even acknowledge.  Dischargeability of a claim is a "core" matter.  *See* 28 U.S.C. §§ 157(b)(1), (b)(2)(I).  This Court has *exclusive* jurisdiction to hear § 523(a)(2), (4) and (6) cases.  *Deitz v. Ford (In re Deitz)*, 760 F.3d 1038, 1043 (9th Cir. 2014).  This Court regularly determines, in such proceedings and under its core jurisdiction, whether a debtor owes a debt to the creditor, *the amount of that debt*, and the alleged nondischargeability of that debt.  *In re Lyon*, 2019 Bankr. LEXIS 1977 *10-11.  "It is well accepted that this Court can establish the amount of a debtor's liability in the process and context of determining whether such debt is nondischargeable."  *Id*. (quoting *In re Frantz*, 2015 Bankr. LEXIS 1317, 2015 WL 1778068, *13 (Bankr. D. Idaho Apr. 16, 2015).

7.  While Brunobuilt asserts that several of the *Curtis* factors support its relief of the automatic stay,

> "[i]t is important to recognize that factor-driven analyses in bankruptcy law is
> more than just toting up supporting and opposing factors. *In re Stella*, 2006
> Bankr. LEXIS 1980, 2006 WL 2433443, *4 (Bankr. D. Idaho June 28, 2006)
> ("[S]uch lists are capable of being misconstrued as inviting arithmetic reasoning

19-01069-JMM | In re Dempsey-
OBJECTION TO BRUNOBUILT INC.'S MOTION FOR STAY RELIEF                                          Page 3

EXHIBIT B

[but] are merely a framework for analysis and not a scorecard.  In any given case, one factor may so outweigh the others as to be dispositive." (quoting *Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 24-25 (9th Cir. BAP 2003)).

*Wolford v. Montee (In re Montee)*, 2018 Bankr. LEXIS 690, 2018 WL 1305419, *3 (Bankr. D. Idaho Mar. 12, 2018) (citations omitted).

**8.**    Brunobuilt attempts to argue that the first *Curtis* factor "is a favorable factor to granting the requested relief" because proceeding to trial "will completely resolve *the unliquidated and disputed nature* of [Brunobuilt's] claim".  Docket No. 25, p 4, ¶ 11.  However, Brunobuilt refrains from addressing whether it intends to assert a nondischargeability claim against Debtors. Therefore whether proceeding to trial in state court would result in a "complete resolution" is uncertain - at least until December 17, 2019.[1]  After an inquiry, Brunobuilt's counsel was unable to confirm that a nondischargeability action would not be forthcoming.  As such, unless Brunobuilt concedes that its claim against Debtors is dischargeable, proceeding to trial in state court may not result in a complete resolution of the issues.  If additional litigation is necessary, judicial economy and expeditious resolution of litigation would not be served.  As noted in *Montee*, the *Curtis* factors are not to be tallied like a scorecard, as in any given case, one factor may so outweigh the others as to be dispositive.  *Wolford v. Montee (In re Montee)*, 2018 Bankr. LEXIS, 2018 WL 1305419, *3.  That Brunobuilt may still bring a nondischargeability action means that returning to state court may not result in a complete resolution of the issues; this is dispositive and undercuts Brunobuilt's argument that returning to state court is the most

---

[1] The deadline for bringing such an action is December 17, 2019.  *See* Docket No. 11, pg 2.

EXHIBIT B

expeditious and economical manner to liquidate its claim.[2]

9.   Unless Brunobuilt concedes that its claim is a dischargeable claim, it is uncertain whether returning to state could would provide for a complete resolution of the issues.  Brunobuilt's motion should be denied for this reason alone.[3]  Even if Brunobuilt concedes that its claim is dischargeable, it still has not established a prima facie case that cause exists to grant relief from the stay.  That the parties are prepared for trial weighs little in favor of granting the relief Brunobuilt requests.  The discovery, depositions, and expert disclosures would not need to be redone.  Nor would there be a need to significantly adjust trial exhibits, witness lists, and pre-trial briefs.  These work products would not be lost if relief from the stay is not granted.  The discovery and evidentiary preparation would still be of value in a trial before this Court.  *In re Lyon*, 2019 Bankr. LEXIS 1977, *8.

10.  This Court is not an inconvenient forum for Brunobuilt, Inc.[4]  Nor does Brunobuilt contend that the state court is better suited to hear its claim due to any specialized knowledge that which this Court does not have.  Other than its argument that the parties are prepared for trial in state court, Brunobuilt offers no other reason as to why the parties should return to state court for a trial when this court is just as capable as the state court to liquidate Brunobuilt's

---

[2] The issue of dischargeability was the dispositive factor in *In re Lyon*, 2019 Bankr. LEXIS 1977, in *In re Smith*, 389 B.R. 902 (Bankr. D. Nev 2008), and in *Berman, Bermnan & Berman, LLP v. Jordan (In re Jordan)*, 2010 Bankr. LEXIS 5092 (9th Cir. BAP) just to name a few.

[3] A bankruptcy court is usually well within its discretion to deny relief from the automatic stay to continue state court litigation where issues of nondischargeability are present.  *Berman, Bermnan & Berman, LLP v. Jordan (In re Jordan)*, 2010 Bankr. LEXIS 5092, *8.

[4] Per its claim, Brunobuilt's place of business is in Meridian, Idaho.

**19-01069-JMM | In re Dempsey-**
**OBJECTION TO BRUNOBUILT INC.'S MOTION FOR STAY RELIEF**                                      **Page 5**

# EXHIBIT B

claim.

**11.** Moreover, Brunobuilt fails to advise the dates on which it anticipates the state court would reschedule the three-day trial, should relief be granted. Frankly, this court might be able to hear the matter just as soon as the state court could. Brunobuilt's assertion that returning to state court is "the most expeditious and economical manner to liquidate the amount of [Brunobuilt's] claim." is just a guess.

**12.** For these reasons, Brunobuilt has not established a prima facie case that cause exists for relief under § 362(d)(1) and the motion should be denied.

WHEREFORE Debtors respectfully request that the Court DENY Brunobuilt, Inc.'s Motion for Stay Relief.

Dated this 7th day of November, 2019.          LAW OFFICE OF D. BLAIR CLARK, PC

By  */s/Jeffrey P. Kaufman*
                    Jeffrey P. Kaufman

# EXHIBIT B

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of November, 2019, I served a true and correct copy of the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

US Trustee
ustp.region18.bs.ecf@usdoj.gov

Trevor L. Hart, for Washington Trust Bank
tlh@perrylawpc.com

Robert Faucher, for Brunobuilt, Inc.
Rfaucher@hollandhart.com

I further certify that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:
**None**

/s/ *Jeffrey P. Kaufman*
Jeffrey P. Kaufman

EXHIBIT B

# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| In re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II and AMY D. DEMPSEY, | Chapter 11 |
| Debtors. | |

## ORDER GRANTING BRUNOBUILT, INC.'S MOTION FOR STAY RELIEF

THIS MATTER having come before the Court on BrunoBuilt, Inc.'s Motion for Stay Relief, docket no. 25, filed on October 18, 2019 (the "Motion"); and

The above-captioned debtors having filed an objection to the Motion at docket no. 35 on November 7, 2019; and

An evidentiary hearing having been held before the Court on January 22, 2020; and

Good cause appearing therefor,

IT IS HEREBY ORDERED AND THIS DOES ORDER:

1.      The Motion is granted for the reasons stated on the record in the Court's oral ruling of January 22, 2020.

2.      BrunoBuilt, Inc. is granted stay relief for cause pursuant to 11 U.S.C. § 362(d)(1) to prosecute its claims against the debtors in that civil lawsuit styled *BrunoBuilt, Inc. v. William Dempsey and Amy Dempsey, et al.*, Case No. CV01-17-23686, Fourth Judicial District Court, State of Idaho, County of Ada (the "State Court Lawsuit").

3.      Stay relief granted BrunoBuilt, Inc. in this Order does not extend to any proceedings on appeal, nor to execution on nor enforcement of any judgment entered in the State Court Lawsuit.

ORDER GRANTING BRUNOBUILT, INC.'S MOTION FOR STAY RELIEF - 1

EXHIBIT C

4.     This Order is immediately enforceable notwithstanding Bankruptcy Rule

4001(a)(3).



DATED:  February 3, 2020

_____

JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

**Submitted by:**

Robert A. Faucher
HOLLAND & HART LLP

*Attorneys for BrunoBuilt, Inc.*

**Agreed to as a Matter of Form by:**

ROARK LAW OFFICES


/s/ Holly Roark
By:  Holly Roark, of the firm
Attorneys for Debtors William E. Dempsey, II and Amy D. Dempsey

14141997_1


ORDER GRANTING BRUNOBUILT, INC.'S MOTION FOR STAY RELIEF - 2

EXHIBIT C