Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Counsel for Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| | |
|---|---|
| In Re: | Case No. 19-01069-JMM |
| WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY, | Chapter 11 |
| Debtors and Debtors in Possession. | |

**DECLARATION OF WILLIAM E. DEMPSEY, II, IN SUPPORT OF DEBTORS' OBJECTION TO BRUNOBUILT, INC.'S MOTION TO EXTEND DEADLINE TO OBJECT TO INTERIM FEE APPLICATION**

I, William E. Dempsey, II, declare as follows:

1.      I am one of the Debtors and Debtors-in-Possession in the above-referenced case.  I have personal knowledge of the facts set forth herein and if called as a witness I could and would testify thereto truthfully.

2.      It is my understanding that creditor BrunoBuilt, Inc. ("BrunoBuilt") asserts in this matter that Amy Dempsey and I, as Debtors and Debtors-in-Possession, should list on our asset schedule a potential malpractice claim against Davison, Copple, Copple & Copple, LLP and its attorneys, Terry C. Copple and Michael E. Band (collectively, "Davison Copple") in connection with their representation of Amy and me in the dispute arising from the Construction Contract at 238 Alto Via Ct. in Boise, Idaho including the litigation filed the Fourth Judicial District of the State of Idaho styled as BrunoBuilt, Inc. v. Dempsey et al., Ada County Civil Case No. CV01-17-23686 (the "BrunoBuilt v. Dempsey Case").

3.      It is my further understanding that the basis of BrunoBuilt's contention in this regard is that we did not sue, prior to the expiration of applicable statutes of limitation, any third parties (*e.g.*, the architectural and engineering firms who provided services related to the lot and home, Boise City, etc. (the "Third Parties")) for damages in relation to the landslide affecting Alto Via Ct. from which the BrunoBuilt v. Dempsey Case arose.

4.      The purpose of this declaration is to explain and confirm to the Court that Davison Copple, and specifically Terry C. Copple and Michael E. Band, discussed with Amy and me the possibility of making claims against such Third Parties on multiple occasions prior to the expiration of any applicable statutes of limitation.

5.      BrunoBuilt's complaint in the BrunoBuilt v. Dempsey Case was filed on December 27, 2017.  I emailed a copy to Mr. Copple on December 29, 2017.  Amy and I met with Mr. Copple and Mr. Band on January 8, 2018, in Mr. Copple's office to discuss his analysis of the Complaint and the path forward in litigation.  During this meeting, one of the topics that was discussed was the possibility of suing the Third Parties.  Amy and I inquired as to the costs of pursuing the claims in terms of attorneys' fees, expert costs, and time.  Mr. Copple advised that the expert costs and attorney fees could be significant as it was likely to involve extensive expert testimony to establish negligence and that litigating with insured parties is often contentious.  Mr. Copple advised that litigating with these Third Parties would likely necessitate the retention of several experts to generate reports and provide testimony, including experts in the fields of engineering, architecture, and land use development and planning.  Amy and I advised Mr. Copple that we did not have the financial resources to simultaneously defend against BrunoBuilt while litigating with these additional parties; nor were we personally interested in embarking upon additional litigation.

6.      On the morning of Monday, April 2, 2018, Amy and I received an email from Mr. Band to which was attached a PDF copy of a letter from BrunoBuilt's attorney Wyatt Johnson proposing a way to settle the case.  A true and accurate copy of this letter we received is attached hereto as EXHIBIT A.  This letter stated, in relevant part:

> At this point in time, BrunoBuilt has suits filed against the engineers, the City of Boise, and the developer to pursue its damages. Dempseys have filed no claims. It is possible that if Dempseys wait until the completion of this litigation, the applicable statutes of limitations will prevent Dempseys from bringing any claims. As part of a settlement, BrunoBuilt could assign its pending claims to Dempseys, and they could step in and pursue their damages for the increased contact cost and their diminished market value. BrunoBuilt could also provide copies of the substantial materials that have been collected in discovery and investigation. The materials consist of tens of thousands of pages.

7.   The foregoing letter (Ex. A) prompted a meeting at the office of Davison Copple that afternoon at 1:30 p.m. to discuss Mr. Johnson's letter and proposal.  Present at the meeting were me, Amy, Mr. Copple, and Mr. Band.  During this meeting we again discussed pursuing claims against the Third Parties.  It was discussed that the claims might expire as noted in Mr. Johnson's letter.  We confirmed to Mr. Copple and Mr. Band that we understood this risk and that we did not desire to expand the litigation because we had neither the financial nor emotional bandwidth to do so.  For the same reason, we declined to take an assignment of the claims as proposed by Mr. Johnson.

8.   I understand that Mr. Band made a note to the file after this meeting, which is attached hereto as EXHIBIT B.  I have reviewed these notes and confirm that they accurately summarize our April 2, 2018, phone call.

9.   On or about May 10, 2018, we learned that Rick Stacey and Chad Nicholson of the law firm McConnell, Wagner, Sykes, and Stacey were replacing Wyatt Johnson of Angstman Johnson as BrunoBuilt's attorneys.[1]  We viewed this as a potential positive, as we knew that Stacey had represented the other Alto Via homeowners and had access to expert witnesses which could be leveraged by BrunoBuilt against the parties it had sued to recover from them rather than us.

10.   BrunoBuilt's change of attorneys prompted a phone call on May 14, 2018, to discuss the change of attorneys as well as potential benefits in BrunoBuilt's efforts to recover against the professionals.  The participants in the call were me, Amy, Mr. Copple, and Mr. Band.  During this

---

[1] In fact, BrunoBuilt later sued Mr. Johnson for malpractice, which lawsuit remains pending: <u>BrunoBuilt, Inc. v. Angstman Johnson, PLLC and Wyatt B. Johnson, Ada County Civil Case No. CV01-18-11685</u>.

**DECLARATION OF WILLIAM E. DEMPSEY, II, IN SUPPORT OF DEBTORS' OBJECTION TO BRUNOBUILT, INC.'S MOTION TO EXTEND DEADLINE TO OBJECT TO INTERIM FEE APPLICATION - 3**

call, we noted that Chad Nicholson had advised us in the spring of 2016 that we could not participate in the lawsuit filed by the other Alto Via homeowners because we were not owners of the property. BrunoBuilt was (and remains) the owner. This, in turn, prompted yet another discussion about whether we could or should file their own actions against the various Third Parties. Mr. Copple again advised we might still have the option of pursuing claims against these Third Parties. We again asked about the potential costs and likelihood of success. Mr. Copple advised that he could not predict whether the claims would be successful and that the expert costs and attorney fees would likely be significant. We again confirmed that we did not have the financial resources to simultaneously defend the BrunoBuilt suit and also to litigate against the Third Parties, especially in light of the expert costs that would be involved. Further, we continued to desire to avoid additional litigation.

11.     I understand that Mr. Band took notes during this May 14, 2018, telephone call, which are attached hereto as EXHIBIT C. I have reviewed these notes and confirm that they accurately summarize our May 14, 2018, call.

12.     As described above, Mr. Copple and Mr. Band discussed with Amy and me the possibility of filing additional claims against the Third Parties on multiple occasions. Amy and I made the decision not to pursue such claims based on our own personal understanding of our finances and emotional capacity for additional litigation. In point of fact, the litigation with BrunoBuilt alone pushed Amy and me to the financial brink and by 2019 we had instructed Davison Copple to modify our litigation strategy to proceed as inexpensively as possible.

13.     Based on the foregoing, there is no merit whatsoever to BrunoBuilt's contention that we should list on our asset schedule a malpractice claim against Davison Copple.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 4, 2020, at Boise, Idaho.

William E. Dempsey, II

**DECLARATION OF WILLIAM E. DEMPSEY, II, IN SUPPORT OF DEBTORS' OBJECTION
TO BRUNOBUILT, INC.'S MOTION TO EXTEND DEADLINE TO OBJECT TO INTERIM
FEE APPLICATION - 4**

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that ON June 8, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors-in-Possession <u>holly@roarklawboise.com</u>, <u>courtnotices@roarklawoffices.com</u>

Robert A Faucher on behalf of Creditor BrunoBuilt, Inc.
rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Philip John Griffin on behalf of Creditor BrunoBuilt, Inc.
PJGriffin@hollandhart.com, boiseintaketeam@hollandhart.com;njhammond@hollandhart.com

Jesse A.P. Baker on behalf of Creditor Bank of
America (NC) ecfidb@aldridgepite.com,
JPB@ecf.courtdrive.com

Lesley Bohleber on behalf of Creditor Bank of
America, N.A. ecfidb@aldridgepite.com,
llueke@ecf.courtdrive.com

Trevor L Hart on behalf of Creditor Washington Trust Bank
tlh@perrylawpc.com, jks@perrylawpc.com;mbp@perrylawpc.com;taw@perrylawpc.com

Scott B Muir on behalf of Interested Party CITY OF BOISE
BoiseCityAttorney@cityofboise.org

Brett R Cahoon on behalf of U.S. Trustee US
Trustee ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

/s/ *Holly Roark*

_____
Holly Roark

# EXHIBIT "A"

# ANGSTMAN JOHNSON

### ATTORNEYS & COUNSELORS

3649 N. LAKEHARBOR LANE
BOISE, IDAHO 83703
TELEPHONE (208) 384-8588
FACSIMILE (208) 853-0117
WWW.ANGSTMAN.COM

**MEMBERS**
THOMAS J. ANGSTMAN
WYATT B. JOHNSON
MATTHEW T. CHRISTENSEN

**WYATT B. JOHNSON, ESQ.**
E-MAIL: WYATT@ANGSTMAN.COM

**ASSOCIATES**
ANTHONY M. SHALLAT
AUBREY RICHARDSON
KALEENA M. BECK
CHAD R. MOODY
KYLIE L. MADSEN
MARGO M. ANDERSON

**OF COUNSEL**
NATASHA N. HAZLETT
ERIN J. WYNNE

March 30, 2018

Sent Via Email: tc@davisoncopple.com;
band@davisoncopple.com

Terry C. Copple
Michael E. Band
Davison Copple, Copple & Copple
199 N. Capitol Blvd., Ste. 600
PO Box 1583
Boise, ID 83701

      RE:    BrunoBuilt v Dempsey – SETTLEMENT DISCUSSION IRE 408
             Our File No. 5634-039

Dear Terry and Michael:

I am writing this letter to follow up on some prior informal discussions we have had about a possible resolution to this case.

You both understand the substance of this case. BrunoBuilt has a contract claim against Dempseys. The City of Boise is currently reviewing plans for a retaining wall that will be installed to stabilize the topsoil on the property. Once that is installed, the City should issue an occupancy permit and the construction will be complete.

Under the contract, it is clear that, upon completion, Dempseys will need to pay the contract purchase price, plus the charges that were required in order to cure the additional problems created by the landslide. Those extra charges are not small. While I certainly intend to address those with you, I do not necessarily want to get lost in the weeds on that point right now.

EXHIBIT A

Page 2
March 30, 2018

What I prefer to do is propose a means for settling this case that would resolve the Dempseys' obligations to BrunoBuilt, but also put them in a position to minimize their losses.

As you know, if BrunoBuilt succeeds, Dempseys will either be forced to buy the house, or pay the difference between the contract price and the market value of the house. They will also be paying your attorney fees and BrunoBuilt's. Either way, this is undoubtedly a substantial sum. I expect that your clients are experiencing a certain amount of paralysis because it would be difficult to put together the cash that would be necessary to perform any sort settlement. However, there is a solution. Banner Bank, the construction lender on this project, needs to get this construction loan off its books. The loan has been open too long and the banking regulators tend to use "troubled" loans to reduce banks' lending ability. If, on the other hand, this debt was carried as a standard residential loan on a 30 year term, it would no longer be a problem loan. Based on prior conversations Robert Bruno has had with Banner Bank representatives, we believe that Banner Bank would be willing to finance Dempseys' contractual purchase price for the Alto Via property. While other banks might not be willing to lend the full amount because of appraisal problems or other concerns, it appears that Dempseys can circumvent that problem by working with Banner Bank. This is a strategy that helps both Dempseys and Banner Bank.

Obviously, the house will be much more expensive because of the costs of addressing the landslide. At this point in time, BrunoBuilt has suits filed against the engineers, the City of Boise, and the developer to pursue its damages. Dempseys have filed no claims. It is possible that if Dempseys wait until the completion of this litigation, the applicable statutes of limitations will prevent Dempseys from bringing any claims. As part of a settlement, BrunoBuilt could assign its pending claims to Dempseys, and they could step in and pursue their damages for the increased contact cost and their diminished market value. BrunoBuilt could also provide copies of the substantial materials that have been collected in discovery and investigation. The materials consist of tens of thousands of pages.

I realize that the Dempseys may not want the house on Alto Via. Because this is a contract claim, it doesn't really matter if they want the house or not. Regardless, they still don't need to live there. If they close on the property, they would then have the option to rent the property out and offset some or all of the expense they have incurred to acquire the property. People want to live in the foothills. Dempseys will undoubtedly be able to rent the property until the market no longer stigmatizes the property. We believe this will happen. Cartwright Engineers has analyzed the property and determined that the house itself sits over solid subsurface material which is preventing the house from sliding. (A copy of the report is attached.) The Dempseys are not geologists or geotechnical engineers. They should be able to reasonably rely upon the conclusions of the experts, Cartwright, if they choose to lease the property to tenants.

What I am proposing is a workable way out for the Dempseys. We can add up the money to the penny, later. Right now, we should confer and see if this proposed resolution, in principle, is a possibility.

EXHIBIT A

Page 3
March 30, 2018

      Right now, I see this as a discussion, rather than a full offer.  We would need to work out the final price and other details in order to get this resolved. However, I would like a response by the close of business, April 4, 2018, as to whether the Dempseys are willing to seriously explore this option.  I look forward to hearing from you.

Very truly yours,

Wyatt Johnson
Attorney at Law

WJ:wj

EXHIBIT A

# EXHIBIT "B"

2018.04.02 - Note to file.txt

NOTE TO FILE:

Terry Copple and Mike Band met with clients Bill and Amy Dempsey April 2, 2018, at
1:30.  The topic of the meeting was a settlement proposal sent by the attorney for
BrunoBuilt, Inc.
* It was discussed that settlement discussions could be premature at this time.
* Pursuing claims against engineers/City/Terra Nativa was discussed. The possibility
that claims might expire as noted in the letter was discussed.  The Dempseys
confirmed that they understood this risk and that they did not desire to litigate
with these parties.  Clients prefer to continue with the original strategy of
allowing BrunoBuilt to pursue these claims and hope that this will substantially
reduce or eliminate BrunoBuilt's claims against the Dempseys.
* After discussing the proposal, the Dempseys chose not to pursue the settlement
options proposed by Johnson at this time.

EXHIBIT B

# EXHIBIT "C"

CLIENTS TO CALL

## DEMPSEY CALL    5/14/18    @ 9:30

### TOPICS to COVER
- BRUNO NEW ATTORNEYS
  - RICK STACEY
  - WHY?
  - POTENTIAL BENEFITS
- REVIEW STATUS
- SETTLEMENT options/PATH/OUTLOOK
- _____ (?)

▸ Angstman/Johnson out // NWSS/Nicholson IN
→ Bill: TALKED to AFTER Mtg /TOLD
CAN'T BE INVOLVED w/ OTHER HOMEOWNER
action B/C NOT OWNER of Lot/HOME
IS THIS A CONFLICT?

WHEN?
April/May 16

▸ SUE other PARTIES NOW? (City/TN/MTI/?)
- BRUNO still OWNS ← REAL PARTY IN INTEREST
(SLANDY?)
TCC: "MOST PROTECTION"/MOST EXPENSIVE to SUE
Expert costs

Bill+Amy: "still" CAN'T / Don't WANT MORE litigation
"WILL BB PAUSE CASE AGAINST US?" PROB NO
RESULT CONSOL w/ others → NO6 BEHIND
"CONTINUE FOLLOWING BEHIND other CASES"
→ global settlement

DO: Find out if Stacey PLANS to SERVE BOISE/TN

EXHIBIT C

DO: • MONITOR OTHER CASES
     get DOCS: CV01-16-2291 S
                  - 17-1739S
  • LOOK AT CONFLICT 9
  • CALL STACEY/NICHOLSON

EXHIBIT C