Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Counsel for Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| In Re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY, | Chapter 11 |
| Debtors and Debtors in Possession. | |

**DEBTORS-IN-POSSESSION'S MEMORANDUM IN SUPPORT OF OBJECTION TO BRUNOBUILT, INC.'S MOTION TO EXTEND DEADLINE TO OBJECT TO INTERIM FEE APPLICATION**

The Debtors-in-Possession in the above-described Chapter 11 bankruptcy case, WILLIAM E. DEMPSEY, II and AMY D. DEMPSEY (the "DIP"), by and through their counsel, Roark Law Offices, file this Memorandum in support of their OBJECTION TO BRUNOBUILT, INC.'S MOTION TO EXTEND DEADLINE TO OBJECT TO INTERIM FEE APPLICATION filed as Docket No. 172 and state as follows:

**I.**

**There is no Malpractice Claim against DCCC**

1.     On April 28, 2020, litigation counsel for the DIP, Davison, Copple, Copple, & Copple LLP (DCCC) filed their first interim fee application as Docket No. 146. The deadline to respond to this application was May 22, 2020. On May 22, 2020, creditor BrunoBuilt, Inc. filed a

1

motion seeking more time to Object (Docket No. 159). BrunoBuilt, Inc.'s Motion should be denied as set forth herein and in the concurrently filed declaration of William E. Dempsey, II (the "Dempsey Decl." at Docket No. 174), and the interim fee application should be granted.

2.In its Motion (Docket No. 159), BrunoBuilt, Inc. alleges that it is the largest creditor in this case. Motion, at ¶1.  However, BrunoBuilt, Inc.'s claim is now the subject of an objection (see Docket No. 165), and its claim is unliquidated and disputed in any event. Accordingly, it is unclear at this time whether BrunoBuilt, Inc. is actually the largest creditor in this case.

3.More substantively, BrunoBuilt, Inc. alleges that it needs more time to investigate, propound and complete discovery on two alleged claims: (1) the Dempseys' alleged claims against the Terra Nativa Professionals, and (2) the alleged "malpractice" claims against its own counsel, Davison, Copple, Copple, & Copple LLP (DCCC), which malpractice claim is made out of whole cloth by BrunoBuilt, Inc. and his counsel.

4.With respect to the Debtors' claims against the Terra Nativa Professionals, as set forth in the concurrently filed Dempsey Decl., the litigation against the Terra Nativa Professionals, like with all litigation, carries risks. Prepetition, the Dempseys chose not to pursue any claims against the Terra Nativa Professionals, stating in  Mr. Dempsey's declaration that "we did not have the financial resources to simultaneously defend the BrunoBuilt suit and also to litigate against the Third Parties, especially in light of the expert costs that would be involved." Dempsey Decl. ¶10. "Further, we continued to desire to avoid additional litigation." Ibid.

5.Mr. Dempsey further testifies in his declaration that, "Mr. Copple and Mr. Band discussed with Amy and me the possibility of filing additional claims against the Third Parties on multiple occasions." Dempsey Decl. ¶12.  "Amy and I made the decision not to pursue such claims based on our own personal understanding of our finances and emotional capacity for additional litigation." Ibid.  "In point of fact, the litigation with BrunoBuilt alone pushed Amy and me to the financial brink and by 2019 we had instructed Davison Copple to modify our litigation strategy to proceed as inexpensively as possible." Ibid.

6.With respect to any statute of limitations on the claims against the Terra Nativa

2

Professionals, Mr. Dempsey testifies, "Terry C. Copple and Michael E. Band, discussed with Amy and me the possibility of making claims against such Third Parties on multiple occasions prior to the expiration of any applicable statutes of limitation." Dempsey Decl. ¶4.

7. It is clear from Mr. Dempsey's declaration, that the Dempseys made informed decisions with respect to any litigation against the Terra Nativa Professionals, that they were fully advised, and that no malpractice claim against DCCC can credibly be made. This allegation of malpractice against DCCC is simply a false and ruthless allegation made by BrunoBuilt, Inc. and his counsel in order to attempt to shake the Dempseys' confidence in their counsel and derail this Chapter 11 case.

8. Moreover, assuming arguendo that the Dempseys were not advised about any statute of limitations, which they were, the DIP has researched and has advised BrunoBuilt, Inc.'s counsel on many occasions that the statute of limitations will not begin to run on these claims until the underlying claim has been paid or discharged.[1] Accordingly, since the underlying damages claim has not yet been "paid or discharged," the statute of limitations has not begun to run.

9. Notwithstanding being advised of the foregoing, BrunoBuilt, Inc. and his counsel continue to push this narrative before the Court.

## II.

## The Status of the Terra Nativa Claims, Postpetition

10. During this Chapter 11 case, notwithstanding the fact that the Dempseys prepetition chose not to pursue the Terra Nativa Professionals, the DIP has also gone back and reassessed the

---

[1] "It is well established that under the common law, a person who without fault on his part is compelled to pay damages occasioned by the negligence of another is entitled to indemnity." *Indus. Indem. Co. v. Columbia Basin Steel & Iron Inc.*, 93 Idaho 719, 723, 471 P.2d 574, 578 (1970). The right to indemnity is an equitable principle that has been preserved by statute. I.C. § 6–804(2). "The rule, recognized in nearly all jurisdictions, including Idaho, is that the cause of action for contribution or indemnity is distinct from the underlying cause of action, and the time from which the statute of limitations for such a cause of action begins to run is when the underlying claim, judgment, or settlement is paid or discharged." *Schiess v. Bates*, 107 Idaho 794, 796, 693 P.2d 440, 442 (1984), *opinion reinstated,* 109 Idaho 10, 704 P.2d 342 (1985) (quoting *May Trucking Co. v. Int'l Harvester Co.*, 97 Idaho 319, 322, 543 P.2d 1159, 1162 (1975).

3

potential recovery vs. the potential cost of litigation against the Terra Nativa Professionals, and has determined that it would not be feasible to proceed financially against the Terra Nativa Professionals, at least on an hourly fee basis.

11. Notwithstanding the foregoing, the DIP is currently in consultation with an attorney experienced in construction defect litigation to assess whether this matter could feasibly go forward on a contingency fee basis. The DIP is not ready as of the date of this filing to specify who they are consulting with as the attorney has not yet agreed to be hired, and the DIP is not seeking to pay them, but the DIP will make all disclosures required once the DIP determines which course of action to take. Should the DIP determine it would be desirable to hire this counsel to either write a report and analysis that it could provide to the Court or creditors under seal, and/or move forward with litigation on a contingency fee basis, and the attorney agrees to take the case, an employment application for this attorney will be filed to handle this matter.

12. In any event, a brief analysis of this claim will be (1) set forth in an amended schedule B, as was always intended, and (2) a detailed analysis will be set forth in the Plan and Disclosure statement, which are soon to be filed.

### III.

### The DIP is in the Process of Amending Their Schedules with Respect to Several Matters

13. BrunoBuilt, Inc. asserts in paragraph 12 of its Motion that the Debtors "have pointedly refused to list such claims [against Terra Nativa] in their schedules." This is provably false. In the letter from Attorney Roark to Mr. Faucher dated April 4, 2020, Ms. Roark, attorney for the DIP, advised Mr. Faucher that the Debtors, quote, "We will amend Schedule B to list these [REDACTED] claims…."

14. The DIP does not want to muddy up the case docket with multiple amendments for various items. Doing so would not help keep the docket clean for the parties or the Court. The DIP has been waiting to obtain the real estate appraisal before it makes amendments to their schedules so all of the amendments can be done at one time. Had BrunoBuilt, Inc. not objected to the estate hiring a real estate appraiser, we would have obtained an order, and an appraisal, and amended the

Schedules long before now. Because BrunoBuilt, Inc. continues to throw wrenches into this case, he can just wait until the DIP has all the information it needs, and then will make the amendments necessary.

### IV.

### BrunoBuilt, Inc.'s Request for More Time to Object to the DCCC Interim Fee Application is not Warranted, and is just an Abuse of the DIP.

15. Despite the fact that BrunoBuilt, Inc.'s counsel has repeatedly stated that this case is going nowhere and asked why has the Debtor not done [fill in the blank] yet, this case *is moving forward* while BrunoBuilt, Inc. asserts objection after objection to virtually every motion and application filed by the DIP. This is just another example of BrunoBuilt, Inc. trying to throw this case off course. If BrunoBuilt, Inc. had a valid objection to make with respect to the interim fee application, he should have made it timely.

### V.

### The Estate Will Not Be Harmed if The DCCC Interim Fee Application is Paid, But it May be Harmed if the Fee Application is *not* paid.

16. As BrunoBuilt, Inc. states in paragraph 24 of its Motion, DCCC will have to file a final fee application for approval of all its interim fees. If DCCC or any other professional is found to have taken any action warranting disgorgement of the fees, the Court will so order at that time, and the funds will be retuned to the estate.

17. If the DCCC firm are not paid on an interim basis, the Estate can suffer harm since DCCC may not be able to effectively represent the DIP with respect to the issues raised in the state court litigation.

18. Accordingly, the Estate will suffer no harm to pay its special litigation counsel on an interim basis as allowed by the Bankruptcy Code, and DCCC's application should be granted.

19. The Motion by BrunoBuilt, Inc. is simply a self-interested attempt to keep the DIP from being able to fund a defense against his claim.

## VI.

**BrunoBuilt, Inc. Propounded Discovery with Respect to a Matter Which Was Not Yet at Issue When the Discovery was Propounded**

20. Discovery in Bankruptcy is only allowed in Adversary Proceedings and in "contested matters" under Bankruptcy Rule 9014. BrunoBuilt, Inc. propounded discovery on June 2, 2020, on the Dempseys and on DCCC with respect to its Motion to Extend Deadline to Object to the Interim Fee Application for Compensation of Michael E. Band of Davison, Copple, Copple, and Copple LLP, filed on May 22, 2020. The motion seeking more time does not render the underlying matter "contested" for the purposes of discovery. It is simply a request for more time to do something. Had BrunoBuilt, Inc. filed an objection to the DCCC fee application, the matter would be contested.[2] Accordingly, BrunoBuilt, Inc.'s request for more time to do what it should have done if it had any cause to (which it does not), should not be extended, and discovery was not appropriate when it was served.

21. Notably, the DIP responded to a very extensive 2004 Request by BrunoBuilt, Inc. earlier in this case, producing close to 2,000 documents. At this point, BrunoBuilt, Inc. is just harassing the Dempseys with endless requests.

## VII.

**Conclusion**

22. Mr. Dempsey's accompanying declaration should put the "malpractice" matter against DCCC to rest. With respect to the alleged claims against the Terra Nativa Professionals, the DIP will update the Court and all parties with respect to its further analysis of the claims when it files its amended schedules, files its Plan and Disclosure Statement setting forth the analysis, and/or files an employment application of independent counsel to formally review and/or prosecute the claims, if the independent review deems it financially feasible for the Estate to do so.

---

[2] "In bankruptcy, any dispute not qualifying as an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure (Fed. R. Bankr. P. 9014). A contested matter is initiated by a party in interest, including a debtor, filing a motion requesting relief (rather than a complaint) in the context of a main bankruptcy proceeding. When a party objects to the motion the matter is considered contested." From Westlaw Glossary.

WHEREFORE, BrunoBuilt, Inc.'s Motion should be denied. He should not have additional time to object to the DCCC interim fee application, which time expired on May 23, 2020. The interim fee application of Mike E. Band of Davison, Copple, Copple & Copple, LLP should be granted and be allowed the total sum of fees and expenses of $26,323.54, to be paid by the Debtors-in-possession from their earnings upon entry of the Order on this Application, subject to a Final Order at the conclusion of this case, or such amount as the Court shall deem reasonable and just, and payable as part of the administration of the estate.

DATED: June 8, 2020                                    ROARK LAW OFFICES

                                                       /s/ Holly Roark
                                                       Holly Roark, counsel for Debtors-in-Possession

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that ON June 8, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors-in-Possession holly@roarklawboise.com, courtnotices@roarklawoffices.com

Robert A Faucher on behalf of Creditor BrunoBuilt, Inc.
rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Philip John Griffin on behalf of Creditor BrunoBuilt, Inc.
PJGriffin@hollandhart.com, boiseintaketeam@hollandhart.com;njhammond@hollandhart.com

Jesse A.P. Baker on behalf of Creditor Bank of America (NC) ecfidb@aldridgepite.com, JPB@ecf.courtdrive.com

Lesley Bohleber on behalf of Creditor Bank of America, N.A. ecfidb@aldridgepite.com, llueke@ecf.courtdrive.com

Trevor L Hart on behalf of Creditor Washington Trust Bank
tlh@perrylawpc.com, jks@perrylawpc.com;mbp@perrylawpc.com;taw@perrylawpc.com

Scott B Muir on behalf of Interested Party CITY OF BOISE
BoiseCityAttorney@cityofboise.org

Brett R Cahoon on behalf of U.S. Trustee US Trustee ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

/s/ *Holly Roark*
_____
Holly Roark