Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Counsel for Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| In Re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY, | Chapter 11 |
| Debtors and Debtors in Possession. | |

**DEBTORS-IN-POSSESSION'S MEMORANDUM IN SUPPORT OF OBJECTION TO BRUNOBUILT, INC.'S MOTION FOR ORDER SHORTENING TIME TO RESPOND TO FIRST SETS OF WRITTEN DISCOVERY TO DEBTORS AND DCCC (DOCKET NO. 164)**

The Debtors-in-Possession in the above-described Chapter 11 bankruptcy case, WILLIAM E. DEMPSEY, II and AMY D. DEMPSEY (the "DIP"), by and through their counsel, Roark Law Offices, file this Memorandum in support of their OBJECTION TO BRUNOBUILT, INC.'S MOTION FOR ORDER SHORTENING TIME TO RESPOND TO FIRST SETS OF WRITTEN DISCOVERY TO DEBTORS AND DCCC filed as Docket No. 173 and state as follows:

**I.**

**Procedural Background**

1. On June 4, 2020, BrunoBuilt, Inc. filed its Motion for Order Shortening Time to Respond to First Set of Written Discovery to Debtors and DCCC as Docket No. 164.

2. The Notice of Motion attached as the first page of the document indicates that the time to object is 14+3 days.

3. Accordingly, the Court clerk set the deadline for June 24, 2020, which is evident on

1

the Court's docket in the space dated June 8, 2020, between Dockets No. 170 and 171.

4. Nevertheless, on June 8, 2020, the Court entered an Order as Docket No. 171, granting the Motion.

5. The DIP intended to timely respond to the Motion, and in fact had intended to respond 16 days early, today, and set the matter for hearing for June 16, 2020, at 9:00 a.m. with several other matters currently on the docket. To that end, the DIP has filed its Objection to BrunoBuilt, Inc.'s Motion and has filed an *ex parte* motion to shorten time for the hearing as Docket No 176. The DIP will file a Motion to vacate the Order entered as Docket No. 171 if BrunoBuilt, Inc. does not file such a motion immediately.

## Argument

## II.

## Expedited Discovery is Not Necessary

6. In its Motion, BrunoBuilt, Inc. contends that it requires expedited discovery because it needs to immediately investigate the false "malpractice" claims it made up against the Estate's litigation counsel, Davison, Copple, Copple, & Copple LLP ("DCCC"); and it needs to investigate the potential claims of the Debtors against the Terra Nativa Professionals, having to do with engineering negligence on a home they were having built.

7. As addressed in the DIP's Memorandum filed as Docket No. 177 in support of its Objection to BrunoBuilt, Inc.'s Motion for more time to object to the DCCC application, incorporated herein by this reference, and as set forth in the Declaration of William E. Dempsey, II ("Dempsey Decl.") thereto and incorporated herein by this reference, there is absolutely no basis for a legal malpractice claim against DCCC since the Dempseys were fully informed regarding any potential statutes of limitations; the Dempseys chose not to proceed with the litigation against the Terra Nativa Professionals for financial and emotional reasons and because of the potential cost/benefit; and there are no statute of limitations issues in any event. See Dempsey Decl., Docket No. and 174, and attached to the Request for Judicial Notice filed herewith as Exhibit B. See also the DIP's Memorandum attached to the Request for Judicial Notice filed herewith as Exhibit A.

2

8. Moreover, the Estate has already analyzed the claims against the Terra Nativa Professionals, notwithstanding the Dempseys' prepetition determination not to pursue them, and has determined that the cost/benefit analysis evidences that litigation would not benefit the Estate, at least not under an hourly agreement. To that end, the Estate is consulting with counsel experienced with construction defect litigation on a contingency fee basis, and the Estate will make a determination as to the feasibility and benefit of proceeding with litigation on a contingency fee basis with counsel. If feasible, the Estate will file an employment application with the Court for the attorney to proceed, whether to write an independent analysis of the claim to provide to the Court and creditors, and/or to litigate it. The Estate will make all necessary disclosures regarding this matter, in its Plan and Disclosure Statement, as well as a brief analysis in its amended Schedule B to be filed. See Declaration of Holly Roark, attached hereto. If BrunoBuilt, Inc. is not satisfied with the Estate's analysis at that time, it will have its remedies at that time.

**III.**

**BrunoBuilt, Inc. Propounded Discovery with Respect to a Matter Which Was Not Yet at Issue When the Discovery was Propounded, and its Discovery Requests are Therefore Inappropriate**

9. Discovery in Bankruptcy is only allowed in Adversary Proceedings and in "contested matters" under the Federal Rules of Bankruptcy Procedure, Rule 9014. BrunoBuilt, Inc. propounded discovery on June 2, 2020, on the Dempseys and on DCCC with respect to its Motion to Extend Deadline to Object to the Interim Fee Application for Compensation of Michael E. Band of Davison, Copple, Copple, and Copple LLP, filed on May 22, 2020. The motion seeking more time does not render the underlying matter "contested" for the purposes of discovery. It is simply a request for more time to file an Objection. Had BrunoBuilt, Inc. filed an objection to the DCCC fee application, the matter would be contested.[1] Accordingly, BrunoBuilt, Inc.'s request for more time to do what it should have done if it had any cause to (which it does not), should not be extended, and discovery

---

[1] "In bankruptcy, any dispute not qualifying as an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure (Fed. R. Bankr. P. 9014). A contested matter is initiated by a party in interest, including a debtor, filing a motion requesting relief (rather than a complaint) in the context of a main bankruptcy proceeding. When a party objects to the motion the matter is considered contested." From Westlaw Glossary.

3

was not appropriate when it was served.

10. Notably, the DIP responded to a very extensive 2004 Request by BrunoBuilt, Inc. earlier in this case, producing close to 2,000 documents. At this point, BrunoBuilt, Inc. is just harassing the Dempseys with endless discovery requests.

11. There is absolutely no reason why BrunoBuilt, Inc. needs discovery on these matters at this time, and certainly not on an expedited basis. It should wait until it receives the Disclosure Statement and Plan, and the amended Schedules.

12. Moreover, the Dempsey Decl. and the Exhibits attached thereto should answer most of BrunoBuilt, Inc.'s questions, to the extent its questions are even in good faith, which at this point, is dubious.

### IV.

### Conclusion

13. Mr. Dempsey's declaration should put the "malpractice" matter against DCCC to rest. With respect to the alleged claims against the Terra Nativa Professionals, the DIP will update the Court and all parties with respect to its further analysis of the claims when it files its amended schedules, files its Plan and Disclosure Statement setting forth the analysis, and/or files an employment application of independent counsel to formally review and/or prosecute the claims, if the independent review deems it financially feasible for the Estate to do so.

WHEREFORE, BrunoBuilt, Inc.'s Motion should be denied. Discovery is not appropriate since the underlying matter is not formally contested, and it even if it were, such Discovery should not be granted on an expedited basis. It is not necessary and is wasteful of the Estate's resources.

DATED: June 8, 2020                                    ROARK LAW OFFICES

*/s/ Holly Roark*

Holly Roark, counsel for Debtors-in-Possession

4

## DECLARATION OF HOLLY ROARK

I, Holly Roark, declare as follows:

1.  I am counsel for William E. Dempsey, II and Amy D. Dempsey, the Debtors-in-Possession herein (the "DIP").

2.  On behalf of the Estate, I have personally spoken with counsel experienced in construction defect litigation, who also has experience with being paid on contingency and in the context of bankruptcy cases. At this preliminary time, it is not appropriate to disclose who this attorney is since no application to employ has been filed, and the DIP is not seeking to pay this attorney.

3.  In the event that the Estate determines that it would be feasible to proceed with litigation against the Terra Nativa Professionals on a contingency fee basis, and the attorney wishes to be hired, the Estate will file an employment application with the Court. On the other hand, the Estate may seek employment of counsel so counsel can do a full analysis of this claim and write a report that would satisfy creditors in the event it appears that the claim is not feasible, even on a contingency basis.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 8, 2020, at Boise, Idaho.

_____
Holly Roark

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that ON June 8, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors-in-Possession <u>holly@roarklawboise.com</u>, <u>courtnotices@roarklawoffices.com</u>

Robert A Faucher on behalf of Creditor BrunoBuilt, Inc.
rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Philip John Griffin on behalf of Creditor BrunoBuilt, Inc.
PJGriffin@hollandhart.com, boiseintaketeam@hollandhart.com;njhammond@hollandhart.com

Jesse A.P. Baker on behalf of Creditor Bank of America (NC) ecfidb@aldridgepite.com, JPB@ecf.courtdrive.com

Lesley Bohleber on behalf of Creditor Bank of America, N.A. ecfidb@aldridgepite.com, llueke@ecf.courtdrive.com

Trevor L Hart on behalf of Creditor Washington Trust Bank
tlh@perrylawpc.com, jks@perrylawpc.com;mbp@perrylawpc.com;taw@perrylawpc.com

Scott B Muir on behalf of Interested Party CITY OF BOISE
BoiseCityAttorney@cityofboise.org

Brett R Cahoon on behalf of U.S. Trustee US Trustee ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

/s/ *Holly Roark*
_____
Holly Roark