Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Counsel for Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| In Re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY, | Chapter 11 |
| Debtors and Debtors in Possession. | |

**NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY PETERSEN MOSS HALL & OLSEN AS SPECIAL COUNSEL, AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**NOTICE OF APPLICATION TO APPROVE EMPLOYMENT AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

No Objection. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days (+3 days for mailing) of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

Hearing on Objection. The objection party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

**NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY PETERSEN MOSS HALL & OLSEN AS SPECIAL COUNSEL, AND OPPORTUNITY TO OBJECT AND FOR A HEARING** -1

COMES NOW, the Debtors-in-Possession, William E. Dempsey, II, And Amy D. Dempsey ("Debtors-in-Possession" and "DIP"), by and through their counsel, and move for approval under 11 U.S.C. §327, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rule 2014.1, of the proposed employment of Petersen, Moss Hall & Olsen ("Applicant") as its Special Counsel to analyze and draft a report on a potential claim of the Estate against various third parties relating to real estate engineering malpractice, and related matters, with respect to the home the Debtors were building pre-petition, and which was the subject of a land slide. Applicant further applies to be employed to prosecute such claims, should they be deemed of value to the estate. Applicant represents as follows:

1. The Debtors-in-Possession herein filed a voluntary joint Petition under Chapter 11 of 11 U.S.C. on September 17, 2019.

2. No trustee or examiner has been appointed in the Debtor's Chapter 11 case, nor have any creditors' or other official committee been appointed herein at this time.

3. The Debtors-in-Possession ("DIP") desire to employ PMHO as its special counsel with respect to a matter involving potential claims of the Bankruptcy Estate against various third parties as set forth herein. The DIP has selected PMHO, for the reason that this firm has considerable experience in the type of legal analysis and litigation for which DIP proposes to hire the firm.

4. Because of the extensive legal services required the DIP desires to employ PMHO under an initial flat fee retainer of **$3,500.00**, and then a contingency fee retainer should the DIP conclude from PMHO's legal analysis of the claims that it would be a net benefit to the Estate to pursue the claims.

5. Specifically, prepetition, William E. Dempsey, II and Amy D. Dempsey ("Debtors") were engaged in litigation with creditor BrunoBuilt, Inc. with respect to a dispute arising from the Construction Contract at 238 Alto Via Ct. in Boise, Idaho including the litigation filed the Fourth Judicial District of the State of Idaho styled as BrunoBuilt, Inc. v. Dempsey et al., Ada County Civil Case No. CV01-17-23686 (the "BrunoBuilt v. Dempsey

Case"). Due to financial reasons and the emotional toll of litigation, the Dempseys did not wish to pursue any further litigation with respect various third parties (*e.g.*, the architectural and engineering firms who provided services related to the lot and home, Boise City, etc. (the "Third Parties")) for damages in relation to the landslide affecting Alto Via Ct. from which the BrunoBuilt v. Dempsey Case arose. At this time, the Estate would like to evaluate if there are any claims that may be brought against such Third Parties, and if so, what the potential net value may be (the "Claims").

6. The DIP proposes to engage Petersen Moss Hall & Olsen to provide representation in the case as referenced in Paragraphs 3 through 5, and **Exhibit A** hereto.

7. Mr. Olsen has been a licensed attorney in the State of Virginia since 2001, and Idaho in 2006. His practice since 2006 has been primarily litigation in the area of commercial contract disputes, malpractice and other type torts and claims in commercial business, real estate including construction dispute. He has handled over 100 matters in these areas, including litigating several cases through trial and appeal. As such, Mr. Olsen has experience and familiarity with the litigation process, and a perception of both the types of claims that have greater chance of success, as well the time and cost involved. Mr. Olsen has taken on cases on both and hourly and contingency basis, and will review the Claims on this case as to their potential value and success on a flat fee retainer of **$3,500.00**. After performing his initial analysis of the Claims, should the Estate determine that it would be a net benefit to the Estate to pursue the Claims, the DIP and PMHO will enter into a contingency fee agreement to pursue the matter, as set forth in **Exhibit A** hereto.

8. Mr. Olsen has been employed several times as special counsel in both Chapter 11 and 12 cases before the Idaho District bankruptcy court, primarily to assist debtors in adversarial or related party claims. For instance, in 2011-12, Mr. Olsen served as special counsel in an adversary claim involving 14 separate claims and over 100 properties in an extremely complex and hotly contested loan and development scheme. This case was successfully resolved, including the adversary claims, and a plan was approved. More

recently, Mr. Olsen represented individuals and a land holding LLC of a small to mid-sized dairy out of Twin Falls that had filed for Chapter 12 re-organization.  This case involved matters that were before both the bankruptcy court and the state court, and including numerous claims regarding, legal malpractice, breach of contract, bad faith and others.  This case was also successfully resolved after years of highly contested litigation, and the debtors and their related entities and individuals have completed their Chapter 12 plan, and remain in business today notwithstanding the hard fluctuations of the dairy market.

9. Due the above-listed qualifications, the DIP believes PMHO to be well qualified to analyze the potential Claims of the Estate against Third Parties and then to represent the DIP in any litigation that makes financial sense for the Estate to engage in with respect to the Claims. The professional services that PMHO is to render are:

    a. To analyze the Claims and prepare a legal analysis report that can be provided to Creditors and which will serve as the basis for the DIP analyzing the feasibility of litigating the Claims.

    b. Prepare and prosecute the Claims if feasible under the terms set forth in the attached retainer agreement;

    c. Negotiate on behalf of the DIP; and

    d. Interact with the DIP's counsel in the Chapter 11, and the United States Trustee and all interested parties.

10. Approval and Payment of Applicant's Fees:

    a. Final Allowance of Fees. All fees and expenses of the Applicant will be subject to final allowance by order of the Court at the conclusion of the case ("Final Order") upon filing of an appropriate application for compensation and reimbursement of expenses in accordance with Section 330 of the Code, and any other applicable rules and orders. Notwithstanding the foregoing, Debtors-in-Possession request authority to pay the Applicant for the fees and expenses incurred under the following procedures:

      b.   Interim Fees and costs. Applicant will apply to the Court for payment of its flat fee referenced herein, and if Applicant proceeds under the contingency fee agreement, will seek reimbursement of any out of pocket costs over $250.00 on an interim basis pursuant to 11 U.S.C. §331. Out of pocket costs of $250.00 and less shall be paid directly by the DIP, and such costs shall be included in the Final Order. Such interim orders will be subject to the Final Order referenced above.

11.    It is necessary for Debtors-in-Possession to employ Applicant for such professional services so the Estate can fully investigate the Claims, and prosecute it if feasible for the benefit of creditors.

12.    To the best of Debtors-in-Possession's, knowledge Applicant has no connection with the creditors or any other party in interest or their respective attorneys and accountants. The Applicant has no connection to the United States Trustee, or any person employed in the office of the United States Trustee. The Applicant shall not perform professional services for any other interested parties in connection with any matters related to this case.

13.    To the best of Debtors-in-Possession's knowledge Applicant does not represent any interest adverse to Debtors-in-Possession or the estate in the matters upon which it is to be engaged for Debtors-in-Possession, and its employment would be in the best interest of the estate.

14.    A true and correct copy of the proposed flat fee and contingency fee retainer agreement is attached to this Application and is incorporated by reference as Exhibit "A." In addition, the Declaration of Nathan Olsen is attached hereto as Exhibit "B" and incorporated by reference.

15.    Such representation by Petersen Moss Hall & Olsen is beneficial to the estate in that it may result in a recovery paid to the DIP, enhancing the ability of the DIP to pay its creditors under its confirmed plan.

16.    A draft proposed Order is also attached as Exhibit "C" and incorporated by

**NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY PETERSEN MOSS HALL & OLSEN AS SPECIAL COUNSEL, AND OPPORTUNITY TO OBJECT AND FOR A HEARING -5**

reference.

WHEREFORE, Debtors-in-Possession respectfully request that it be authorized to employ and pay the Applicant, Petersen, Moss Hall & Olsen, on the terms and conditions set forth in this Application, and that it be authorized to employ Applicant as of the date of service of the application which is June 15, 2020.

DATED: June 15, 2020                                                                ROARK LAW OFFICES

/s/Holly Roark_____
*Counsel for Debtor-in Possession*

# RETAINER AGREEMENT
# EXHIBIT "A"

**PETERSEN MOSS HALL & OLSEN**
Attorneys at Law
485 "E" Street
Idaho Falls, Idaho 83402
(208) 523-4650

# FEE AGREEMENT

    1.  CLIENT hereby employs ATTORNEY to perform legal services as special counsel in CLIENT'S Case No. 19-010699-JMM in U.S. Bankruptcy Court for the District of Idaho – Boise, as follows.

    2.  ATTORNEY will analyze the facts and law and draft a report on a potential claim of the CLIENT against various third parties relating to real estate engineering malpractice, and related matters, with respect to the home the CLIENT was building pre-petition, and which was the subject of a land slide. For such analysis and written report, CLIENT will pay ATTORNEY $3,500 flat fee.

    3.  Upon completion of the written report and follow-up review of the report with the CLIENT, any further services provided by ATTORNEY, including the commencing of and prosecution of any claims that CLIENT may have against the third parties related to the matter described in paragraph 2, will be subject to the following fee for such work.

    The greater of:

        a)    35% of the gross amount of any Recovery through settlement, judgment, award or verdict, regardless of source, without reduction for costs and expenses, or

        b)    40% of any Recovery after filing of a Notice of Appeal with CLIENT'S authorization; or

        c)    attorney's fees awarded by the court, adjudicatory agency or arbitration panel.

"Recovery" means any amount paid to CLIENT, including amounts awarded and collected as attorney fees and costs, to satisfy the Claim. CLIENT hereby grants as security interest in the Claim and the Recovery to ATTORNEY to secure the fees and costs payable hereunder.

    3.  CLIENT will pay, in addition to the above fee, all costs and expenses incurred by ATTORNEY in the prosecution of the Claim, including but not limited to court costs, service of process fees, court reporter's fees, photographs, photocopies, expert witness fees, travel expenses, and preparation of exhibits, regardless of the existence of a Recovery. In the event of a Recovery, such costs and expenses shall be paid out of the Recovery, but the amount of fees payable under paragraph 3 shall be determined on the basis of the full Recovery before such

**EXHIBIT A**

payment. ATTORNEY may, at its option, require periodic payments of costs and expenses prior to the conclusion of CLIENT'S case. ATTORNEY will not incur any costs over $100 per item without discussing the cost with CLIENT and obtaining CLIENT'S approval for the cost in advance.

   4. CLIENT agrees not to compromise or settle the Claim without first consulting ATTORNEY, and ATTORNEY is not authorized to do so without CLIENT'S consent. If CLIENT discharges ATTORNEY without good cause, the ATTORNEY is entitled to a fee comprising of his hourly rate of $250 multiplied by the numbers of hours he has worked on the case, regardless of such discharge. Such fee shall be due until or unless there is a Recovery as defined in this agreement. ATTORNEY reserves the right, at any time, to decline to further prosecute the Claim by waiving any fee payable as a result of any subsequent recovery and any outstanding costs owed by CLIENT, and in such case ATTORNEY will cooperate with CLIENT to find other counsel and to assist in turning over evidence and other documents necessary to an effective prosecution of the Claim by such substitute counsel. However, ATTORNEY agrees and acknowledges ATTORNEY is committed to pursuing the Claim(s) and will not withdraw unless there are insurmountable issues that cannot be resolved. In the event ATTORNEY determines it is necessary to withdraw, ATTORNEY will, in writing, clearly articulate in detail the issue(s) and justification for withdrawal.

   5. CLIENT will keep ATTORNEY advised of his availability, cooperate in the preparation and trial of the case, appear on reasonable notice for depositions and court appearances, and comply with all reasonable requests made of him in connection with the preparation and presentation of the Claim.

   6. ATTORNEY makes no guarantee of any Recovery, and any expression relative thereto is a matter of ATTORNEY'S opinion only.

   7. ATTORNEY understands that ATTORNEY must apply to the Bankruptcy Court for approval of payment of any of the foregoing fees and costs, except that out of pocket costs of $250.00 and less shall be paid directly by the CLIENT as such costs are incurred, and such costs shall be included in the Final Fee Application filed with the Court.

_____  _____
William E. Dempsey, II,  Amy D. Dempsey as debtors-in-possession, CLIENT

DATED: _____

_____
PETERSEN MOSS HALL & OLSEN, ATTORNEY
Nathan M. Olsen

DATED: _____

**EXHIBIT A**

# DECLARATION OF PROSPECTIVE SPECIAL COUNSEL NATHAN OLSEN
# EXHIBIT "B"

DECLARATION[1] OF PROSPECTIVE ATTORNEY, NATHAN OLSEN

[FRBP Rule 2014(a)]

I, Nathan Olsen, declare as follows:

1. I am an attorney at Petersen, Moss Hall & Olsen ("PMHO"), duly licensed to practice before this court. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would testify thereto truthfully.

2. The Debtors-in-Possession ("DIP") has expressed a desire to employ PMHO as its special counsel with respect to a matter involving potential claims of the Bankruptcy Estate against various third parties. The DIP has selected PMHO, for the reason that this firm has considerable experience in the type of legal analysis and litigation for which DIP proposes to hire the firm.

3. Because of the extensive legal services required the DIP desires to employ PMHO under an initial flat fee retainer of **$3,500.00**, and then a contingency fee retainer should the DIP conclude from PMHO's legal analysis of the claims that it would be a net benefit to the Estate to pursue the claims.

4. Specifically, prepetition, William E. Dempsey, II and Amy D. Dempsey ("Debtors") were engaged in litigation with creditor BrunoBuilt, Inc. with respect to a dispute arising from the Construction Contract at 238 Alto Via Ct. in Boise, Idaho including the litigation filed the Fourth Judicial District of the State of Idaho styled as <u>BrunoBuilt, Inc. v. Dempsey et al., Ada County Civil Case No. CV01-17-23686</u> (the "<u>BrunoBuilt v. Dempsey Case</u>").  It is my understanding that, due to financial reasons and the emotional toll of litigation, the Dempseys did not wish to pursue any further litigation with respect various third parties (*e.g.*, the architectural and engineering firms who provided services related to the lot and home, Boise City, etc. (the "<u>Third Parties</u>")) for damages in relation to the landslide affecting Alto Via Ct. from which the BrunoBuilt v. Dempsey Case arose.

---

[1] This declaration is made under 28 U.S.C. § 1746 in lieu of an affidavit.

**EXHIBIT B**

**NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY PETERSEN MOSS HALL & OLSEN AS SPECIAL COUNSEL, AND OPPORTUNITY TO OBJECT AND FOR A HEARING -9**

At this time, the Estate would like to evaluate if there are any claims that may be brought against such Third Parties, and if so, what the potential net value may be (the "Claims").

5. I have been a licensed attorney in the State of Virginia since 2001, and Idaho in 2006. My practice since 2006 has been primarily litigation in the area of commercial contract disputes, malpractice and other type torts and claims in commercial business, real estate including construction dispute. I have handled over 100 matters in these areas, including litigating several cases through trial and appeal. As such, I have experience and familiarity with the litigation process, and a perception of both the types of claims that have greater chance of success, as well the time and cost involved. I have taken on cases on both and hourly and contingency basis and will review the Claims on this case as to their potential value and success on a flat fee retainer of **$3,500.00**. After performing my initial analysis of the Claims, should the Estate determine that it would be a net benefit to the Estate to pursue the Claims, the DIP and PMHO will enter into a contingency fee agreement to pursue the matter, as set forth in **Exhibit A** hereto.

6. I have been employed several times as special counsel in both Chapter 11 and 12 cases before the Idaho District bankruptcy court, primarily to assist debtors in adversarial or related party claims. For instance, in 2011-12, I served as special counsel in an adversary claim involving 14 separate claims and over 100 properties in an extremely complex and hotly contested loan and development scheme. This case was successfully resolved, including the adversary claims, and a plan was approved. More recently, I represented individuals and a land holding LLC of a small to mid-sized dairy out of Twin Falls that had filed for Chapter 12 re-organization. This case involved matters that were before both the bankruptcy court and the state court, and including numerous claims regarding, legal malpractice, breach of contract, bad faith and others. This case was also successfully resolved after years of highly contested litigation, and the debtors and their related entities and individuals have completed their Chapter 12 plan, and remain in business today notwithstanding the hard fluctuations of the dairy market.

7. Due the above-listed qualifications, I understand that the DIP believes PMHO to be

**EXHIBIT B**

**NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY PETERSEN MOSS HALL & OLSEN AS SPECIAL COUNSEL, AND OPPORTUNITY TO OBJECT AND FOR A HEARING** -10

well qualified to analyze the potential Claims of the Estate against Third Parties and then to represent the DIP in any litigation that makes financial sense for the Estate to engage in with respect to the Claims. The professional services that PMHO is to render are:

    a. To analyze the Claims and prepare a legal analysis report that can be provided to Creditors and which will serve as the basis for the DIP analyzing the feasibility of litigating the Claims.

    b. Prepare and prosecute the Claims if feasible under the terms set forth in the attached retainer agreement;

    c. Negotiate on behalf of the DIP; and

    d. Interact with the DIP's counsel in the Chapter 11, and the United States Trustee and all interested parties.

8. It is necessary for the DIP to employ an attorney for such professional services.

9. To the best of my knowledge neither I nor PMHO has any connection with the creditors or any other party in interest or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee. Neither I nor PMHO shall represent any other interested parties in connection with any matters related to this case.

10. PMHO does not represent any interest adverse to the Debtors or the Estate in the matters upon which it is to be engaged for DIP, and its employment would be in the best interest of the Estate.

11. A copy of the proposed written retainer agreement is attached to this Application and is incorporated by reference as Exhibit "A."

12. A draft proposed Order is also attached as Exhibit "C" and incorporated herein by this reference.

**EXHIBIT B**

**NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY PETERSEN MOSS HALL & OLSEN AS SPECIAL COUNSEL, AND OPPORTUNITY TO OBJECT AND FOR A HEARING** -11

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June  15 , 2020, at Idaho Falls, Idaho.

 /s/ Nathan Olsen
_____
Nathan Olsen, Attorney at Law
Petersen, Moss Hall & Olsen
*Proposed Special Counsel for*
*Debtor-in-Possession*

**EXHIBIT B**

**NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY PETERSEN MOSS HALL & OLSEN AS SPECIAL COUNSEL, AND OPPORTUNITY TO OBJECT AND FOR A HEARING** -12

# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| In Re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY, | Chapter 11 |
| Debtors and Debtors in Possession. | |

*[Proposed]*

ORDER GRANTING APPLICATION TO APPROVE EMPLOYMENT OF PETERSEN, MOSS HALL & OLSEN AS DEBTORS-IN-POSSESSION'S SPECIAL COUNSEL

Upon Application of the Debtors-in-Possession praying for approval of employment of Petersen, Moss Hall & Olsen under an initial flat fee retainer of **$3,500.00**, then a contingency fee retainer if litigation is pursued, on the terms set forth in the Application and the retainer agreement attached hereto as Exhibit A, as its special counsel and notice appearing proper and other good cause appearing,

IT IS HEREBY ORDERED that the employment of Petersen, Moss Hall & Olsen as Special Counsel for the Debtors-in-Possession is approved pursuant to 11 U.S.C. § 327.

IT IS FURTHER ORDERED that this order is effective as of the date of the service of the application, which is June 15 , 2020.

Respectfully submitted:

PETERSEN, MOSS HALL & OLSEN

/s/ Nathan Olsen

Nathan Olsen, Attorney at Law
Petersen, Moss Hall & Olsen
*Proposed Special Counsel for*
*Debtors-in-Possession*

**EXHIBIT C**

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that ON June 15, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors-in-Possession holly@roarklawboise.com, courtnotices@roarklawoffices.com

Robert A Faucher on behalf of Creditor BrunoBuilt, Inc.
rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Philip John Griffin on behalf of Creditor BrunoBuilt, Inc.
PJGriffin@hollandhart.com, boiseintaketeam@hollandhart.com;njhammond@hollandhart.com

Jesse A.P. Baker on behalf of Creditor Bank of America (NC) ecfidb@aldridgepite.com, JPB@ecf.courtdrive.com

Lesley Bohleber on behalf of Creditor Bank of America, N.A. ecfidb@aldridgepite.com, llueke@ecf.courtdrive.com

Trevor L Hart on behalf of Creditor Washington Trust Bank
tlh@perrylawpc.com, jks@perrylawpc.com;mbp@perrylawpc.com;taw@perrylawpc.com

Scott B Muir on behalf of Interested Party CITY OF BOISE
BoiseCityAttorney@cityofboise.org

Brett R Cahoon on behalf of U.S. Trustee US Trustee ustp.region18.bs.ecf@usdoj.gov


AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

See attached mailing matrix.

/s/ *Holly Roark*
_____
Holly Roark

**NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY PETERSEN MOSS HALL & OLSEN AS SPECIAL COUNSEL, AND OPPORTUNITY TO OBJECT AND FOR A HEARING -15**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0976-1<br>Case 19-01069-JMM<br>District of Idaho<br>Boise<br>Mon Jun 15 13:46:26 MDT 2020 | (p)ADA COUNTY INDIGENT SERVICES<br>ATTN FINANCE DEPARTMENT<br>252 E FRONT STREET SUITE 199<br>BOISE ID 83702-7339 | Jesse A.P. Baker<br>Aldridge Pite, LLP<br>4375 Jutland Drive, Suite 200<br>San Diego, CA 92117-3600 |
| Michael Band<br>Davison, Copple, Copple & Copple, LLP<br>POB 1583<br>Boise, ID 83701-1583 | Michael E Band<br>Davison, Copple, Copple and Copple<br>199 N. Capital Blvd, Ste 600<br>Boise, ID 83702-5985 | Bank of America<br>PO BOX 45224<br>Jacksonville, FL 32232-5224 |
| Bank of America (NC)<br>c/o ALDRIDGE PITE, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-7921 | Bank of America, N.A.<br>PO BOX 31785<br>Tampa, FL 33631-3785 | Barclay's Bank<br>PO Box 60517<br>City of Industry, CA 91716-0517 |
| Barclays Bank<br>POB 8803<br>Wilmington, DE 19899-8803 | Lesley Bohleber<br>Aldridge Pite, LLP<br>4375 Jutland Dr.<br>San Diego, CA 92117-3600 | Jody Bolopue<br>Integrity Appraisal & Consulting Inc<br>PO Box 8183<br>Boise, ID  83707 |
| Brunobuilt, Inc<br>890 E Franklin Rd Ste 202<br>Meridian, ID 83642-6070 | CITY OF BOISE<br>Office of City Attorney<br>150 N. Capitol Blvd.<br>PO Box 500<br>Boise, ID 83701-0500 | Brett R Cahoon<br>OFFICE OF THE US TRUSTEE US DEPT<br>720 Park Blvd., Ste. 220<br>Boise, ID 83712-7785 |
| Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Terry C Copple<br>Davison, Copple, Copple & Copple, LLP<br>POB 1583<br>Boise, ID 83701-1583 |
| Davison, Copple, Copple<br>Attn: Terry Copple, Esq.<br>PO Box 1583<br>Boise, ID 83701-1583 | Amy D Dempsey<br>1720 E Sendero Lane<br>Boise, ID 83712-6628 | William E Dempsey II<br>1720 E Sendero Lane<br>Boise, ID 83712-6628 |
| Robert A Faucher<br>POB 2527<br>Boise, ID 83701-2527 | Philip John Griffin<br>Holland & Hart LLP<br>800 W Main Street<br>Suite 1750<br>Boise, ID 83702-5974 | Trevor L Hart<br>PERRY LAW PC<br>PO Box 637<br>Boise, ID 83701-0637 |
| (p)IDAHO CENTRAL CREDIT UNION<br>PO BOX 2469<br>POCATELLO ID 83206-2469 | Idaho State Tax Commission<br>P.O. Box 36<br>800 Park Blvd<br>Boise, ID 83722-0036 | Internal Revenue Service<br>PO BOX 7346<br>Philadelphia, PA 19101-7346 |
| McConnell Wagner Sykes & Sta<br>Attn: Richard Stacey, Esq.<br>827 E. Park Blvd, Ste. 201<br>Boise, ID 83712-7782 | Morrow & Fischer<br>Attn: Laura Burri<br>332 N. Broadmore Wy, Ste 102<br>Nampa, ID 83687-5331 | Morrow & Fischer, PLLC<br>c/o Laura E. Burri<br>332 N Broadmore Way, Ste 102<br>Nampa, ID 83687-5331 |

~~Scott B Muir~~
~~POB 83720~~
~~Boise, ID 83720-0031~~

~~Holly Roark~~
~~Roark Law Offices~~
~~950 Bannock St. Ste. 1100~~
~~Boise, ID 83702-6140~~

~~Holly Roark~~
~~Roark Law Offices~~
~~950 BannockSt~~
~~Suite 1100~~
~~Boise, ID 83702-6140~~

~~US Trustee~~
~~Washington Group Central Plaza~~
~~720 Park Blvd, Ste 220~~
~~Boise, ID 83712-7785~~

~~Washington Trust Bank~~
~~c/o Trevor L Hart~~
~~Perry Law, P.C.~~
~~POB 637~~
~~Boise, ID 83701-0637~~

(p)WASHINGTON TRUST BANK
PO BOX 2127
SPOKANE WA 99210-2127

Zion's Bank
Boise/Main Financial Center
800 W Main Street, Ste 100
Boise, ID 83702-5947

(p)ZIONS FIRST NATIONAL BANK
LEGAL SERVICES UT ZB11 0877
P O BOX 30709
SALT LAKE CITY UT 84130-0709

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Ada County Treasurer
200 W. Front St.
PO Box 2868
Boise, ID 83701

(d)Ada County Treasurer
c/o Ammon C. Taylor
200 W. Front St., Room 3191
Boise, ID 83702

Chase Card Member Services
PO Box 6294
Carol Stream, IL 60197-6294

Idaho Central Credit Union
PO Box 2469
Pocatello, ID 83206

Washington Trust Bank
Peter Stanton, CEO
PO Box 2127
Spokane, WA 99210-2127

Zions First National Bank
Legal Services, UT ZB11 0877
P.O. Box 30709
Salt Lake City, UT 84130

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Bank of America (NC)

(u)Bank of America, N.A.

(u)BrunoBuilt, Inc.

End of Label Matrix
Mailable recipients    37
Bypassed recipients     3
Total                  40