Holly Roark (SBN 7143)
ROARK LAW OFFICES
950 Bannock St. Ste. 1100
Boise, ID 83702
T (208) 536-3638
F (310) 553-2601
holly@roarklawboise.com

*Counsel for Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>WILLIAM E. DEMPSEY, II, and<br>AMY D. DEMPSEY,<br><br>Debtors and Debtors-in-Possession. | Bkr. Case No. 19-01069-JMM<br><br>Chapter 11 |

**DEBTORS-IN-POSSESSION'S REPLY TO BRUNOBUILT, INC.'S OBJECTION TO DEBTORS-IN-POSSESSION'S MOTION FOR PROTECTIVE ORDER (DKT NO. 192)**

Debtors William E. Dempsey, II and Amy D. Dempsey ("Debtors" and "Debtors-in-Possession", "DIP"), through the undersigned attorney, file this Reply to BrunoBuilt, Inc.'s Objection to DIP's Motion for Protective Order (Dkt No. 196), with respect to Discovery Requests served on both Mr. and Mrs. Dempsey, as well as their Special Litigation Counsel, Davison, Copple, Copple & Copple, LLP ("DCCC"), by creditor BrunoBuilt, Inc. ("Creditor").

**I.    Debtors' Ongoing Defense in its Litigation with BrunoBuilt, Inc. will be Undermined if Debtors are Required to Waive the Attorney-Client Privilege with DCCC.**

The case cited by BrunoBuilt, Inc. for the proposition that individual Chapter 11 Debtors must waive their attorney-client privilege is distinguishable from the facts at hand. *In re Williams*, 152 B.R. 123 (Bankr. N.D. Tex. 1992) involved an individual Chapter 11 case where the confirmed plan established a liquidating trust and appointed a trustee. The issue in the case

---

**DEBTORS-IN-POSSESSION'S REPLY TO BRUNOBUILT, INC.'S OBJECTION TO DEBTORS-IN-POSSESSION'S MOTION FOR PROTECTIVE ORDER**, p. 1

was whether the appointed liquidating trustee could waive the attorney-client privilege on behalf of the Debtor with respect to certain potentially recoverable prepetition transfers. The court held that the appointed trustee could waive the privilege since the waiver under these facts would not harm the debtor. "One of the purposes of the privileges is to protect the client…." *In re Williams*, 152 B.R. at 129. "The exercise of the privileges under the facts of the Williams case can have no adverse effect on Williams, although there is a potentially adverse effect on Williams' family members." *Id.*

Here, waiving the attorney-client privilege will adversely affect the Dempseys in that it will cause tension in the relationship between the Dempseys and DCCC, and will cause apprehension in the Dempseys' minds when they need to communicate fully and frankly with DCCC with respect to their ongoing litigation with BrunoBuilt, Inc. "The fundamental purpose of the attorney-client privilege is to enable the attorney to provide the best possible legal advice and encourage clients to act within the law. The privilege furthers this purpose by freeing clients from the consequences or the apprehension of disclosing confidential information, thus encouraging them to be open and forthright with their attorneys." *State ex rel. United States Fidelity and Guaranty Co. v. Second Judicial Dist. Ct.* (1989), 240 Mont. 5, 10, 783 P.2d 911, 914 (USF & G), (citing *Upjohn Co. v. United States* (1981), 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584, 591). Here, BrunoBuilt, Inc. is craftily attempting to undermine its opponent's ability to defend itself by throwing unfounded allegations against the Dempseys' counsel. This shocking and reprehensible litigation tactic is transparent and should not be allowed.

**II.    Debtors Narrowly Limited their Waiver of Attorney-Client Privilege in Order to Provide the Court with Enough Information to Make a Ruling.**

It is clear from Mr. Dempsey's initial Declaration (Dkt No. 174) and Supplemental Declaration (Dkt No. 187) that he only intended to waive the attorney-client privilege to the extent which would allow him to provide the Court with enough information to make an

informed ruling on this matter, no more, no less. *See Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (attorney-client waiver may be limited in scope.).

The information revealed by Mr. Dempsey, specifically, that he and Mrs. Dempsey were fully informed that there may be statutes of limitations on certain claims, and that notwithstanding this knowledge, they chose not to pursue certain claims prepetition because they were emotionally and financially exhausted, should be enough for the Court to conclude that no malpractice action against DCCC can stand. Furthermore, any discovery sought by BrunoBuilt, Inc. into this non-issue is simply to harass, annoy, and oppress the Dempseys and to divert their time and resources from their defense against BrunoBuilt, Inc. Indeed, BrunoBuilt, Inc.'s harassment with respect to this matter has already caused unnecessary time and expense to the Dempseys. Since there is no possible claim of malpractice against DCCC, discovery into this matter is not reasonably calculated to lead to the discovery of admissible evidence.

That the Debtors are seeking to hire Petersen Moss Hall & Olsen to investigate the third party claims should not be taken as an admission that pursuing such claims would be financially feasible, even under a contingency fee agreement. The Debtors strongly believe that the expert costs alone, which could not be done on contingency, would make pursuing the claims cost-prohibitive, however in order to satisfy creditors that the Debtors have performed their fiduciary duties, in light of BrunoBuilt, Inc.'s defamation against DCCC, they seek to hire Petersen Moss as a neutral party to examine the matter.

### III.   Conclusion.

The Court should grant the Debtors-in-Possession's motion for protective order and enter an order providing that neither the DIP nor DCCC are required to respond to the written

---

discovery requests. The DIP also respectfully requests any other relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED this 30th day of June, 2020.

ROARK LAW OFFICES

/s/ Holly Roark

_____

Holly Roark, Counsel for
Debtors in Possession

---

**DEBTORS-IN-POSSESSION'S REPLY TO BRUNOBUILT, INC.'S OBJECTION TO DEBTORS-IN-POSSESSION'S MOTION FOR PROTECTIVE ORDER**, p. 4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that ON June 30, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors-in-Possession holly@roarklawboise.com, courtnotices@roarklawoffices.com

Robert A Faucher on behalf of Creditor BrunoBuilt, Inc. rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Philip John Griffin on behalf of Creditor BrunoBuilt, Inc. PJGriffin@hollandhart.com, boiseintaketeam@hollandhart.com;njhammond@hollandhart.com

Jesse A.P. Baker on behalf of Creditor Bank of America (NC) ecfidb@aldridgepite.com, JPB@ecf.courtdrive.com

Lesley Bohleber on behalf of Creditor Bank of America, N.A. ecfidb@aldridgepite.com, llueke@ecf.courtdrive.com

Trevor L Hart on behalf of Creditor Washington Trust Bank tlh@perrylawpc.com, jks@perrylawpc.com;mbp@perrylawpc.com;taw@perrylawpc.com

Scott B Muir on behalf of Interested Party CITY OF BOISE BoiseCityAttorney@cityofboise.org

Brett R Cahoon on behalf of U.S. Trustee US Trustee ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

/s/ *Holly Roark*

_____
Holly Roark