Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Counsel for Debtors-in-possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO – BOISE

| In Re: | Case No. 19-01069-JMM |
|---|---|
| WILLIAM E. DEMPSEY, II, and AMY D. DEMPSEY, | Chapter 11 |
| Debtors and Debtors in Possession. | |

# DEBTORS-IN-POSSESSION'S MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT HEARING OR TRIAL IN A BANKRUPTCY CASE SERVED ON APPRAISER JODY L. GRAHAM BY BRUNOBUILT, INC.

COME NOW William E. Dempsey, II and Amy D. Dempsey (Debtors and Debtors-in-Possession "DIP") and hereby file their Motion to Quash Subpoena to Appear and Testify at Hearing or Trial in a Bankruptcy Case Served on Appraiser Jody L. Graham by BrunoBuilt, Inc. ("BrunoBuilt") and represents as follows:

## I.

## FACTUAL BACKGROUND

1. On August 3, 2020, Debtors-in-Possession field their Disclosure Statement (Docket No. 232) and set it for hearing on September 3, 2020.

2. On August 22, 2020, the DIP filed its First Amended Disclosure Statement after discussions with the US Trustee's Office (Docket No. 246).

3. On August 27, 2020, BrunoBuilt filed its Opposition to the DIP's First Amended Disclosure Statement. (Docket No. 247).

4. In connection with that hearing BrunoBuilt filed its Notice of intent to present evidence, Witness List and Exhibit List on August 27, 2020. (Docket Nos. 248, 249, 250).

5. On September 2, 2020, the DIP filed its objections to BrunoBuilt's Notice of intent to present evidence, Witness List, and Exhibit List. (Docket Nos. 251, 252).

6. One day before the hearing on the Disclosure Statement, on September 2, 2020, BrunoBuilt filed its adversary case against Idaho Central Credit Union ("ICCU"), Case No. 19-01069-JMM. The central issue in the case is the value of ICCU's lien against the Debtors' Real Property. There are some unique issues with respect to the ICCU Original Deed of Trust because it does not encumber the entire Real Property owned by the Debtors located at 1720 E. Sendero Lane, Boise, ID 83712 (the "Real Property"). The DIP and BrunoBuilt disagree as to the value of ICCU's lien, and the Estate's appraiser Jody L. Graham appraised the entire property as well as the parcels securing the ICCU Original Deed of Trust.

7. On September 3, 2020, when counsel for the DIP and counsel for BrunoBuilt met at court for the hearing on the Disclosure Statement, before the Court was to take the bench, Counsel were informed that the Court would not be hearing evidence at the Disclosure Hearing.

8. Counsel discussed the newly filed adversary case and other matters related to this case, and ultimately voluntarily agreed to vacate the hearing.

9. Unfortunately, the disputes between the DIP and BrunoBuilt have not been resolved, and on October 2, 2020, the DIP filed its Second Amended Disclosure Statement (Docket No. 263), and its Second Amended Plan (Docket No. 262) setting the Disclosure Hearing for November 4, 2020, at 9:30.

10. In the Second Amended Disclosure Statement, the Adversary Case between ICCU and BrunoBuilt (as well as the DIP as intervenor) is adequately disclosed. It is clear from the Disclosure Statement that the DIP and BrunoBuilt disagree with respect to the merits of BrunoBuilt's Adversary Case. Creditors are on notice of the dispute. See Second Amended Disclosure Statement (Docket No. 263) pages 3, 8, and Supplement (Docket No. 275).

11. On October 12, 2020, the DIP filed its Supplement to the Second Amended Disclosure Statement. (Docket No. 275).

12. Subsequently several other motions were filed and have been set to be heard on November 4, 2020.

13. On October 28, 2020, BrunoBuilt filed its Objection to the DIP's Second Amended Disclosure Statement (Docket No. 288). This Objection spends the majority of its eleven pages discussing and arguing the merits of its Adversary Case against ICCU, and deriding the appraisal performed by the Estate's appraiser, Jody L. Graham.

14. Unbeknownst to the DIP or its counsel, on or about October 7, 2020, BrunoBuilt served a Subpoena to Appear and Testify at Hearing or Trial in a Bankruptcy Case on the Estate's Appraiser, Jody L. Graham in connection with the November 4, 2020, Disclosure Statement hearing (the "Subpoena").

15. Ms. Graham did not contact counsel for the Estate, Holly Roark, to inform her of the Subpoena because she erroneously assumed that the subpoena had come from Ms. Roark's office.

16. Ms. Roark only learned of the subpoena on Thursday, **October 29, 2020**, after contacting Ms. Graham. The reason Ms. Roark contacted Ms. Graham is because BrunoBuilt filed its Witness List on the evening of October 28, 2020, including Ms. Graham as a Witness. (Docket No. 289).

**DEBTORS-IN-POSSESSION'S MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT HEARING OR TRIAL IN A BANKRUPTCY CASE SERVED ON APPRAISER JODY L. GRAHAM BY BRUNOBUILT, INC.**
3

17.     Ms. Roark wondered how it was that Ms. Graham would be compelled to appear at the hearing without a subpoena. After speaking with Ms. Graham she learned that a subpoena had been served on Ms. Graham on or about October 7, 2020.

18.     The DIP hereby brings this Motion to Quash the Subpoena because it is improper, has been served in bad faith, is an abuse of the discovery process, is irrelevant to the Disclosure Hearing, is designed to harass the Estate's appraiser, and importantly, is an attempt by BrunoBuilt to use the Disclosure Hearing to have a trial on the merits of its Adversary Case against ICCU. ICCU only yesterday, October 29, 2020, filed its Answer to the BrunoBuilt First Amended Complaint in that case. The issues that BrunoBuilt seeks to try at the Disclosure Hearing, aside from not being relevant to the Disclosure Hearing, are not even ripe yet in the Adversary Case since discovery has not even commenced.

19.     This motion would have been brought sooner had Ms. Roark been informed of the Subpoena.

## CERTIFICATE OF COMPLIANCE RE MEET AND CONFER REQUIREMENT OF LOCAL RULE 7037.1

20.     On October 30, 30, 2020, Ms. Roark called Mr. Faucher at 8:30 a.m. to meet and confer in good faith with respect to the Subpoena. After about 15 minutes of discussions, Mr. Faucher did not agree with withdraw the subpoena. Ms. Roark asserts she has complied with the local rule.

## II.

## LEGAL ARGUMENT

A.  **The Court Should Quash BrunoBuilt's Subpoena Pursuant to Federal Rule of Civil Procedure Rule 45(d).**

21. Federal Rule of Civil Procedure 45(d)(3) made applicable through Federal Rule of Bankruptcy Procedure Rule 9016 governs when a court must quash or modify a subpoena:

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

Fed.R.Civ.P. 45(d)(3)(A)-(C).

22. These Rules give the Court broad discretion in determining whether to quash a subpoena. The Court must consider the specific facts and circumstances surrounding the issues in making a sound and just determination. *Nelson-Ricks Cheese Company, Inc., an Idaho corporation v. Lakeview Cheese Company, LLC*, Case No. 4:16-cv-00427-DCN (U.S. Dist Ct. Idaho 2017).

23. Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena. *See, e.g., Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter,* 211 F.R.D. 658, 662 (D.Kan.2003). Specifically, under Rule 45(c)(3)(A), "[a]an evaluation of undue burden request the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]" *Travelers Indem. Co. v. Metropolitan Live Insur. Co.*, 228 F.R.D. 111, 113 (D.Conn 2005) and, in particular, requires the court to consider: 'such factors as relevance….'" *Id.* (quoting *U.S. v. IBM,* 83 F.R.D. 97, 104 (S.D.N.Y.1979).

**B. The Only Relevant Issue for the Disclosure Hearing is Whether Creditors Have Adequate information to Vote on the Plan.**

24. "Adequate information" under section 1125 is "determined by the facts and circumstances of each case." *See In re Oneida Motor Freight, Inc.*, 848 F.2d 414, 417 (3d Cir. 1988) (citing H.R. Rep. No. 595, 97th Cong., 2d Sess. 266 (1977)).

25. The "adequate information" requirement is designed to help creditors in their negotiations with Debtors over the plan. *See Century Glove, Inc. v. First Am. Bank*, 860 F.2d 94 (3d Cir. 1988). Section 1129(a)(2) conditions confirmation upon compliance with applicable Code provisions. The disclosure requirement of section 1125 is one of those provisions. *See* 11 U.S.C. 1129(a)(2); *In re PWS Holding Corp.*, 228 F.3d 224, 248 (3d Cir. 2000).

26. Section 1125 of the Bankruptcy Code provides that a disclosure statement must contain "adequate information" describing a confirmable plan. 11 U.S.C. § 1125; see also, In re Quigley Co., 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007).

27. The Bankruptcy Code defines "adequate information" as: Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor,

and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan . . . . 11 U.S.C. § 1125(a)(1).

28. The Disclosure Statement adequately discloses the dispute with respect to the ICCU security interest, and the adverse positions of the DIP and BrunoBuilt with respect to that matter. Ms. Graham's testimony at the Disclosure Hearing will serve no other purpose but to harass the Estate's appraiser and allow BrunoBuilt to attempt to shortcut his litigation in the Adversary Case with ICCU.

29. BrunoBuilt insists that the Disclosure Statement adopt all of its legal and factual positions in its litigation with ICCU in order to provide adequate information to creditors and to not be "false" or "mischaracterizing the key issue in the case" as BrunoBuilt states in paragraphs 14 and 15 of its Objection to the Second Amended Disclosure Statement. The DIP is not required to adopt BrunoBuilt's positions with respect to this matter, and creditors are fully informed in the Disclosure Statement that there is a dispute. Creditors are further informed how it is they will be paid depending on the outcome of the litigation between ICCU and BrunoBuilt. Diving into the substance of BrunoBuilt's litigation with ICCU at the Disclosure Hearing when ICCU filed its Answer just yesterday is not appropriate.

30. If BrunoBuilt were acting in good faith, it could easily request that the Disclosure Statement be pared down to simply state there is a dispute with respect to the ICCU lien, the outcome of which will determine which plan treatment creditors get, and here are the various potential outcomes. Instead, BrunoBuilt wants to put on part of its case in chief during the Disclosure Hearing, and insists the Disclosure Statement adopt its positions. This is not only inappropriate but seeks to circumvent due process rights for both ICCU and the Debtors.

31. Moreover, even though the parties voluntarily vacated the initial disclosure hearing on September 3, 2020, the Court was not going to hear evidence at that hearing. Now, it

appears BrunoBuilt is attempting to take a second bite at the apple and put on evidence regarding the Estate's appraisal as it relates to the value and extent of the ICCU lien, which it was going to attempt to do at the initial hearing, albeit without Ms. Graham as witness. This matter should not be litigated at the Disclosure Hearing, but is only appropriate in the Adversary Case.

32. Ms. Graham's testimony is not required for any of the other matters on the calendar set for November 4, 2020, at 9:30 a.m. She is not needed to testify as to the value of the Debtors' real property as it may relate to the Washington Trust Bank lien, or the ICCU lien. The parties all agree that the value of the Debtors Real Property is over $800,000, with the Estate's appraisal coming in at $825,000 and the BrunoBuilt appraisal coming in at $885,000 as of the filing date. Accordingly, the only reason that BrunoBuilt would have for calling Ms. Graham to testify would be with respect to the Second Amended Disclosure Statement. Indeed he says so in his Objection at paragraph 15.

33. Subpoenaing Ms. Graham to the Disclosure Hearing is improper, is harassing, is an abuse of the discovery process, and will not serve the purpose of the Disclosure Hearing.

### III.

### CONCLUSION

For the foregoing reasons, the DIP requests that the Court quash BrunoBuilt's subpoena served upon the Estate's Appraiser, Jody L. Graham.

Dated this 30th day of October, 2020                    ROARK LAW OFFICES

_/s/ Holly Roark_____

Holly Roark, Counsel for
Debtors-in-Possession

---

**DEBTORS-IN-POSSESSION'S MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT HEARING OR TRIAL IN A BANKRUPTCY CASE SERVED ON APPRAISER JODY L. GRAHAM BY BRUNOBUILT, INC.**

## DECLARATION OF HOLLY ROARK

I, Holly Roark, declare as follows:

1.     I am the attorney for the Debtors in Possession. I have personal knowledge of the facts set forth herein and if called as a witness I could and would testify thereto truthfully.

2.     Attached hereto as Exhibit A is a true and correct copy of the Subpoena served on the Estate's real estate appraisal done by Jody L. Graham to testify at the Disclosure Hearing set for November 4, 2020, at 9:30 a.m.

3.     On August 3, 2020m Debtors-in-Possession field their Disclosure Statement (Docket No. 232) and set it for hearing on September 3, 2020.

4.     On August 22, 2020, the DIP filed its First Amended Disclosure Statement after discussions with the US Trustee's Office (Docket No. 246).

5.     On August 27, 2020, BrunoBuilt filed its Opposition to the DIP's First Amended Disclosure Statement. (Docket No. 247).

6.     In connection with that hearing BrunoBuilt filed its Notice of intent to present evidence, Witness List and Exhibit List on August 27, 2020. (Docket Nos. 248, 249, 250).

7.     On September 2, 2020, the DIP filed its objections to BrunoBuilt's Notice of intent to present evidence, Witness List, and Exhibit List. (Docket Nos. 251, 252).

8.     One day before the hearing on the Disclosure Statement, on September 2, 2020, BrunoBuilt filed its adversary case against Idaho Central Credit Union ("ICCU"), Case No. 19-01069-JMM. The central issue in the case is the value of ICCU's lien against the Debtors' Real Property. There are some unique issues with respect to the ICCU Original Deed of Trust because it does not encumber the entire Real Property owned by the Debtors located at 1720 E. Sendero Lane, Boise, ID 83712 (the "Real Property"). The DIP and BrunoBuilt disagree as to the value of ICCU's lien, and the Estate's appraiser Jody L. Graham appraised the entire property as well as the parcels securing the ICCU Original Deed of Trust.

**DEBTORS-IN-POSSESSION'S MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT HEARING OR TRIAL IN A BANKRUPTCY CASE SERVED ON APPRAISER JODY L. GRAHAM BY BRUNOBUILT, INC.**
9

9. On September 3, 2020, when counsel for the DIP and counsel for BrunoBuilt met at court for the hearing on the Disclosure Statement, before the Court was to take the bench, Counsel were informed that the Court would not be hearing evidence at the Disclosure Hearing.

10. Counsel discussed the newly filed adversary case and other matters related to this case, and ultimately voluntarily agreed to vacate the hearing.

11. Unfortunately, the disputes between the DIP and BrunoBuilt have not been resolved, and on October 2, 2020, the DIP filed its Second Amended Disclosure Statement (Docket No. 263), and its Second Amended Plan (Docket No. 262) setting the Disclosure Hearing for November 4, 2020, at 9:30.

12. In the Second Amended Disclosure Statement, the Adversary Case between ICCU and BrunoBuilt (as well as the DIP as intervenor) is adequately disclosed. It is clear from the Disclosure Statement that the DIP and BrunoBuilt disagree with respect to the merits of BrunoBuilt's Adversary Case. Creditors are on notice of the dispute. See Second Amended Disclosure Statement (Docket No. 263) pages 3, 8, and Supplement (Docket No. 275).

13. On October 12, 2020, the DIP filed its Supplement to the Second Amended Disclosure Statement. (Docket No. 275).

14. Subsequently several other motions were filed and have been set to be heard on November 4, 2020.

15. On October 28, 2020, BrunoBuilt filed its Objection to the DIP's Second Amended Disclosure Statement (Docket No. 288). This Objection spends the majority of its eleven pages discussing and arguing the merits of its Adversary Case against ICCU, and deriding the appraisal performed by the Estate's appraiser, Jody L. Graham.

16. Unbeknownst to the DIP or me, on or about October 7, 2020, BrunoBuilt served a Subpoena to Appear and Testify at Hearing or Trial in a Bankruptcy Case on the Estate's

---

**DEBTORS-IN-POSSESSION'S MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT HEARING OR TRIAL IN A BANKRUPTCY CASE SERVED ON APPRAISER JODY L. GRAHAM BY BRUNOBUILT, INC.**

10

Appraiser, Jody L. Graham in connection with the November 4, 2020, Disclosure Statement hearing (the "Subpoena").

17. Ms. Graham did not contact me to inform me of the Subpoena because she erroneously assumed that the subpoena had come from my office.

18. I only learned of the subpoena on Thursday, **October 29, 2020**, after contacting Ms. Graham. The reason I contacted Ms. Graham is because BrunoBuilt filed its Witness List on the evening of October 28, 2020, including Ms. Graham as a Witness. (Docket No. 289).

19. I wondered how it was that Ms. Graham would be compelled to appear at the hearing without a subpoena. After speaking with Ms. Graham, I learned that a subpoena had been served on Ms. Graham on or about October 7, 2020.

20. This motion would have been brought sooner had Ms. Roark been informed of the Subpoena.

## CERTIFICATE OF COMPLIANCE RE MEET AND CONFER REQUIREMENT OF LOCAL RULE 7037.1

21. On October 30, 30, 2020, I called Mr. Faucher at 8:30 a.m. to meet and confer in good faith with respect to the Subpoena. After about 15 minutes of discussions, Mr. Faucher did not agree with withdraw the subpoena. I believe I have complied with the local rule.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 30, 2020, at Boise, Idaho.

_/s/ Holly Roark_
Holly Roark

**DEBTORS-IN-POSSESSION'S MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT HEARING OR TRIAL IN A BANKRUPTCY CASE SERVED ON APPRAISER JODY L. GRAHAM BY BRUNOBUILT, INC.**
11

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that om October 30, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Debtors-in-Possession <u>holly@roarklawboise.com</u>, <u>courtnotices@roarklawoffices.com</u>

Robert A Faucher on behalf of Creditor BrunoBuilt, Inc. rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Philip John Griffin on behalf of Creditor BrunoBuilt, Inc. PJGriffin@hollandhart.com, boiseintaketeam@hollandhart.com;njhammond@hollandhart.com

Jesse A.P. Baker on behalf of Creditor Bank of America (NC) ecfidb@aldridgepite.com, JPB@ecf.courtdrive.com

Lesley Bohleber on behalf of Creditor Bank of America, N.A. ecfidb@aldridgepite.com, llueke@ecf.courtdrive.com

Trevor L Hart on behalf of Creditor Washington Trust Bank tlh@perrylawpc.com, jks@perrylawpc.com;mbp@perrylawpc.com;taw@perrylawpc.com

Scott B Muir on behalf of Interested Party CITY OF BOISE BoiseCityAttorney@cityofboise.org

Brett R Cahoon on behalf of U.S. Trustee US Trustee ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on the same date, I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

/s/<u>Holly Roark</u>

Holly Roark

---

**DEBTORS-IN-POSSESSION'S MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT HEARING OR TRIAL IN A BANKRUPTCY CASE SERVED ON APPRAISER JODY L. GRAHAM BY BRUNOBUILT, INC.**

# EXHIBIT A

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____Idaho_____

In re __William E. Dempsey, II, and Amy D. Dempsey__
                        Debtor

(Complete if issued in an adversary proceeding)

Case No. __19-01069-JMM__

Chapter __11__

_____
                    Plaintiff
                        v.

Adv. Proc. No. _____

_____
                    Defendant

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Jody L. Graham, Integrity Appraisal & Consulting, Inc., 1716 W. Sunrise Rim Rd, Boise, ID 83705__
        (Name of person to whom the subpoena is directed)

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE United States Courthouse<br>550 W Fort St<br>Boise, ID 83724 | COURTROOM |
| --- | --- |
| | DATE AND TIME<br>11/04/20                9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

---

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __10/07/20__

                        CLERK OF COURT

                                        OR

_____         __/s/ Philip J. Griffin__
Signature of Clerk or Deputy Clerk              Attorney's signature

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* __BrunoBuilt, Inc.__ , who issues or requests this subpoena, are:
Philip J. Griffin, Holland & Hart LLP, 800 W. Main Street, Suite 1750, Boise, ID 83702; PJGriffin@hollandhart.com; 208-383-3902

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

EXHIBIT A

Case 19-01069-JMM    Doc 305    Filed 10/30/20    Entered 10/30/20 16:35:47    Desc Main
Document    Page 16 of 16

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
  ...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A